UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**MARY SEGUIN,**

*Plaintiff,*

VS.                                                                                              Civil Action No. 1:23-cv-00126

**RHODE ISLAND DEPARTMENT OF HUMAN SERVICES** in its official capacity; **MICHAEL D. COLEMAN, DEBORAH A. BARCLAY** in their individual and official capacities;
**RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES** in its official capacity; **LISA PINSONNEAULT, CARL BEAUREGARD**, in their individual and official capacities; **GERO MEYERSIEK**

*Defendants*

## MARY SEGUIN'S Fed. R. Civ. P. RULE 4(m) SHOW CAUSE DECLARATION

I, MARY SEGUIN, hereby declare under penalty of perjury, pursuant to 28 U.S.C. sec. 1746(2) that the following statements are true and correct:

1. That I, a citizen of Texas, am the Plaintiff, Pro Se, in the above captioned matter.
2. That I exercised, am exercising and continue to exercise my statutory right to appear pro se party in the above captioned civil matter in federal court under statute 28 U.S.C. sec. 1654.
3. That on March 30, 2023, I electronically filed the Complaint and Jury Demand in the above captioned matter using the Federal Court's Electronic Filing System, PACER, and paid in the full by credit card through the electronic filing system the filing fee of $402.00.
4. That the Clerks of the Court in the above captioned matter informed me on March 30, 2023 via email and telephonically that due to complex technical reasons built-into the electronic filing system, although the PACER electronic system received, accepted, and processed my electronic filing of the Complaint in the above

captioned matter, the Complaint was filed in error by PACER/ECF into another case in which I am also the Plaintiff, *Mary Seguin v. Rhode Island Office of Child Support Services et al*, **civil action No. 1:23-cv-00034-WES-PAS**.

5. That due to the aforesaid complex electronic filing system technical error, all parties, namely all Defendants and the Plaintiff/I in the aforesaid action *Mary Seguin v. Rhode Island Office of Child Support Services et al*, **civil action No. 1:23-cv-00034-WES-PAS** received electronic notices of the filing of the Complaint in this matter that was filed in error by the e-system into *Mary Seguin v. Rhode Island Office of Child Support Services et al*, **civil action No. 1:23-cv-00034-WES-PAS**, as well as a copy of the complaint that was automatically generated by ECF/PACER.  Two of the defendants in that matter, *Mary Seguin v. Rhode Island Office of Child Support Services et al*, **civil action No. 1:23-cv-00034-WES-PAS,** are Defendants in the above captioned matter/this matter, namely, Defendant Rhode Island Office of Child Support Services and Defendant Gero Meyersiek.  Defendant Rhode Island Office of Child Support Services is an agency that reports to and is under the Defendant Rhode Island Department of Human Services, who is a named defendant in the above captioned matter/this matter.

6. That Counsel for Rhode Island Office of Child Support Services in *Mary Seguin v. Rhode Island Office of Child Support Services et al*, **civil action No. 1:23-cv-00034-WES-PAS** specifically referred to the erroneously electronically filed Complaint of this action in its pleadings in opposition to Plaintiff's motion to disqualify counsel filed in that matter (*Mary Seguin v. Rhode Island Office of Child Support Services et al*, **civil action No. 1:23-cv-00034-WES-PAS**) in April 2023, affirming all defendants in that matter received electronic notice of, and a copy of the Complaint in this matter that was erroneously filed electronically by the ECF/PACER system by mistake into *Mary Seguin v. Rhode Island Office of Child Support Services et al*, **civil action No. 1:23-cv-00034-WES-PAS.**

7.  That by inadvertent electronic filing mistake, all defendants in this above-captioned action received electronic notice of and a copy of the Complaint of this action at the

time of filing, on or about March 30, 2023, the date of filing of the complaint in this action, and that Defendant Rhode Island Department of Human Services has notice through Defendant Rhode Island Office of Child Support Services, the agency that reports to/is under it.

8. That the Clerks of the Court promptly corrected the error and noted the mistake in detail electronically on the Court Docket of ***Mary Seguin v. Rhode Island Office of Child Support Services et al***, **civil action No. 1:23-cv-00034-WES-PAS,** of which docket correction the defendants in this action also received notice through ECF/PACER.

