# EXHIBIT A

## Rhode Island Family Court
## Administrative Order No. 2021-01

## CONTINUITY OF OPERATIONS IN RESPONSE TO COVID-19 PANDEMIC

In accordance with the administrative and supervisory responsibilities conferred on the Chief Judge of the Family Court under R.I. Gen Laws § 8-10-14 and pursuant to Executive Order No. 2021-04 of the Supreme Court regarding the gradual resumption of pre-pandemic business operations of the courts given the pandemic's diminishing threat to the health, safety, and welfare of the public, it is hereby ordered as follows.

A. **Hearings, Trials, and Appearances**

   **1.**   **In-person Hearings, Trials, and Appearances.**

The following matters shall be conducted in person unless the presiding judicial officer or the administration directs either *sua sponte* or upon motion that the matter or portions of the matter be conducted remotely in accordance with the directives for remote hearings set forth in Paragraph 3(a) below:

- emergency motions;
- hearings for restraining orders;
- *ex parte* motions;
- probable cause hearings;
- trials, except for uncontested nominal divorce trials;
- adoption hearings;
- arraignments;
- contempt motions;
- affirmations;
- hearings for miscellaneous matters under R.Juv.P. 53;
- supervised visitations;
- clinical intake assessments by the Women's Services Department;

- drug screen appointments; and,
- mental health evaluations.

**2.    Remote Hearings, Trials, and Appearances.**

The following matters shall be conducted remotely unless the presiding judicial officer or the administration either *sua sponte* or upon motion or request directs that the matter or portions of the matter be conducted in person:

- uncontested nominal divorce trials;
- motions, except for emergency motions and *ex parte* motions;
- pre-trial conferences;
- appeals from a decision of a magistrate;
- permanency hearings;
- bench conferences and chamber conferences;
- reviews;
- child support matters, except for contempt motions;
- intake interviews by the Juvenile Justice Department;
- mediation appointments;
- truancy diversion hearings;
- hearings on the Immigration Calendar, the Voluntary Extension of Care Calendar, the Safe & Secure Baby Court, and the Drug Court—Diversion/Post Adjudication Calendar.

**3. Method of, Recording of, Public Access to, and Self-represented Litigants' Access to Remote Hearings, Trials, and Appearances.**

**a)**    All remote hearings, trials, and appearances shall be conducted by telephone or by videoconference using the WebEx platform.

**b)**    All remote trials and hearings will be recorded by stenographic means or by a court recorder.

**c)**    All civil matters and adult criminal matters conducted remotely shall be made accessible to the public through the Judicial Live Stream

which can be found at the judiciary's website, www.courts.ri.gov under "Public Access to Court Hearings".

**d)** The web address and or telephone number and access code, as appropriate, required to participate in a remote trial, hearing, or other matter can be found on the summons or notice, as appropriate. Upon notice of at least three (3) business days to the appropriate clerk's office as listed on the summons, accommodations at the courthouses will be made for self-represented litigants who do not have access to a suitable electronic device.

**4. Exhibits.**

Any exhibit to be introduced into evidence at a remote hearing or trial must be forwarded by e-mail to either JuvenileExhibits@courts.ri.gov or DomesticExhibits@courts.ri.gov, as appropriate, and to all other parties no more than seven (7) and at least two (2) business days before the date of the scheduled hearing or trial. If a party does not have the ability to receive e-mail, the exhibit must be provided to that party by mail or facsimile transmission at least two (2) days before the hearing. If a party does not have the ability to send e-mail, the exhibit must be provided to the court and all other parties by mail no more than seven (7) and at least two (2) business days before the scheduled hearing or trial.

The clerks' office will attach the exhibit to the appropriate exhibit tab or enter the document into the case management system as appropriate.

No document other than proposed exhibits are to be e-mailed to the appropriate exhibits e-mail address. Exhibits should not be filed at the clerk's office.

**5. Scheduling of Hearing, Trials, and Appearances.**

All hearings, trials, and appearances shall be scheduled for a time certain with the exception of emergency matters and *ex parte* motions.

**6. Masks.**

The presiding judicial officer or the administration may require jurors, staff, attorneys, witnesses, spectators, litigants, social workers, and all others in attendance to wear masks during the hearing, trial, or appearance regardless of vaccination status.

**B. Filings.**

**1) Non-Emergency Filings.**

    a)  Registered-users shall file non-emergency matters by using the electronic filing system in accordance with the Family Court Rules of Domestic Relations Procedure, the Rules for Juvenile Proceedings, and the Family Court Rules of Criminal Procedure, as appropriate, unless as provided for elsewhere in this administrative order.

    b) Non-registered users may file non-emergency matters by mail or e-mail to virtualfamilyclerk@court.ri.gov.

**2) Emergency Filings.**

    a) Registered-users should file emergency motions through the electronic filing system. After filing an emergency motion through the electronic filing system, the registered-user should contact the appropriate clerks' office. The supervisor will further process the papers.

    b) Non-registered users may file emergency motions, by e-mail to virtualfamilyclerk@courts.ri.gov or in person at the appropriate clerk's office.

**3) Non-emergency In-person Filings.**

Non-emergency filings that are not capable of being filed through the electronic filing system, may be filed in person at the appropriate clerk's office. Appointments are recommended. To obtain an appointment, contact the appropriate clerks' office.

**4) Telephone Number and E-mail Address Required.**

No filing shall be processed from a non-registered user unless the filing contains a current telephone number and current e-mail address for the filer, if any. When filing initiating documents, all filers will provide a telephone number and e-mail address for the opposing party, if known.

**C. Summonses.**

Summonses and notices may command that a litigant appear remotely or in person at a date, time, and in the manner described in the summons or notice.

This Order supersedes Administrative Order 2020-05 and will remain in effect until further notice or unless superseded by a subsequent Administrative Order.

Date: 8-6-2021                                    /s/
                                        _____
                                            Michael B. Forte
                                            Chief Judge

# EXHIBIT B

**Rhode Island Judiciary**
**Rules of Practice Governing Public Access to Electronic Case Information**

1.  *Purpose*.  These Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules) are intended to address access to electronic case information that is filed in the Rhode Island Judiciary's (Judiciary) Electronic Filing System.  The Public Access Rules seek to harmonize the Judiciary's obligation to make case information available and accessible while also protecting the privacy of personal and/or otherwise confidential information filed with the courts throughout the Judiciary.

2.  *Application*.  These Public Access Rules shall apply to all electronic documents filed in the Judiciary's Electronic Filing System.  Access to electronic documents shall be in accordance with Section 5 herein.

3.  *Definitions*.

    a.  Case Management System (CMS).  An electronic document repository database maintained and managed by the Judiciary and administered by the respective courts to track information used to manage the courts' caseload, such as case numbers, party names and identifiers, attorneys for parties, titles of all documents filed in a case, and all scheduled events in a case.

    b.  Database.  The Database is an electronic collection of court records which is accessible through the Public Access Portal and is displayed as a register of actions or Docket.

    c.  Docket.  Listing of parties, case events, document filings, or other activities in a case set forth in chronological order.

    d.  Electronic Access.  Access to electronic case information through a computer and the Internet, either from terminals located within a courthouse or a computer at a remote location.

    e.  Electronic Case Information.  Any document, information, data, or other item created, collected, received, or maintained by a court in connection with a particular case that is readable through the use of an electronic device.  This definition does not encompass data maintained by or for a judge or court pertaining to a particular case or party, such as personal notes and communications, memoranda, drafts, or other working papers; or information gathered, maintained, or stored by a government agency or other entity to which the court has access but which is not entered into the docket of the case.

    f.  Electronic Document.  The electronic form of pleadings, notices, motions, orders, exhibits, briefs, judgments, writs of execution, and other papers filed with a court.

