UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**MARY SEGUIN,**

*Plaintiff,*

VS.                                                                                         Civil Action No. 1:23-cv-00126

**RHODE ISLAND DEPARTMENT OF HUMAN SERVICES** in its official capacity; **MICHAEL D. COLEMAN, DEBORAH A. BARCLAY** in their individual and official capacities;
**RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES** in its official capacity; **LISA PINSONNEAULT, CARL BEAUREGARD**, in their individual and official capacities; **GERO MEYERSIEK**

*Defendants*

### PLAINTIFF'S REPLY TO STATE DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND COMPLAINT

The Plaintiff, MARY SEGUIN, respectfully requests judicial notice of Docket Text Order of in *Seguin v. Rhode Island Office of Child Support Services,* et. al., **1:23-cv-00034-WES-PAS,** Text Order dated July 28, 2023 that states the Court granted Plaintiff's [64] Second Motion for an Extension of Time to File Response and to Amend Complaint.  "Plaintiff's motion is GRANTED insofar as it requests an extension of time for her to respond."  Plaintiff's Second Motion for an Extension of Time in the above-referenced case almost exactly mirrors Plaintiff's Motion for Extension of Time to Amend Complaint here, with the exception that Plaintiff additionally raised and attached as Exhibit the newly verified facts (verified on August 7, 2023) regarding the Family Court administrative order dated 2021 mandating all child support-related matters to be heard remotely, within the confines of the State Defendants' policy and routine practice of e-filing in time-sensitive matter using an unnamed legacy electronic filing system that is separate and different from the State-implemented Odyssey system, which results in pro se litigants not being noticed, and neither pro se litigants nor the Rhode Island Judiciary Virtual Court Clerk being able to see the contents of all their filings – combined with the fact that this is occurring within the confines and restrictions of Rhode Island Judiciary's overall policy, practice

and rules-regulation over access to the court that deny pro se litigants remote access to court records, except the court docket, with clear and plain **First Amendment**, **Fifth Amendment** and **Fourteenth Amendment** implications in Title IV-D child support proceedings in ***State of Rhode Island Ex. Rel. Gero Meyersiek v. Seguin*, K20010521M**, a state "child support" case Counsels for State Defendants have repeatedly raised in Seguin v. Rhode Island Office of Child Support Services, et. al.,1:23-cv-00034-WES-PAS and now here.  Counsels for State Defendants raise ***State of Rhode Island Ex. Rel. Gero Meyersiek v. Seguin*, K20010521M** but seek to silence the Plaintiff's right to be heard regarding it and seek to obstruct Plaintiff's fundamental right to <u>meaningful</u> access to the Court.  Counsels and their state clients are alike.  The Plaintiff invokes the U.S. Supreme Court's mandate that judicial tribunals have a due process duty and a duty **to assure that the record is fully developed**. <u>Turner v. Rogers</u>, **564 U.S. 431 (2011).**

1.) The Court in ***Seguin v. Rhode Island Office of Child Support Services, et. al.*,1:23-cv-00034-WES-PAS**, presided by the same Honorable Judge William E. Smith as here, GRANTED Plaintiff's motion for extension of time and did <u>not</u> find the motion frivolous, therefore it goes without saying that here, the Plaintiff, proceeding and invoking her federal statutory right of access to the court pro se, is complying with the implied accepted standard of pleading and standard of review of the Court.

**2.)** Secondly, the Court in ***Seguin v. Rhode Island Office of Child Support Services, et. al.*,b1:23-cv-00034-WES-PAS,** Text Order dated July 28, 2023, states, "Insofar as it concerns her request to amend her Complaint, if the Plaintiff wishes to amend her complaint, she should file a motion to amend in accordance with Federal Rule of Civil Procedure 15."

3.) Here, the pro se Plaintiff in good faith seeks to comply with the aforesaid Court order and filed a motion in accordance with Federal Rule of Civil Procedure 15, and had specifically invoking Rule 15(a), which states in part, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it.

4.) The facts and travel in this instant action undisputedly show Counsel for State Defendants entered appearance on August 7, 2023.

5.) On August 7, 2023, the Plaintiff verified that Service of the Summons and Complaint on State Defendants were completed on July 19, 2023, and the Plaintiff is awaiting receipt in the mail or email of Return Summons to file with the Court in this matter.

6.) Therefore, Plaintiff's good faith Motion for Extension of Time to Amend Complaint dated August 8, 2023 is timely filed.

7.) Since the Court in *Seguin v. Rhode Island Office of Child Support Services, et. al.,* **1:23-cv-00034-WES-PAS**, Text Order dated July 28, 2023 not only did not find Plaintiff's similarly pled motion for extension of time pleading similar facts and arguments frivolous, there is no precedent, no factual basis nor any basis in law for the State Defendants to slander the pro se Plaintiff's good faith Motion for Extension of Time as "frivolous."

8.) As such, the State Defendants Objection's slanderous arguments are plainly not grounded in any facts relevant to Rule 15(a)(1)(A) in THIS matter, plainly frivolous and in bad faith by an officer of court, further violative of Rule 11, that plainly wasted the Court's time and resources without any cause. The pro se Plaintiff hereby seeks the Court's safeguard protection from the State actors in this Court.

**Prayer**

**WHEREFORE**, the Plaintiff respectfully requests an extension of time of 60 days to file an amended complaint. The Plaintiff respectfully requests an extension through to and including **October 27, 2023**. The Plaintiff obtained ***new evidence*** and ***newly verified facts*** through the Family court-ordered discovery and state and federal access to public records statutory rights, and respectfully requests the extension to amend the complaint, and to prepare and present the new evidence and plead federal claims.

Plaintiff respectfully requests the Court to grant any and all further relief to the Plaintiff that is fair and just in the circumstances.

Respectfully submitted,
August 16, 2023

                                        FOR PLAINTIFF
                                        MARY SEGUIN, Pro Se.

By: _____*Mary Seguin*_____
Mary Seguin
P.O. Box 22022
Houston, TX 77019
maryseguin22022@gmail.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on August 16, 2023, I filed the within via the ECF filing system and that a copy is available for viewing and downloading.

_____*Mary Seguin*_____