9. That the Defendants have actual notice of the lawsuit.

10. That on March 30, 2023, the Clerks of the Court emailed me, the Plaintiff in this above captioned matter, the court summons. See **Exhibit A**.

11. That, three days later, I promptly, in good faith, and diligently, on **April 3, 2023**, attempted to effectuate service by hiring the Rhode Island Sheriff to serve the summons and complaint.

12. That, I diligently hired the Rhode Island Sheriff to effect service in good faith, since this was the **third time** I hired the Rhode Island Sheriff to serve court papers in 2023. The first time in 2023 was to serve the summons and complaint in January 2023 in the Plaintiff-initiated APRA-related state proceeding in Rhode Island Superior Court ***Seguin v. RI Office of Child Support Services***, **PC-22-07215**. The second time in 2023 was to serve the summons and complaint in January 2023 in the federal court action ***Mary Seguin v. Rhode Island Office of Child Support Services et al***, **civil action No. 1:23-cv-00034-WES-PAS**.

13. That both aforesaid prior two summons services by the Rhode Island Sheriff were timely, promptly and successfully completed within approximately three weeks of my sending the Sheriff-requested payment of fees, the summons and complaints to the Rhode Island Sheriff's Office.

14. That in good faith and with diligence, I again repeated the same procedure to attempt effectuating service of the above captioned matter on **April 3, 2023**, in

accordance with the instructions provided on the website of the Rhode Island Sheriff: send to the Office of the Rhode Island Sheriff in Rhode Island the payment of fees, the summons and the complaints.

15. That I did not hear back from the Rhode Island Sheriff's Office, nor did I receive a copy of the return summons, as I did in the aforesaid prior two summons service in ***Mary Seguin v. Rhode Island Office of Child Support Services et al***, **civil action No. 1:23-cv-00034-WES-PAS** and ***Seguin v. RI Office of Child Support Services***, **PC-22-07215.**

16. That the only contact information provided by the Rhode Island Sheriff's Office is a phone number, (401) 275-2900.

17. That I called the phone number more than/approximately ten times, but no person ever answered the phone, and a phone recording instructs all callers to leave a message.

18. That I left several messages to return my call urgently but nobody returned my phone calls.

19. That at the same time I attempted to effectuate service of the summons and complaint in this matter on all defendants on April 3, 2023, I also filed a notice of appeal in the APRA-related action in Rhode Island Superior Court ***Seguin v. RI Office of Child Support Services***, **PC-22-07215.**

20. That I ordered and paid for the requisite transcripts for appeal in the Rhode Island Superior Court action ***Seguin v. RI Office of Child Support Services***, **PC-22-07215.**

21. That I discovered and verified the fact from several clerks at the Rhode Island Superior Court that despite my proper filing of the notice of appeal on April 3, 2023 and ordering and paying for the required transcripts, the Rhode Island Superior Court failed to transfer my court case file to the Rhode Island Supreme Court for appeal with the requisite 60 day period, by June 3, 2023, as per the RI Supreme Court Rules. When I inquired several times as to why, the Rhode Island Superior Court Clerks failed to reply, or failed to give a reason, or stated they did not know why.

22. That to date, July 20, 2023, after my many inquiries, the Rhode Island Superior Court still has not transferred the court files of **_Seguin v. RI Office of Child Support Services_**, **PC-22-07215** to the RI Supreme Court for appeal, as required by the RI Supreme Court Rules.

23. That at the same time, by June 3, 2023, Rhode Island Sheriff's Office has not returned my phone calls.

24. That the Complaint in this case/the above captioned matter alleges facts and claims directly related to the Defendants' conducts, actions, and inactions in and related to the matter and court proceedings in **_Seguin v. RI Office of Child Support Services_**, **PC-22-07215.**

25. That I once again diligently re-attempted to effectuate service on June 12, 2023. This time I sent a cover letter specifically requesting the Rhode Island Sheriff to **EMAIL** me the return summons, citing problems with U.S. Mail delivery. This time I sent the fee payment, summons and complaints by trackable service using United Parcel Service ("UPS"), a courier company rather than U.S. mail. UPS Tracking Proof of Delivery shows delivery to the Rhode Island Sheriff on Monday, June 19, 2023, signed by "AL" of the Office of Rhode Island Sheriff. I am attaching in **Exhibit B**, the letter of hire dated June 12, 2023 to effectuate service of summons and complaint in this matter that I sent to the Rhode Island Sheriff, and the Proof of Delivery provided by UPS of delivery to Rhode Island Sheriff on Monday, June 19, 2023. *See* **Exhibit B**.