1

g. <u>Electronic Filing System (EFS)</u>. An approved Judiciary-wide system for the filing and service of pleadings, motions, and other documents or information via electronic means such as the Internet, a court-authorized remote service provider, or through other remote means to and from the Judiciary's CMS.

h. <u>Public</u>. An individual, group, agency, business, or non-profit entity, organization, or association. The term also incorporates print or electronic media organizations. A government agency for which there is no existing policy defining the agency's access to court records is also included in this definition.

i. <u>Public Document</u>. An electronic document filed in the EFS that does not contain any confidential information.

j. <u>Public Access</u>. The process whereby a member of the public may inspect and/or copy electronic case information maintained by a court.

k. <u>Public Access Portal</u>. Point of entry for public users, made available on the Judiciary's website, to remotely access electronic case information from the Judiciary's Database.

l. <u>Registered User</u>. An individual or entity with an assigned username and password authorized by the Judiciary to access and utilize the EFS.

m. <u>Remote Access</u>. Process by which the inspection of case information maintained by a court is accomplished by electronic means from a physical location other than a courthouse.

4.  *Confidentiality*.

a. <u>Case Types</u>. Certain case types that are required by federal or state law, court rule, court order, or case law to be kept confidential shall not be publicly accessible. These case types include, but are not limited to, the following:

1. Juvenile case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, G.L. 1956 § 14-5-7(c), G.L. 1956 § 23-4.7-6, and G.L. 1956 § 38-2-2(4)(C);

2. Child custody case files per G.L. 1956 § 15-14.1-21 and G.L. 1956 § 38-2-2(4)(C);

3. Adoption case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, and G.L. 1956 § 38-2-2(4)(C);

4. Termination of parental rights case files per G.L. 1956 § 15-7-7(f);

5. Mental health certification cases per G.L. 1956 § 40.1-5-26;

6. Paternity case files per G.L. 1956 § 15-8-17;

7. Sealed cases of acquitted or otherwise exonerated individuals per G.L. 1956 §§ 12-1-12(a) and 12-1-12.1(c);

8. Expunged or otherwise sealed case information per G.L. 1956 § 3-8-12; G.L. 1956 § 12-1.3-4 (c); G.L. 1956 § 12-10-12;

9. Cases initiated under the Insurance Rehabilitation and Liquidation Act per G.L. 1956 § 27-14.3-15;

10. Civil violations for possession of one (1) ounce or less or marijuana per G.L. 1956 § 21-28-4.01(c)(ix);

11. Any other case or portions thereof which have been sealed through an order of the court.

b. <u>Documents</u>. Certain documents that are designated as confidential by federal or state law, court rule, court order, or case law shall not be submitted to any court through the EFS as public documents. **These documents shall be submitted as "confidential" in their entirety and need not be submitted in a public form in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing.**

Confidential documents include, but are not limited to, the following:

1. All medical records, including, but not limited to, mental health records per G.L. 1956 §§ 5-37.3-4(c) and 5-37.3- 6.1(f),  G.L. 1956 § 9-19-39(d), G.L. 1956 § 11-37-17(b),G.L. 1956 § 40.1-5-26, and  G.L. 1956 § 40.1-5.3-15;

   a. <u>Access to medical records.</u>  A person or entity not a party to the case who can demonstrate a sufficient need for access to confidential medical records contained in a court file may request such access by submitting a motion to the court before which the matter is pending.  <u>See</u> G.L. 1956 § 5-37.3-4(c)(1).  The motion shall be heard in the usual manner and the reasons for granting or denying the request for access shall be set forth in an order.  A court which allows access to a confidential medical record contained in a case file shall ensure that only information germane to the subject action is released and shall further ensure that all otherwise confidential information is sufficiently redacted in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing and these Public Access Rules.  Redacted medical records released by the court in accordance with this section shall be Public Documents in the court file.

2. Records of the Department of Children, Youth, and Families per G.L. 1956 §§ 42-72-8(b)(13) and 42-72-8(f);

3. Statement of Assets, Liabilities, Income and Expenses submitted in Family Court and Workers' Compensation Court - G.L. 1956 § 38-2-2(4)(A)(I)(b);

4. Tax returns - G.L. 1956 § 38-2-2(4)(O);

5. Pay stubs, except for wage and salary information about public employee - G.L. 1956 §§ 38-2-2(4)(A)(I)(b);

6. Pretrial services records per G.L. 1956 § 12-13-24.

c. <u>Information</u>.  Certain categories of information that are designated as confidential by federal or state law, court rule, court order, or case law shall not be submitted to any court through the EFS as part of a public document.  **It is the filing party's responsibility to ensure that personal or otherwise confidential information is redacted and/or submitted confidentially to the court in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing**.

Categories of confidential information include, but are not limited to, the following:

1. Name and address of juvenile in criminal and civil cases per G.L. 1956 § 38-2-2(4)(C);

2. Identifying information pertaining to crime victims and/or confidential informants per G.L. 1956  § 38-2-2(4)(C);

3. Victim of child molestation sexual assault per G.L. 1956  § 11-37-8.5 and  Rule 3.3 of the Superior Court Rules of Practice;

4. Personal identifying information, see generally, G.L. 1956  §§ 8-15-9 and 8-15-9.1 and G.L. 1956 §§ 38-2-2(4)(A)(I)(b) and 38-2-2(4)(X), including:

   a. Dates of birth;

   b. Home addresses and telephone numbers;

   c. Social security and employer identification numbers;

   d. Financial account numbers.  Numbers that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

4

 e. Financial account statements.  Statements that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

 f. Driver's license numbers;

 g. Other personal identification numbers, such as passport numbers, state identification  numbers, etc.;

 5. Juror names and other identifying information relating to jurors.

d. <u>Protection of Confidential Information in Cases Filed Prior to Electronic Filing.</u> Cases filed with any court before the implementation of electronic filing may contain confidential documents or information in the public file.  Any party or attorney may submit a motion to the hearing court seeking to designate portions of the public file as confidential in accordance with these Rules of Practice.  Such motion shall be freely granted.  An order denying any motion to designate portions of a file as confidential shall include the reasons serving as the basis for the denial.

5. *Access to Case Information*

a. <u>Courthouse Access.</u>

 1. *Policy*.  Each court shall make computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone who wishes to review electronic documents filed in the Judiciary's EFS during regular business hours.

 2. *Content*.

  a. *Public Access.*  Members of the Public shall have access to all public electronic case information.  This access does not include access to sealed cases or documents, or confidential case types, documents, or information as defined in these Public Access Rules.

  b. *Attorneys.*  Attorneys who have entered an appearance in a case shall have electronic access at a courthouse to all documents and information about a case in which they are representing a party.  This access does not include access to sealed cases or documents. Attorneys shall have no greater access than the Public to information about cases in which they are not directly involved.

  c. *Parties and Self-represented Litigants.*  Parties to a case and self-represented litigants shall have electronic access at a courthouse to all

5

documents and information about a case in which they are named as a party. This access does not include access to sealed cases or documents. Parties and self-represented litigants shall have no greater access than the Public to information about cases in which they are not directly involved.

d. *State Agencies*. State agencies and employees thereof authorized by the Judiciary to access electronic case information shall have access to public electronic case information at a courthouse. This access does not include access to sealed cases or documents, or confidential case types, documents or information as defined in these Public Access Rules.

3. *Fees*. No fees shall be charged for the viewing of electronic documents on a computer terminal provided by the Judiciary at one of its courthouses. There may be fees associated with the printing and/or certifying of documents.

b. <u>Remote Public Access.</u>

1. *Policy.* To allow limited Remote Access to the Database through the Public Access Portal.

2. *Content.*

a. *The Public, Self-represented Litigants and Parties*. Remote public access to electronic case information will not be immediately available to the Public, parties, and self-represented litigants but may be made available in the future at which point these Public Access Rules will be amended accordingly.

b. *Attorneys*. Attorneys who have entered an appearance on behalf of a client in a case shall have remote electronic access to all documents and information about a case in which they are representing a party. Upon termination of representation, or if an attorney's client is no longer a party to a pending case, an attorneys' remote electronic access to the subject case shall be terminated. For all other cases in which they are not directly involved, attorneys shall have remote access to the register of actions or Docket but shall not have remote access to other electronic case information.

c. *State Agencies*. State agencies and employees thereof authorized by the Judiciary to access electronic case information shall have remote electronic access to public electronic case information. This access may not include access to sealed cases or documents, or confidential documents or information as defined in these Public Access Rules.