26. That I diligently tried to follow up but again could not contact anyone at the Rhode Island Sheriff's Office, only got mechanical prompts to leave messages that were not returned.

27. That on July 7, 2023, the day of the Court's issuance of Show Cause Order, I still have not heard from the Rhode Island Sheriff. On the same day, July 7, 2023, I again called the Rhode Island Sheriff's Office (401) 275-2900. Again, nobody answered the call and I was prompted to leave a message, whereupon I again left a message to return my call urgently. My phone call was not returned.

28. That on July 10, 2023, I still have not heard from the Rhode Island Sheriff's Office. Again, I called and nobody answered the call and I was prompted to leave a message, whereupon I again left a message to return my call urgently.

29. That on or about July 11, 2023, I received a call from Rhode Island Sheriff, the person identified herself as "Ann from Rhode Island Sheriff Headquarters," and told me that she looked up my name in their in-take and court summons service tracking electronic system but only record entries came up for completing service for ***Seguin v. RI Office of Child Support Services***, **PC-22-07215**. I told her that the courier UPS provided me proof of delivery of my summons and complaint for effectuating service, showing delivery on Monday, June 19, 2023. I spent about ten minutes on the phone with the Rhode Island Sheriff's Office not just trying to find out what happened to the June 19, 2023 delivery of the summons of complaint in the above captioned matter, but also searching for records in their electronic record tracking system of their completion of service of summons for ***Mary Seguin v. Rhode Island Office of Child Support Services et al***, **civil action No. 1:23-cv-00034-WES-PAS**. Obviously, those effectuations of service of summons on those defendants were successfully completed as I had electronically filed the return summons served/effectuated by the Rhode Island Sheriff on all defendants in ***Mary Seguin v. Rhode Island Office of Child Support Services et al***, **civil action No. 1:23-cv-00034-WES-PAS**.

30. That "Ann" of Rhode Island Sheriff's Headquarters told me the deputy sheriffs will return back to the office later and she will ask them about the summons and complaints that were delivered to the Rhode Island Sheriff's Office on June 19, 2023 by UPS.

31. That "Ann" of Rhode Island Sheriff's Headquarters called me on or about July 11, 2023 and told me that the Deputy Sheriffs confirmed they have the summons and complaints, and "are working on it." When I asked how long it would take to complete service, I was told that they were unsure, and to give the deputy sheriffs some time, that they were/are "working on serving the defendants."

32. That a week later, on July 19, 2023, I again diligently tried to inquire the Rhode Island Sheriff as to the status of summons services, but could not reach a person. Nor have I received any return summons, emails or phone calls from the Rhode Island Sheriff's Office.

33. That moreover, service of summons by the Rhode Island Sheriff is an integral part and function of the Rhode Island state court and judiciary.  Therefore, at the time I hired the Rhode Island Sheriff to effect service, I reasonably took the aforesaid into consideration in hiring the Rhode Island Sheriff that by state legislative power is conferred the authority to serve process as an integral part and function of the Rhode Island state court and judiciary. They are the gold standard of professional servers in Rhode Island.

34. That I, in good faith, justifiably and with due diligence, relied on the Rhode Island Sheriff to effect service of summons and complaint in the above captioned matter.

35. That in the aforesaid prior two court actions in 2023, the federal action **Mary Seguin v. Rhode Island Office of Child Support Services et al**, **civil action No. 1:23-cv-00034-WES-PAS** and the state superior court action **Seguin v. RI Office of Child Support Services**, **PC-22-07215**, the Rhode Island Sheriff was hired by me to effectuate timely/prompt service, and indeed completed service of the summons and complaints, therefore, due to their prior track record of successful service of summons, I again diligently and justifiably, relied on and hired the Rhode Island Sheriff to effectuate service in this action.