6

4.   *Username and Passwords*.  Attorneys and State Agencies must register with the Rhode Island Supreme Court, Judicial Technology Center, for a username and password in order to utilize remote access.

5.   *Fees*.  There shall be no fees charged for remote access to the foregoing information.

**EXHIBIT C**



# RHODE ISLAND JUDICIARY



| 🏠 | COURTS | AMERICANS WITH DISABILITIES ACT | ATTORNEY RESOURCES | INTERPRETERS | PUBLIC RESOURCES |

Search... 🔍

Electronic Filing

## Access to Case Information

The Rhode Island Judiciary Public Portal (Public Portal), which is separate from the case management system or the electronic filing system, is the point of entry for electronic access to case information from the Rhode Island Judiciary's (Judiciary) database whether at the courthouse or remotely. The database is an electronic collection of court records displayed as a register of actions or docket sheet. The register of actions or docket sheet in the Public Portal lists parties, case events, document filings, or other activities in a case set forth in chronological order. Access to the entries listed in the register of actions or docket sheet is based upon security rights and roles as further defined in the Request for Access to Case Information and Rhode Island Judiciary Data Subscription Agreement (Subscription Agreement), a copy of which is located on the right-hand side of this page.

Access to Case Information

1.  *Courthouse Access to Case Information*

The Supreme, Superior, Family, District, and Workers' Compensation Courts and the Rhode Island Traffic Tribunal shall have computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone who wishes to review the electronic documents filed in the Judiciary's case management system during regular business hours. Access shall include all public electronic case information. This access does not include access to sealed cases or documents or confidential case types, documents, or information as defined in the Rhode Island Judiciary Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules).

Attorneys who have entered an appearance in a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are representing a party. This access does not include access to sealed cases or documents. Self-represented litigants and parties to a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are named a party. This access does not include access to sealed cases or documents. Attorneys, self-represented litigants, and parties shall have no greater access than the public to information about cases in which they are not directly involved.

2.  *Remote Access to Case Information*

   A.  **The Public, Self-represented Litigants, and Parties to a Case**

   The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information.

   B.  *Attorneys*

   **For Rhode Island admitted attorneys only.** Attorneys who have entered an appearance on behalf of a client in a case shall have remote access to all documents and information about a case in which they are representing a party. This access may not include access to sealed cases or documents. For all other cases in which they are not directly involved, attorneys shall have remote access to the register of actions or docket and public electronic case information, including documents.  To register for remote electronic access, attorneys shall email the Judicial Technology Center (JTC) at HelpDesk@courts.ri.gov requesting access to case information and attach a signed Subscription Agreement. A JTC representative will respond by sending you a username and password. You may change your password once you access your account through the Public Portal.

   C.  *State or Federal Agencies*

   Authorized state or federal agencies and employees thereof that require access to the Database in order to assist the state or federal agency in performing its lawful function shall also register for remote electronic access. This access does not include access to

Attorneys and External Agencies eService Access

Public eService Access

Request for Access to Case Information and Rhode Island Judiciary Data Subscription Agreement

sealed cases or documents or confidential case types, documents, or information as defined in the Public Access Rules except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court. Each state or federal agency shall have a contact person(s) who is authorized to submit signed Subscription Agreements to the Judiciary for state or federal agency employees who require access to the Database. An authorized contact person(s) from the state or federal agency shall email the JTC at HelpDesk@courts.ri.gov requesting access to case information and attach the signed Subscription Agreements for all of the employees. The JTC will respond by sending usernames and passwords for the employees. Employees may change passwords after accessing the account through the Public Portal.

Attorney and External Agencies ONLY - Forgot Your Password?

If you forgot your password, please click on the "Attorneys and External Agencies eService Access" button on the top, right-hand side of this page or go directly to https://publicportal.courts.ri.gov/PublicPortal/account/login, then click on "Forgot Password" and follow the prompts.

# RHODE ISLAND JUDICIARY RULES OF PRACTICE
# GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION

**Rule 1. Purpose.**

These Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules) are intended to address access to electronic case information that is filed in the Rhode Island Judiciary's (Judiciary) Electronic Filing System or scanned and filed into the Judiciary's case management system at the clerk's office. The Public Access Rules seek to harmonize the Judiciary's obligation to make case information available and accessible while also protecting the privacy of personal and/or otherwise non-public information filed with the courts throughout the Judiciary. (As adopted May 7, 2014; amended October 31, 2014; January 29, 2016.)

**Rule 2. Application.**

These Public Access Rules shall apply to all electronic documents filed in the Judiciary's Electronic Filing System or scanned and filed into the Judiciary's case management system at the clerk's office. Access to electronic documents shall be in accordance with Rule 5 herein. (As adopted May 7, 2014; amended January 29, 2016; December 13, 2016.)

**Rule 3. Definitions.**

**(a) Case Management System (CMS).** An electronic document repository database maintained and managed by the Judiciary and administered by the respective courts to track information used to manage the courts' caseload, such as case numbers, party names and identifiers, attorneys for parties, titles of all documents filed in a case, and all scheduled events in a case.

**(b) Database.** The Database is an electronic collection of court records which is accessible through the Rhode Island Judiciary Public Portal and is displayed as a register of actions or Docket.

**(c) Docket.** Listing of parties, case events, document filings, or other activities in a case set forth in chronological order.

**(d) Electronic Access.** Access to electronic case information through a computer and the Internet, either from terminals located within a courthouse or a computer at a remote location.

**(e) Electronic Case Information.** Any document, information, data, or other item created, collected, received, or maintained by a court in connection with a particular case that is readable through the use of an electronic device. This definition does not encompass data maintained by or for a judicial officer or court pertaining to a particular case or party, such as personal notes and communications, memoranda, drafts, or other working papers; or information gathered, maintained, or stored by a government agency or other entity to which the court has access but which is not entered into the Docket of the case.

**(f) Electronic Document.** The electronic form of pleadings, notices, motions, orders, exhibits, briefs, judgments, writs of execution, and other papers filed with a court.

**(g) Electronic Filing System (EFS).** An approved Judiciary-wide system for the filing and service of pleadings, motions, and other documents or information via electronic means such as the Internet, a court-authorized remote service provider, or through other remote means to and from the Judiciary's CMS.

**(h) Non-public Document.** A document which is required to be filed with a court and made available to opposing parties in the case but contains a significant amount of personal identifying information or contains information that is designated as non-public by state or federal law, court rule, court order or case law resulting in the document being designated as non-public in its entirety.

**(i) Personal Identifying Information.** Information of a non-public nature which can be used to identify an individual within a document but can be redacted within the document.

**(j) Public.** An individual, group, agency, business, or non-profit entity, organization, or association. The term also incorporates print or electronic media organizations. A government agency for which there is no existing policy defining the agency's access to court records is also included in this definition.

**(k) Public Document.** An Electronic Document filed in the EFS that is not designated as non-public in its entirety but may contain non-public information that has been redacted.

**(l) Public Access.** The process whereby a member of the Public may inspect and/or copy Electronic Case Information maintained by a court.

**(m) Registered User.** An individual or entity with an assigned username and password authorized by the Judiciary to access and utilize the EFS.

**(n) Remote Access.** Process by which the inspection of case information maintained by a court is accomplished by electronic means from a physical location other than a courthouse.

**(o) Rhode Island Judiciary Public Portal (Public Portal).** An online service provided and maintained by the Judiciary which, for purposes of these rules, is the point of entry for access to Electronic Case Information from the Judiciary's Database whether at the courthouse or remotely. (As adopted May 7, 2014; amended October 31, 2014; December 13, 2016.)