36. That the Rhode Island Sheriff's failure to promptly effect service in the above captioned matter, twice, is beyond my control.  That the Rhode Island Sheriff Office's statements describing and revealing its failure to keep all/timely/accurate records of service of summons in their electronic record management system is beyond my control.

37. That I consulted Fed. R. Civ. P. 4(m) that provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that

defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

38. That the Court must extend the time for service beyond 90 days if Plaintiff shows good cause. *Id.* In the Ninth Circuit, "[a]t a minimum, 'good cause' means excusable neglect." **In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001)**. "[G]ood cause generally means that *service has been attempted but not completed*, that plaintiff was confused about the requirements of service, or that *plaintiff was prevented from serving defendants by factors beyond his control*." **Chemehuevi Indian Tribe v. Wilson, 181 F.R.D. 438, 440 (N.D. Cal. 1998)** (internal quotation marks omitted).

39. That "Good cause exists where the *insufficiency of service results from circumstances beyond the plaintiff's control*." **Sikhs forJustice v. Nath, 893 F. Supp. 2d 598, 608 (S.D.N.Y. 2012)** (quoting **Khanukayev v. City of NewYork,** 2011 WL 5531496, at *3 **(S.D.N.Y. Nov. 15, 2011))**.

40. That I consulted **4A Fed. Prac. & Proc. Civ. Sections 1083 (4th ed.)** that states, "The general attitude of the federal courts is that the provisions of Federal Rule 4 should be liberally construed in the interest of doing substantial justice.. [which] is consistent with modern conception of service of process as primarily a notice-giving device." "In addition, the avoidance of dismissals for improper service, especially when the defect is technical in nature, has the desirable objective of promoting the forward movement of the litigation and the disposition of cases on their merits, which are goals prescribed in Rule 1." *Ibid*.

41. That the 90-day period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." **Henderson v. United States, 517 U.S. 654, 661 (1996)**, and that district courts also have "discretion to enlarge the [serve] period even if there is no good cause shown." *Ibid.*, **at 662.**

42. That "On its face, Rule 4(m) does not tie the hands of the district court after the [90]-day period has expired. Rather, Rule 4(m) explicitly permits a district court to

grant an extension of time to serve the complaint after that [90]-day period." **Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003)**.

43. That the **Advisory Committee Notes state that Rule 4(m)** "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed..[90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of Rule 4(m) even if there is no good cause shown." See **FRCP 4(m), Advisory Committee Notes, 1993 Amendments**.

44. That generally, "good cause" is equated with diligence.  See **Wright & Miller, Federal Practice and Procedure: Civil 3d section 1337**.

45. In the absence of good cause, a court still has discretion to allow an extension of time to serve.  *See, e.g.*, **Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007).**

46. Here, I, the Texas Plaintiff, took diligent, good faith and timely steps to attempt to effectuate service within the 90 days proscribed by Rule 4(m), twice: on April 3, 2023 and June 12, 2023, I engaged the Rhode Island Sheriff's Office to serve the defendants with the Summons and Complaint in Rhode Island.  Despite my efforts, at this time Rhode Island Sheriff has not returned my calls requesting confirmation of service, has not responded to my June 12, 2023 letter, nor sent me via email the return summons per my written request dated June 12, 2023, which letter they confirm receipt.

47. Here, the Defendants have notice of the lawsuit, since by inadvertent electronic filing mistake, all defendants in this above-captioned action received electronic notice of and a copy of the Complaint of this action at the time of filing, on or about March 30, 2023, the date of filing of the complaint in this action.

48. That nearly every circuit agrees with the basic principle that "the purpose of Rule 4(m) is to prod the slow-footed plaintiff, not to reward the crafty or evasive defendant." **4B WRIGHT & MILLER, supra note 8, section 1137, at 394**.  Here, I, the Texas Plaintiff, diligently, in good faith, promptly and timely attempted to effectuate

service not once, but twice (on April 3, 2023 and on June 12, 2023) within the 90-day period.

Respectfully submitted,
Date: July 20, 2023

                                        MARY SEGUIN

                                        *Mary Seguin*
                                        _____
                                        Mary Seguin

                                        P.O. Box 22022
                                        Houston, TX 77019
                                        maryseguin22022@gmail.com