**Rule 4. Non-public Filings.** Categories of non-public filings as set forth in state or federal law include, but are not limited to, the following:

**(a) Case Types.**

*(1)* Juvenile case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, G.L. 1956 § 14-5-7(c), G.L. 1956 § 23-4.7-6, and G.L. 1956 § 38-2-2(4)(C);

*(2)* Child custody case files per G.L. 1956 § 15-14.1-21 and G.L. 1956 § 38-2-2(4)(C);

*(3)* Adoption case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, and G.L. 1956 § 38-2-2(4)(C);

*(4)* Termination of parental rights case files per G.L. 1956 § 15-7-7(f);

*(5)* Mental health certification cases per G.L. 1956 § 40.1-5-26;

*(6)* Paternity case files per G.L. 1956 § 15-8-17;

*(7)* Sealed cases of acquitted or otherwise exonerated individuals per G.L. 1956 §§ 12-1-12(a) and 12-1-12.1(c);

*(8)* Expunged or otherwise sealed case information per G.L. 1956 § 3-8-12; G.L. 1956 § 12-1.3-4(c); G.L. 1956 § 12-10-12;

*(9)* Cases initiated under the Insurance Rehabilitation and Liquidation Act per G.L. 1956 § 27-14.3-15;

*(10)* Civil violations for possession of one (1) ounce or less of marijuana per G.L. 1956 § 21-28-4.01(c)(ix);

*(11)* Complaints for an Order of Protection from Domestic Violence under Title 15, Chapter 15, Domestic Abuse Prevention, when a juvenile is a party in the case per G.L. 1956 § 15-15-3(k)(2) and § 38-2-2(4)(C);

*(12)* Complaints for an Order of Protection from Sexual Abuse under Title 11, Chapter 37.2, Sexual Assault Protective Orders, when a juvenile is a party in the case per G.L. 1956 § 11-37.2-1(a) and § 38-2-2(4)(C);

*(13)* Complaints for a Civil Protective Order when a juvenile is a party in the case per G.L. 1956 § 8-10-3(g) and § 38-2-2(4)(C);

*(14)* Civil marijuana cases per G.L. 1956 § 8-8.2-21 and § 21-28- 4.01(c)(2)(ix); and

*(15)* Any other case or portions thereof which have been sealed through an order of the court.

**(b) Documents.** These documents shall be checked off by the Registered User as "confidential" in the EFS in their entirety and need not be submitted in a public form in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing.

*(1)* All medical records, including, but not limited to, mental health records per G.L. 1956 §§ 5-37.3-4(c) and 5-37.3- 6.1(f), G.L. 1956 § 9-19-39(d), G.L. 1956 § 11-37-17(b),G.L. 1956 § 40.1-5-26, and G.L. 1956 § 40.1-5.3-15;

*(2)* Records of the Department of Children, Youth, and Families per G.L. 1956 §§ 42-72-8(b)(13) and 42-72-8(f);

*(3)* Statement of Assets, Liabilities, Income and Expenses submitted in Family Court and Workers' Compensation Court - G.L. 1956 § 38-2- 2(4)(A)(I)(b);

*(4)* Tax returns - G.L. 1956 § 38-2-2(4)(O);

*(5)* Pay stubs, except for wage and salary information about public employees - G.L. 1956 §§ 38-2-2(4)(A)(I)(b);

*(6)* Pretrial services records per G.L. 1956 § 12-13-24; and

*(7)* Driver's abstracts per G.L. 1956 § 27-49-3.1.

**(c) Information.** It is the filing party's responsibility to ensure that personal or otherwise non-public information is redacted and submitted to the court in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing.

*(1)* Name and address of juvenile in criminal and civil cases per G.L. 1956 § 38-2-2(4)(C);

(2) Identifying information pertaining to crime victims and/or confidential informants per G.L. 1956 § 38-2-2(4)(D)(c) and G.L. 1956 § 12-28-1, et seq.;

*(3)* The address of any person requesting a protective order in accordance with G.L. 1956 § 8-8.1-3(a)(3) and § 11-37.2-2(a)(2);

*(4)* Victim of child molestation sexual assault per G.L. 1956 § 11-37-8.5 and Rule 3.3 of the Superior Court Rules of Practice;

*(5)* Personal Identifying Information, see generally, G.L. 1956 §§ 8-15-9 and 8-15-9.1 and G.L. 1956 §§ 38-2-2(4)(A)(I)(b) and 38-2-2(4)(X), including:

*(a)* Full social security and taxpayer identification numbers;

*(b)* Financial account numbers. Numbers that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

*(c)* Financial account statements. Statements that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

*(d)* Driver's license numbers; and

*(e)* Other personal identification numbers, such as passport numbers, state identification numbers, etc.

*(6)* Juror names and other identifying information relating to jurors, including home addresses.

*(7)* In cases of human trafficking, the identity, pictures, and images of the alleged victim and the family of the alleged victim per G.L. 1956 § 11-67.1-13.

**d. Protection of Non-public Information in Cases Filed Prior to Electronic Filing.** Cases filed with any court before the implementation of electronic filing may contain Non-public Documents or information which would be deemed non-public under these Public Access Rules. Cases filed prior to the conversion to electronic filing will be scanned and converted to electronic form upon the filing of a new pleading or if the matter is scheduled for hearing before a court. If a case file is closed or dormant, the file will not be converted to electronic format and will remain in

paper form unless and until some action is taken in the case.

*(1)* For active pending cases, any party or attorney may file a Motion to Protect Non-Public Information in a Case Filed Prior to Electronic Filing in the specific case with the respective court seeking to designate portions of the Public file as non-public in accordance with these Public Access Rules. The court shall hear the motion after notice by the filing party to all parties in the case and any individual to whom the subject records pertain if not a named party. Such motion shall be freely granted and, in cases in which the motion is denied, there shall be a hearing. An order denying any motion to designate portions of a file as non-public shall include the reasons serving as the basis for the denial.

*(2)* When a closed or pending case that has been dormant for one (1) year or more is to be scanned and converted to electronic format in accordance with subsection (a) above, the clerk shall send a notice to the attorneys of record at their current address as verified by the Clerk of the Supreme Court and parties, to the extent a current address may be available, before the file is scanned. The notice shall advise the attorneys and parties that the subject case file is to be converted to electronic format and that the attorneys and parties may wish to review the file's contents and may submit a Motion to Protect Non-Public Information in a Case Filed Prior to Electronic Filing in accordance with subparagraph (1) of this rule. The clerks shall allow fifteen (15) days from the mailing of the notice.

*(3)* The most current version of the Motion to Protect Non-Public Information in a Case Filed Prior to Electronic Filing is located on the Rhode Island Judiciary's website at *www.courts.ri.gov* under Public Resources, Forms. (As adopted May 7, 2014; amended October 31, 2014; January 29, 2016; December 13, 2016.)

## Rule 5. Access to Case Information.

### (a) Access to medical records.

*(1)* A person or entity who can demonstrate a sufficient need for access to non-public medical records contained in a court file may seek such access by submitting a petition to the court before which the matter is or was pending.

*(2)* Notice of the petition shall be provided to the individual whose medical records are being sought, together with a notice that the individual may challenge the disclosure; or if the individual cannot be located, an affidavit of that fact is provided.

*(3)* Any challenge to the provision of non-public medical health care information shall be heard and decided in accordance with the procedure set forth in G.L. § 5-37.3-6.1.

*(4)* An order granting or denying a petition for access shall be in writing and shall set forth the reasons for the decision.

*(5)* The order shall be limited to that information deemed by a judicial officer to be germane to the subject action.

*(6)* The order shall further direct that all otherwise non-public information contained in the records to be accessed that is not deemed by a judicial officer to be germane to the subject action be redacted in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Elec-

tronic Filing and these Public Access Rules.

**(b) Courthouse Access to Case Information.**

*(1) Policy.* Each court shall make computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone who wishes to review Electronic Documents filed in the Judiciary's EFS during regular business hours.

*(2) Content.*

*(a) Public Access.* Members of the Public shall have access to all Public Electronic Case Information. This access does not include access to sealed cases or documents, or non-public case types, documents, or information as defined in these Public Access Rules.

*(b) Attorneys.* Attorneys who have entered an appearance in a case shall have Electronic Access at a courthouse to all documents and information about a case in which they are representing a party. This access does not include access to sealed cases or documents. Attorneys shall have no greater access than the Public to information about cases in which they are not directly involved.

*(c) Parties and Self-represented Litigants.* Parties to a case and self-represented litigants shall have Electronic Access at a courthouse to all documents and information about a case in which they are named as a party. This access does not include access to sealed cases or documents. Parties and self-represented litigants shall have no greater access than the Public to information about cases in which they are not directly involved.

*(d) State or Federal Agencies.* State or federal agencies and employees thereof authorized by the Judiciary to access Electronic Case Information shall have access to Public Electronic Case Information at a courthouse. This access does not include access to sealed cases or documents, or non-public case types, documents or information as defined in these Public Access Rules except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court.

*(3) Fees.* No fees shall be charged for the viewing of Electronic Documents on a computer terminal provided by the Judiciary at one of its courthouses. There may be fees associated with the printing and/or certifying of documents.

**(c) Remote Access to Case Information.**

*(1) Policy.* To allow limited Remote Access to the Database through the Public Portal. Non-public case types shall not be remotely accessible except for certain case types to attorneys who have entered an appearance in a case.

*(2) Content.*

*(a) The Public, Self-represented Litigants and Parties.* The Public, self-represented litigants, and parties shall have Remote Access to the register of actions or Docket but shall not have Remote Access to other Electronic Case Information.

*(b) Attorneys.* Attorneys who have entered an appearance in a case shall have Remote Access to all documents and information about a case in which they are representing a party. This access does not include access to sealed cases or documents. For all other cases in which they are not directly involved, attorneys shall have Remote Access to Public Electronic Case Information.

*(c) State or Federal Agencies.* State or federal agencies and employees thereof authorized by the Judiciary to access Electronic Case Information shall have Remote Access to Public Electronic Case Information. This access does not include access to sealed cases or documents, or non-public case types, documents or information as defined in these Public Access Rules except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court.

*(3) Username and Passwords.* Attorneys and state or federal agencies must register with the Rhode Island Supreme Court, Judicial Technology Center, for a username and password in order to utilize Remote Access.

*(4) Fees.* There shall be no fees charged for Remote Access to the foregoing information.

**(d) Access to Exhibits.**

*(1) Courthouse Access.* Exhibits are designated as Public at the courthouse.

*(2) Remote Access.* Exhibits are designated as non-public for the purpose of Remote Access due to the construct of the Public Portal. Attorneys and state or federal agencies shall have Remote Access to exhibits in a case in accordance with Rule 5(c)(2)(b) and (c). (As adopted May 7, 2014; amended October 31, 2014; January 29, 2016; December 13, 2016.)

**EXHIBIT D**

    **Mary Seguin <maryseguin22022@gmail.com>**

---

## APRA Request for all public records under APRA relating to RI Court's Policy, Rules and Regulation for Remote Access to Case Information

17 messages

---

**Mary Seguin** <maryseguin22022@gmail.com>                                    Sat, Jun 10, 2023 at 11:12 AM
To: akriss@courts.ri.gov

Dear Ms. Kriss,

Pursuant to R.I.G.L. Title 38, Chapter 2 entitled "Access to Public Records" (APRA), I am respectfully requesting all public records under APRA relating to RI Courts' policy, rules and regulations for "'Remote Access to Case Information."  The RI Courts publish a webpage referencing this subject on the world wide web URL Home (ri.gov)  https://www.courts.ri.gov/ Pages/access-caseinfo.aspx

I am attaching the completed APRA request form I downloaded from the RI COURTS RI Supreme Court website to request the requested public records under APRA.

I am also attaching, for your convenience, the pdf. file of the above webpage for your reference of URL https://www.courts.ri.gov/Pages/access-caseinfo.aspx

As requested in the attached completed APRA request form, I am requesting the records to be sent to me via email, to maryseguin22022@gmail.com

For your convenience, I am also pasting below the published information, about which I am making this APRA request, on https://www.courts.ri.gov/Pages/access-caseinfo.aspx

"The Rhode Island Judiciary Public Portal (Public Portal), which is separate from the case management system or the electronic filing system, is the point of entry for electronic access to case information from the Rhode Island Judiciary's (Judiciary) database whether at the courthouse or remotely. The database is an electronic collection of court records displayed as a register of actions or docket sheet. The register of actions or docket sheet in the Public Portal lists parties, case events, document filings, or other activities in a case set forth in chronological order. Access to the entries listed in the register of actions or docket sheet is based upon security rights and roles as further defined in the Request for Access to Case Information and Rhode Island Judiciary Data Subscription Agreement (Subscription Agreement), a copy of which is located on the right-hand side of this page.

Access to Case Information

1.  Courthouse Access to Case Information

The Supreme, Superior, Family, District, and Workers' Compensation Courts and the Rhode Island Traffic Tribunal shall have computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone who wishes to review the electronic documents filed in the Judiciary's case management system during regular business hours. Access shall include all public electronic case information. This access does not include access to sealed cases or documents or confidential case types, documents, or information as defined in the Rhode Island Judiciary Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules).

Attorneys who have entered an appearance in a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are representing a party. This access does not include access to sealed cases or documents. Self-represented litigants and parties to a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are named a party. This access does not include access to sealed cases or documents. Attorneys, self-represented litigants, and parties shall have no greater access than the public to information about cases in which they are not directly involved.

2.  Remote Access to Case Information

A.  The Public, Self-represented Litigants, and Parties to a Case

The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information.

B.  Attorneys

For Rhode Island admitted attorneys only. Attorneys who have entered an appearance on behalf of a client in a case shall have remote access to all documents and information about a case in which they are representing a party. This access may not include access to sealed cases or documents. For all other cases in which they are not directly involved, attorneys shall have remote access to the register of actions or docket and public electronic case information, including documents.  To register for remote electronic access, attorneys shall email the Judicial Technology Center (JTC) at HelpDesk@courts.ri.gov requesting access to case information and attach a signed Subscription Agreement. A JTC representative will respond by sending you a username and password. You may change your password once you access your account through the Public Portal.

C. State or Federal Agencies

Authorized state or federal agencies and employees thereof that require access to the Database in order to assist the state or federal agency in performing its lawful function shall also register for remote electronic access. This access does not include access to sealed cases or documents or confidential case types, documents, or information as defined in the Public Access Rules except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court. Each state or federal agency shall have a contact person(s) who is authorized to submit signed Subscription Agreements to the Judiciary for state or federal agency employees who require access to the Database. An authorized contact person(s) from the state or federal agency shall email the JTC at HelpDesk@courts.ri.gov requesting access to case information and attach the signed Subscription Agreements for all of the employees. The JTC will respond by sending usernames and passwords for the employees. Employees may change passwords after accessing the account through the Public Portal.

Attorney and External Agencies ONLY - Forgot Your Password?

If you forgot your password, please click on the "Attorneys and External Agencies eService Access" button on the top, right-hand side of this page or go directly to https://publicportal.courts.ri.gov/PublicPortal/account/login, then click on "Forgot Password" and follow the prompts."

Please also include in your APRA records production all APRA records as they relate to the section that states, "2. Remote Access to Case Information A.  The Public, Self-represented Litigants, and Parties to a Case.  The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information" vis-a-vis the sections for "B. Attorneys" and "C. State or Federal Agencies."   Kindly note that I have included in my attached APRA request form this specific public record request for records for this underlying variation in policies, rules and regulations differentiating the three groups and the resulting different policies, rules and regulations for the three different groups: A. The Public, Self-represented Litigants, and Parties to a Case; B. Attorneys; C. State or Federal Agencies.

Thank you in advance and look forward to hearing from you.

Respectfully submitted,
Mary Seguin

maryseguin22022@gmail.com

_____

**2 attachments**

RI REMOTE ACCESS TO PUBLIC AND PRO SE LITIGANTS POLICY.pdf
204K

RI COURTS APRA-informationrequestform 060923.pdf
212K

_____

**Kriss, Alexandra E.** <akriss@courts.ri.gov>                                    Mon, Jun 12, 2023 at 3:02 PM
To: Mary Seguin <maryseguin22022@gmail.com>

Hello Mary,

Thank you for contacting the Rhode Island Judiciary. Your request has been received and you will receive an answer within 10 business days.


Thank you,

*Lexi Kriss


_____

**Alexandra E. Kriss**

Assistant State Court Administrator

Phone: 401-222-8631

she/her


---

**From:** Mary Seguin <maryseguin22022@gmail.com>
**Sent:** Saturday, June 10, 2023 12:13 PM
**To:** Kriss, Alexandra E. <akriss@courts.ri.gov>
**Subject:** APRA Request for all public records under APRA relating to RI Court's Policy, Rules and Regulation for Remote Access to Case Information


**CYBERSECURITY WARNING:**   This email is sent from outside of the Rhode Island Judicial Network.

**DO NOT** click links or open attachments unless you recognize the sender and have verified the content is safe.

[Quoted text hidden]

---

**Correa, Justin** <jcorrea@courts.ri.gov>                                    Fri, Jun 23, 2023 at 8:59 AM
To: "maryseguin22022@gmail.com" <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

June 23, 2023

***Via Electronic Mail (maryseguin22022@gmail.com)***

Ms. Mary Seguin
P.O. Box 22022
Houston, TX 77019


   RE: Request for Information dated June 9, 2023.

Dear Ms. Seguin:

Your June 9, 2023 email request for information directed to Assistant State Court Administrator Alexandra E. Kriss has been referred to this office for review and response. In your email, you request "all public records under APRA relating to RI Courts' policy, rules and regulations for '"Remote Access to Case Information."'"

In response, I direct your attention to the 7 page Rhode Island Judiciary Rules Of Practice Governing Public Access to Electronic Case Information, accessible here: https://www.courts.ri.gov/efiling/PDF/Supreme-Rules-PublicAccess.pdf

Should you have any questions or concerns, please do not hesitate to contact me. Thank you.

Sincerely,

_____

**Justin Correa, Esq.**

Staff Attorney

Phone: (401) 222-3267

---

**From:** Mary Seguin <maryseguin22022@gmail.com>
**Sent:** Saturday, June 10, 2023 12:13 PM
**To:** Kriss, Alexandra E. <akriss@courts.ri.gov>
**Subject:** APRA Request for all public records under APRA relating to RI Court's Policy, Rules and Regulation for Remote Access to Case Information

**CYBERSECURITY WARNING:**  This email is sent from outside of the Rhode Island Judicial Network.
**DO NOT** click links or open attachments unless you recognize the sender and have verified the content is safe.

Dear Ms. Kriss,

[Quoted text hidden]

---

Mary Seguin <maryseguin22022@gmail.com>                    Fri, Jun 23, 2023 at 11:43 AM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Dear Mr. Correa,

Thank you for your email below, and for directing me to review the 7-page rule itself.

In the 7 pages you referred me to, the requested records as to why the rule is set the way it is, are missing.  In my APRA request dated June 10, 2023, I've requested under APRA all public records relating to the remote access rules (the 7-page rules), which includes all public records as to **why** remote access is different among the various categories of people outlined in the 7 page rule you provided below; which includes the "**intent**" of and behind the rules, namely, the **policy**.

Kindly send me the requested records in electronic form via email to my email at maryseguin22022@gmail.com

I look forward to hearing from you.

Respectfully requested,
Mary Seguin

On Jun 23, 2023, at 7:59 AM, Correa, Justin <jcorrea@courts.ri.gov> wrote:

[Quoted text hidden]

**Mary Seguin** <maryseguin22022@gmail.com>                                        Fri, Jun 23, 2023 at 11:44 AM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

On Jun 23, 2023, at 10:43 AM, Mary Seguin <maryseguin22022@gmail.com> wrote:

Dear Mr. Correa,

Thank you for your email below, and for directing me to review the 7-page rule itself.

In the 7 pages you referred me to, the requested records as to why the rule is set the way it is, are missing. In my APRA request dated June 10, 2023, I've requested under APRA all public records relating to the remote access rules (the 7-page rules), which includes all public records as to **why** remote access is different among the various categories of people outlined in the 7 page rule you provided below; which includes the "**intent**" of and behind the rules, namely, the **policy**.

Kindly send me the requested records in electronic form via email to my email at maryseguin22022@gmail.com

I look forward to hearing from you.

Respectfully requested,
Mary Seguin

On Jun 23, 2023, at 7:59 AM, Correa, Justin <jcorrea@courts.ri.gov> wrote:

June 23, 2023

**_Via Electronic Mail (maryseguin22022@gmail.com)_**

Ms. Mary Seguin
P.O. Box 22022
Houston, TX 77019

    RE: Request for Information dated June 9, 2023.

Dear Ms. Seguin:

Your June 9, 2023 email request for information directed to Assistant State Court Administrator Alexandra E. Kriss has been referred to this office for review and response. In your email, you request "all public records under APRA relating to RI Courts' policy, rules and regulations for ""Remote Access to Case Information.""

In response, I direct your attention to the 7 page Rhode Island Judiciary Rules Of Practice Governing Public Access to Electronic Case Information, accessible here: https://www.courts.ri.gov/efiling/PDF/Supreme-Rules-PublicAccess.pdf

Should you have any questions or concerns, please do not hesitate to contact me. Thank you.

Sincerely,

_____

**Justin Correa, Esq.**

Staff Attorney

Phone: (401) 222-3267

---

**From:** Mary Seguin <maryseguin22022@gmail.com>
**Sent:** Saturday, June 10, 2023 12:13 PM
**To:** Kriss, Alexandra E. <akriss@courts.ri.gov>
**Subject:** APRA Request for all public records under APRA relating to RI Court's Policy, Rules and Regulation for Remote Access to Case Information

> **CYBERSECURITY WARNING:**   This email is sent from outside of the Rhode Island Judicial Network.
> **DO NOT** click links or open attachments unless you recognize the sender and have verified the content is safe.

Dear Ms. Kriss,

Pursuant to R.I.G.L. Title 38, Chapter 2 entitled "Access to Public Records" (APRA), I am respectfully requesting all public records under APRA relating to RI Courts' policy, rules and regulations for ""Remote Access to Case Information."  The RI Courts publish a webpage referencing this subject on the world wide web URL Home (ri.gov) https://www.courts.ri.gov/Pages/access-caseinfo.aspx

I am attaching the completed APRA request form I downloaded from the RI COURTS RI Supreme Court website to request the requested public records under APRA.

I am also attaching, for your convenience, the pdf. file of the above webpage for your reference of URL  https://www.courts.ri.gov/Pages/access-caseinfo.aspx

As requested in the attached completed APRA request form, I am requesting the records to be sent to me via email, to maryseguin22022@gmail.com

For your convenience, I am also pasting below the published information, about which I am making this APRA request, on https://www.courts.ri.gov/Pages/access-caseinfo.aspx

"The Rhode Island Judiciary Public Portal (Public Portal), which is separate from the case management system or the electronic filing system, is the point of entry for electronic access to case information from the Rhode Island Judiciary's (Judiciary) database whether at the courthouse or remotely. The database is an electronic collection of court records displayed as a register of actions or docket sheet. The register of actions or docket sheet in the Public Portal lists parties, case events, document filings, or other activities in a case set forth in chronological order. Access to the entries listed in the register of actions or docket sheet is based upon security rights and roles as further defined in the Request for Access to Case Information and Rhode Island Judiciary Data Subscription Agreement (Subscription Agreement), a copy of which is located on the right-hand side of this page.

Access to Case Information

1. Courthouse Access to Case Information

The Supreme, Superior, Family, District, and Workers' Compensation Courts and the Rhode Island Traffic Tribunal shall have computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone who wishes to review the electronic documents filed in the Judiciary's case management system during regular business hours. Access shall include all public electronic case information. This access does not include access to sealed cases or documents or confidential case types, documents, or information as defined in the Rhode Island Judiciary Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules).

Attorneys who have entered an appearance in a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are representing a party. This access does not include access to sealed cases or documents. Self-represented litigants and parties to a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are named a party. This access does not include access to sealed cases or documents. Attorneys, self-represented litigants, and parties shall have no greater access than the public to information about cases in which they are not directly involved.

2. Remote Access to Case Information

A. The Public, Self-represented Litigants, and Parties to a Case

The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information.

B. Attorneys

For Rhode Island admitted attorneys only. Attorneys who have entered an appearance on behalf of a client in a case shall have remote access to all documents and information about a case in which they are representing a party. This access may not include access to sealed cases or documents. For all other cases in which they are not directly involved, attorneys shall have remote access to the register of actions or docket and public electronic case information, including documents.  To register for remote electronic access, attorneys shall email the Judicial Technology Center (JTC) at HelpDesk@courts.ri.gov requesting access to case information and attach a signed Subscription Agreement. A JTC representative will respond by sending you a username and password. You may change your password once you access your account through the Public Portal.

C. State or Federal Agencies

Authorized state or federal agencies and employees thereof that require access to the Database in order to assist the state or federal agency in performing its lawful function shall also register for remote electronic access. This access does not include access to sealed cases or documents or confidential case types, documents, or information as defined in the Public Access Rules except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court. Each state or federal agency shall have a contact person(s) who is authorized to submit signed Subscription Agreements to the Judiciary for state or federal agency employees who require access to the Database. An authorized contact person(s) from the state or federal agency shall email the JTC at HelpDesk@courts.ri.gov requesting access to case

information and attach the signed Subscription Agreements for all of the employees. The JTC will respond by sending usernames and passwords for the employees. Employees may change passwords after accessing the account through the Public Portal.

Attorney and External Agencies ONLY - Forgot Your Password?

If you forgot your password, please click on the "Attorneys and External Agencies eService Access" button on the top, right-hand side of this page or go directly to https://publicportal.courts.ri.gov/PublicPortal/account/login, then click on "Forgot Password" and follow the prompts."

Please also include in your APRA records production all APRA records as they relate to the section that states, "2. Remote Access to Case Information A. The Public, Self-represented Litigants, and Parties to a Case. The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information" vis-a-vis the sections for "B. Attorneys" and "C. State or Federal Agencies." Kindly note that I have included in my attached APRA request form this specific public record request for records for this underlying variation in policies, rules and regulations differentiating the three groups and the resulting different policies, rules and regulations for the three different groups: A. The Public, Self-represented Litigants, and Parties to a Case; B. Attorneys; C. State or Federal Agencies.

Thank you in advance and look forward to hearing from you.

Respectfully submitted,
Mary Seguin

maryseguin22022@gmail.com

---

 **cid:f_liq734fh0.pdf**
212K

---

**Correa, Justin** <jcorrea@courts.ri.gov>                    Wed, Jun 28, 2023 at 8:41 AM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Good morning Ms. Seguin,


          We're in receipt of your follow-up inquiry, depicted below, which we are treating as a separate request under the applicable Access to Public Records Act thereby entitling us to 10 business days from the date of your inquiry to respond. We will be in touch within that time period.   Thank you.

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                  Wed, Jun 28, 2023 at 12:33 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>, "Kriss, Alexandra E." <akriss@courts.ri.gov>

Dear Mr. Correa and Ms. Kriss,

Thank you for your June 28th email below.

As you know, on June 10, 2023, I requested under APRA "all public records under APRA relating to RI Courts' policy, rules and regulations for "'Remote Access to Case Information." The RI Courts publish a webpage referencing this subject on the world wide web URL Home (ri.gov)  https://www.courts.ri.gov/Pages/access-caseinfo.aspx." I further specified in the last paragraph of my June 10, 2023 APRA request email below, "Please also include in your APRA records production all APRA records as they relate to the section that states, "2.  Remote Access to Case Information A. The Public, Self-represented Litigants, and Parties to a Case.  The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information" vis-a-vis the sections for "B. Attorneys" and "C. State or Federal Agencies."  Kindly note that I have included in my attached APRA request form this specific public record request for records for this underlying variation in policies, rules and regulations differentiating the three groups and the resulting different policies, rules and regulations for the three different groups: A. The Public, Self-represented Litigants, and Parties to a Case; B. Attorneys; C. State or Federal Agencies.  Your agency's APRA Request form that I filled out states, "all APRA records as they relate to the section that states, "2.  Remote Access to Case Information A.  The Public, Self-represented Litigants, and Parties to a Case.  The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information" vis-a-vis the sections for "B. Attorneys" and "C. State or Federal Agencies."  My June 10, 2023 email below further informs you I am quoting the court rule from your agency's website,  https://www.courts.ri.gov/Pages/access-caseinfo.aspx.

A plain reading of **§ 38-2-2. Definitions** instructs "*Public record" or "public records" shall mean **all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, magnetic or other tapes, electronic data processing records, computer stored data** (including electronic mail messages, except specifically for any electronic mail messages of or to elected officials with or relating to those they represent and correspondence of or to elected officials in their official capacities), or other material regardless of physical form or characteristics **made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency***.

A  plain reading of **§ 38-2-2. Definitions** instructs "Agency" or "public body" means any executive, legislative, *judicial*, regulatory, or **administrative body** of the state, or any political subdivision thereof; including, but not limited to: any department, division, agency, commission, board, office, bureau, authority; any school, fire, or water district, or other agency of Rhode Island state or local government that exercises governmental functions; any authority as defined in § 42-35-1(b); or any other public or private agency, person, partnership, corporation, or business entity acting on behalf of and/or in place of any public agency.

Your email below dated June 23, 2023, in response to my June 10, 2023 APRA request, is merely a link to a 7-page document entitled "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION" that is posted on your agency's website: https://www.courts.ri.gov/efiling/PDF/Supreme-Rules-PublicAccess.pdf   In sum, the 7-page document with which you responded my APRA request is a mere regurgitation of the court rule I already provided you in my June 10, 2023 APRA request email, namely, the court rule published at https://www.courts.ri.gov/Pages/access-caseinfo.aspx, except with the additional definitions section attached.  In other words, your June 23rd response is akin to the General Assembly responding to APRA requests relating to APRA with only the "web-publication of the APRA Act itself."  As such, your June 23rd response with just a 7 page document regurgitation of the court rule itself is a nonresponse, under APRA.

APRA states under **Section 38-2-7(b)** - Denial of access "*Failure to comply with a request to inspect or copy the public record within the ten (10) business day period shall be deemed to be a denial*."

I am willing to resolve this matter with your production of my requested public documents by email by the end of the day, which would be within twelve (12) business-day period, extra two (2) business days above and beyond the ten (10) business-days required under APRA.

As a courtesy, I am re-attaching my filled-out APRA form I attached and submitted in my June 10, 2023 APRA request email below, for your reference.

Thank you and I look forward to hearing from you.

Respectfully requested,
Mary Seguin

[Quoted text hidden]

📄 **RI COURTS APRA-informationrequestform 060923.pdf**
212K

---

**Correa, Justin** <jcorrea@courts.ri.gov>                                    Wed, Jun 28, 2023 at 2:57 PM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Ms. Seguin,

        We are in receipt of your below follow-up email.

        Please be advised that our June 23, 2023 response to your June 10, 2023 inquiry is not a denial.  You asked for "all public records under APRA relating to RI Courts' policy, rules and regulations for [the] 'Remote Access to Case Information'" section of the Judiciary's website.  In response, we provided you with a copy of the 7-page Rhode Island Judiciary Rules of Practice Governing Public Access to Electronic Case Information.  These Rules regulate public access to the case file information stored in the Judiciary's electronic case management system.  Particularly relevant to your inquiry is Rule 5, which sets forth the remote document access levels granted to the various parties to cases and matters (e.g. attorneys, pro-se litigants, etc.).  Thus, the Rules of Practice are not, as you assert, "a mere regurgitation of the court rule [you] already provided [us] in [your] June 10, 2023 APRA request email," but, rather, represent the authority that both (1) establishes the extent of parties' remote access to documents in Rhode Island and (2) underlies and justifies the "Remote Access to Case Information" website language you quote in your initial June 10, 2023 request.

        Accordingly, your email following up on our June 23, 2023 response and asking, in light of the document we provided, "why the rule is set the way it is," asks a new question and is, therefore, a wholly separate inquiry from your initial June 10, 2023 request.  As such, we are permitted by statute to respond to your new inquiry within 10 business days of receipt thereof.  We shall respond appropriately within this time period.

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                                    Wed, Jun 28, 2023 at 4:21 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Dear Mr. Correa and Ms. Kris's,

Thank you for your reply below.

A regurgitation of the rule is non-responsive to an APRA request for all public records relating to the rule.  My June 10th APRA request email below states, to reiterate my earlier email today, " Kindly note that I have included in my attached APRA request form this specific public record request for records for this underlying variation in policies, rules and regulations differentiating the three groups and the resulting different policies, rules and regulations for the three different groups: A. The Public, Self-represented Litigants, and Parties to a Case; B. Attorneys; C. State or Federal Agencies. "

Your June 23rd response to my APRA request for all public records that consists of merely a regurgitation of the rule itself is a non-response pursuant to the quoted APRA sections in my email lbelow.  If you are not willing to provide all public records requested as defined by APRA, as discussed below, by the end of day, please confirm.

Thank you and I look forward to hearing from you.

Respectfully submitted,
Mary Seguin

On Jun 28, 2023, at 1:57 PM, Correa, Justin <jcorrea@courts.ri.gov> wrote:

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                          Wed, Jun 28, 2023 at 4:34 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                          Wed, Jun 28, 2023 at 4:34 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                          Wed, Jun 28, 2023 at 4:35 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                          Wed, Jun 28, 2023 at 4:19 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                          Wed, Jun 28, 2023 at 7:16 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Hello, I just noticed in my email account that, for what appears to be technological glitch reasons, my reply email below was sent by the email server(s) multiple times.  As such, please disregard any multiple or extra copies, caused by what appears to be technology-email server(s) failure or glitch.

Sincerely yours,
Mary Seguin

On Jun 28, 2023, at 3:30 PM, Mary Seguin <maryseguin22022@gmail.com> wrote:

[Quoted text hidden]

---

**Correa, Justin** <jcorrea@courts.ri.gov>                          Fri, Jul 7, 2023 at 2:58 PM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

July 7, 2023


***Via Electronic Mail*** (*maryseguin22022@gmail.com*)


Ms. Mary Seguin

P.O. Box 22022

Houston, TX 77019


        RE:      Request for Information dated June 23, 2023.


Ms. Seguin,


      Please treat this correspondence as the Judiciary's formal response to your June 23, 2023 request for information following up on our June 23, 2023 response to your June 10, 2023 initial request for "all public records under APRA relating to RI Courts' policy, rules and regulations for "'Remote Access to Case Information.'" As you are aware, in response to your initial June 10 request we provided you with the 7-page Rhode Island Judiciary Rules of Practice Governing Public Access to Electronic Case Information. In our June 23, 2023 email following up on your June 23, 2023 response, we pointed you to Rule 5 of the Rules of Practice as particularly relevant to your initial inquiry. You now ask for documents demonstrating "why the rule is set the way it is . . . ."


      In response, please be advised that the Judiciary is not in possession of any documents responsive to this request. Therefore, we are unable to fulfill your request pursuant to G.L. 1956 § 38-2-7(c).


      Furthermore, please be advised that even if we did possess any such documents they would be exempt from disclosure pursuant to G.L. 1956 § 38-2-2(4)(A)(I)(a) (records relating to a client/attorney relationship) and G.L. 1956 § 38-2-2(4) (preliminary drafts, notes, impressions, memoranda, working papers, and work products).


      If you have any questions or concerns regarding the foregoing, please do not hesitate to contact me. Should you wish to appeal this determination, you may petition the State Court Administrator, Ms. Julie P. Hamil, in writing for review in accordance with G.L. 1956 § 38-2-8. Ms. Hamil may be reached by mail at the Licht Judicial Complex, 250 Benefit Street, 7th Floor, Providence, RI 02903. Thank you.


Best regards,

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>            Mon, Jul 10, 2023 at 10:37 AM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Good morning Mr. Correa and Ms. Kriss,

Thank you for your email response below.

Please confirm that you are saying that the RI judiciary does not possess any public records relating to the intent of the drafters of the rules and/or intent of the rules, including but not limited to any rule committee advisory notes, and/or public records relating to the intent of the drafters of the rules.

Please confirm that you are saying that my requested public records under APRA, such as advisory notes on the intent of rules, are protected by attorney-client privilege.

Since my June 10th APRA request, more than 20 business days have lapsed, therefore, please reply to my above request for confirmation by the end of day today.

Thank you and look forward to hearing from you.


Respectfully submitted,
Mary Seguin




On Jul 7, 2023, at 1:59 PM, Correa, Justin <jcorrea@courts.ri.gov> wrote:


[Quoted text hidden]

---

**Correa, Justin** <jcorrea@courts.ri.gov>                                    Mon, Jul 10, 2023 at 3:00 PM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Ms. Seguin,


To reiterate our July 7 response, the Judiciary does not possess any documents responsive to your June 23 request for information as to "why the rule is set the way it is," because none exist.  Therefore, we are unable to fulfill your request pursuant to G.L. 1956 § 38-2-7(c).  Even if the documents did exist, they would be exempt from public disclosure pursuant to G.L. 1956 § 38-2-2(4)(A)(I)(a) and G.L. 1956 § 38-2-2(4) of the APRA.

[Quoted text hidden]

# EXHIBIT E

STATE OF RHODE ISLAND

HEARING DATE: June 8, 2023
(already on the calendar on that date)

KENT, S.C. (but heard in Providence)

FAMILY COURT

State of Rhode Island ex rel.
GERO MEYERSIEK
    Plaintiff

VS.

No. K01-0521M

MARY SEGUIN
    Defendant

<u>PLAINTIFF'S OBJECTION TO
DEFENDANT'S MOTION FOR CONTINUANCE</u>

NOW COMES Office of Child Support Services ("OCSS") by and through its legal counsel and respectfully requests this Honorable Court to deny Defendant's Motion for a Continuance "for over 60 days from the June 8, 2023 hearing."

As grounds thereof, OCSS asserts that this matter involves a routine motion to establish arrears and secure an arrears order. The Motion to Set Arrears was filed on January 31, 2023. Defendant waited until the afternoon of June 2, 2023, to file her Motion for Continuance. Defendant has not set forth any good cause for this Honorable Court to grant any extension.

By way of brief background, Plaintiff has responded to a set of compound interrogatories, a request for admissions and three (3) requests for production of documents (filed Motions for Protective Order on the third Request for Production of Documents and first set of Interrogatories). Although not relevant to this action, Plaintiff has also responded to Defendant's Access to Public Records Act ("APRA") request. Defendant's motions are violative of the Rhode Island Rules of Domestic

Relations Procedure and are simply meant to harass, annoy and cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, OCSS respectfully requests:

1. That the Court deny Defendant's Motion for Continuance and hear the Motion to Set Arrears on June 8, 2023.

2. That the Court grant OCSS such other and further relief to which it may be justly entitled.

Respectfully submitted by:

*/s/ Lisa Pinsonneault*
Lisa Pinsonneault, Esquire (#5979)
Department of Human Services
Office of Child Support Services
77 Dorrance Street
Providence, Rhode Island 02903
Lisa.Pinsonneault@dhs.ri.gov
401-458-4404

## NOTICE OF HEARING

Please take notice that the foregoing Motion will be called for hearing before the Rhode Island Family Court, One Dorrance Plaza, Providence, RI 02903 at 2:00 PM on the 8th day of June 2023 (case is already scheduled for that date/time) by Webex/remote hearing via telephone number (617) 315-0704, access code 26310993914# or Webex link https://ricourts.webex.com/meet/garrahy5b.

*/s/ Lisa Pinsonneault*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection and Notice of Hearing was mailed to Mary Seguin P.O. Box 22022 Houston, Texas 77019 postage pre-paid and via email marylive22022@gmail.com on June ___5th___, 2023.

*/s/ Lisa Pinsonneault*