# EXHIBIT A

**Supreme Court**

In re: Rhode Island Judiciary Provisional     :
Rules of Practice Governing Public Access to    :
     Electronic Case Information          :

# O R D E R

The attached amendments to the Rhode Island Judiciary Provisional Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules) are hereby adopted. These Public Access Rules shall become effective upon the respective implementation of electronic filing in each court within the unified judicial system.

The Public Access Rules will continue to be open for public comment until further order of the Court so that attorneys and the public can provide additional comment after having the opportunity to use the electronic filing system in conjunction with the new rules. The Public Access Rules will remain available for viewing in the Supreme Court Clerk's Office and on the Rhode Island Judiciary's website at www.courts.ri.gov by clicking on the heading of Court Rules – Public Comment under the Self-help Center box on the home page.

Any person interested in offering comment to the Public Access Rules may do so in writing by submitting memoranda to the Clerk of the Supreme Court until further order of the Court.

Entered as an Order of this Court this *31*<sup>st</sup> day of ***October 2014.***

                                           /s/
                               Suttell, C.J.

                                           /s/
                               Goldberg, J.

_____/s/_____
Flaherty, J.

_____/s/_____
Robinson, J.

_____/s/_____
Indeglia, J.

**Rhode Island Judiciary**
**Provisional Rules of Practice Governing Public Access to Electronic Case Information**

1.  *Purpose*.  These Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules) are intended to address access to electronic case information that is filed in the Rhode Island Judiciary's (Judiciary) Electronic Filing System.  The Public Access Rules seek to harmonize the Judiciary's obligation to make case information available and accessible while also protecting the privacy of personal and/or otherwise ~~confidential~~ non-public information filed with the courts throughout the Judiciary.

2.  *Application*.  These Public Access Rules shall apply to all electronic documents filed in the Judiciary's Electronic Filing System.  Access to electronic documents shall be in accordance with Section 5 herein.

3.  *Definitions*.

    a.  Case Management System (CMS).  An electronic document repository database maintained and managed by the Judiciary and administered by the respective courts to track information used to manage the courts' caseload, such as case numbers, party names and identifiers, attorneys for parties, titles of all documents filed in a case, and all scheduled events in a case.

    b.  Database.  The Database is an electronic collection of court records which is accessible through the Public Access Portal and is displayed as a register of actions or Docket.

    c.  Docket.  Listing of parties, case events, document filings, or other activities in a case set forth in chronological order.

    d.  Electronic Access.  Access to electronic case information through a computer and the Internet, either from terminals located within a courthouse or a computer at a remote location.

    e.  Electronic Case Information.  Any document, information, data, or other item created, collected, received, or maintained by a court in connection with a particular case that is readable through the use of an electronic device.  This definition does not encompass data maintained by or for a ~~judge~~ judicial officer or court pertaining to a particular case or party, such as personal notes and communications, memoranda, drafts, or other working papers; or information gathered, maintained, or stored by a government agency or other entity to which the court has access but which is not entered into the ~~d~~Docket of the case.

    f.  Electronic Document.  The electronic form of pleadings, notices, motions, orders, exhibits, briefs, judgments, writs of execution, and other papers filed with a court.

g.  Electronic Filing System (EFS).  An approved Judiciary-wide system for the filing and service of pleadings, motions, and other documents or information via electronic means such as the Internet, a court-authorized remote service provider, or through other remote means to and from the Judiciary's CMS.

h.  Non-public Document.  A document which is required to be filed with a court and made available to opposing parties in the case but contains a significant amount of personal identifying information or contains information that is designated as non-public by state or federal law, court rule, court order or case law resulting in the document being designated as non-public in its entirety.

i.  Personal Identifying Information.  Information of a non-public nature which can be used to identify an individual within a document but can be redacted within the document.

j~~h~~.  Public.  An individual, group, agency, business, or non-profit entity, organization, or association.  The term also incorporates print or electronic media organizations.  A government agency for which there is no existing policy defining the agency's access to court records is also included in this definition.

k~~i~~.  Public Document.  An ~~e~~Electronic ~~d~~Document filed in the EFS that is not designated as non-public in its entirety but may contain non-public information that has been redacted. ~~does not contain any confidential information~~.

l~~j~~.  Public Access.  The process whereby a member of the ~~p~~Public may inspect and/or copy ~~e~~Electronic ~~c~~Case ~~i~~Information maintained by a court.

m~~k~~.  Public Access Portal.  The ~~P~~point of entry for ~~public users, made available on the Judiciary's website, to remotely~~ access to ~~e~~Electronic ~~c~~Case ~~i~~Information from the Judiciary's Database whether at the courthouse or remotely.

n~~l~~.  Registered User.  An individual or entity with an assigned username and password authorized by the Judiciary to access and utilize the EFS.

o~~m~~.  Remote Access.  Process by which the inspection of case information maintained by a court is accomplished by electronic means from a physical location other than a courthouse.

4.  *~~Confidentiality~~* *Non-public Filings*.  Categories of non-public filings as set forth in state or federal law include, but are not limited to, the following:

a.  Case Types.  ~~Certain case types that are required by federal or state law, court rule, court order, or case law to be kept confidential shall not be publicly accessible.  These case types include, but are not limited to, the following:~~

2

1. Juvenile case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, G.L. 1956 § 14-5-7(c), G.L. 1956 § 23-4.7-6, and G.L. 1956 § 38-2-2(4)(C);

2. Child custody case files per G.L. 1956 § 15-14.1-21 and G.L. 1956 § 38-2-2(4)(C);

3. Adoption case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, and  G.L. 1956 § 38-2-2(4)(C);

4. Termination of parental rights case files per G.L. 1956  § 15-7-7(f);

5. Mental health certification case files per G.L. 1956  § 40.1-5-26;

6. Paternity case files per G.L. 1956  § 15-8-17;

7. Sealed cases of acquitted or otherwise exonerated individuals per G.L. 1956 §§ 12-1-12(a) and 12-1-12.1(c);

8. Expunged or otherwise sealed case information per G.L. 1956  § 3-8-12; G.L. 1956 § 12-1.3-4 (c); G.L. 1956 § 12-10-12;

9. Cases initiated under the Insurance Rehabilitation and Liquidation Act per G.L. 1956  § 27-14.3-15;

10. Civil violations for possession of one (1) ounce or less of~ marijuana per G.L. 1956  § 21-28-4.01(c)(ix);

11. Complaints for an Order of Protection from Domestic Violence under Title 15, Chapter 15, Domestic Abuse Prevention, when a juvenile is a party in the case per G.L. 1956 § 15-15-3(k)(2) and  § 38-2-2(4)(C);

12. Complaints for an Order of Protection from Sexual Abuse under Title 11, Chapter 37.2, Sexual Assault Protective Orders, when a juvenile is a party in the case per G.L. 1956 § 11-37.2-1(a) and § 38-2-2(4)(C);

13. Complaints for a Civil Protective Order when a juvenile is a party in the case per G.L. 1956 § 8-10-3(g) and § 38-2-2(4)(C);

14. Any other case or portions thereof which have been sealed through an order of the court.

b. Documents.  ~~Certain documents that are designated as confidential by federal or state law, court rule, court order, or case law shall not be submitted to any court through the EFS as pP~~ublic d~~D~~ocuments.  **These documents shall be ~~submitted~~ checked off as "confidential" in the EFS in their entirety and need not be submitted in a**

3

**public form in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing.**

~~Confidential documents include, but are not limited to, the following:~~

1. All medical records, including, but not limited to, mental health records per G.L. 1956 §§ 5-37.3-4(c) and 5-37.3- 6.1(f), G.L. 1956 § 9-19-39(d), G.L. 1956 § 11-37-17(b), G.L. 1956 § 40.1-5-26, and G.L. 1956 § 40.1-5.3-15;

   a. ~~Access to medical records. A person or entity not a party to the case who can demonstrate a sufficient need for access to confidential medical records contained in a court file may request such access by submitting a motion to the court before which the matter is pending. See G.L. 1956 § 5-37.3-4(c)(1). The motion shall be heard in the usual manner and the reasons for granting or denying the request for access shall be set forth in an order. A court which allows access to a confidential medical record contained in a case file shall ensure that only information germane to the subject action is released and shall further ensure that all otherwise confidential information is sufficiently redacted in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing and these Public Access Rules. Redacted medical records released by the court in accordance with this section shall be Public Documents in the court file.~~

2. Records of the Department of Children, Youth, and Families per G.L. 1956 §§ 42-72-8(b)(13) and 42-72-8(f);

3. Statement of Assets, Liabilities, Income and Expenses submitted in Family Court and Workers' Compensation Court - G.L. 1956 § 38-2-2(4)(A)(I)(b);

4. Tax returns - G.L. 1956 § 38-2-2(4)(O);

5. Pay stubs, except for wage and salary information about public employees - G.L. 1956 §§ 38-2-2(4)(A)(I)(b);

6. Pretrial services records per G.L. 1956 § 12-13-24.

c. Information. ~~Certain categories of information that are designated as confidential by federal or state law, court rule, court order, or case law shall not be submitted to any court through the EFS as part of a public document.~~ **It is the ~~filing party~~ Registered User's responsibility to ensure that personal or otherwise ~~confidential~~ non-public information is redacted and~~/or~~ submitted ~~confidentially~~ to the court in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing.**

~~Categories of confidential information include, but are not limited to, the following:~~

4

1. Name and address of juvenile in criminal and civil cases per G.L. 1956 § 38-2-2(4)(C);

2. Identifying information pertaining to crime victims and/or confidential informants per G.L. 1956 § 38-2-2(4)~~(C)~~(D)(c) and G.L. 1956 § 12-28-1, et seq.;

3. The address of any person requesting a protective order in accordance with G.L. 1956 § 8-8.1-3(a)(3) and § 11-37.2-2(a)(2).

4~~3~~. Victim of child ~~molestation~~ sexual assault per G.L. 1956 § 11-37-8.5 and Rule 3.3 of the Superior Court Rules of Practice;

5~~4~~. Personal ~~i~~Identifying ~~i~~Information, see generally, G.L. 1956 §§ 8-15-9 and 8-15-9.1 and G.L. 1956 §§ 38-2-2(4)(A)(I)(b) and 38-2-2(4)(X), including:

   a. Full ~~D~~dates of birth;

   b. ~~Home addresses and telephone numbers;~~

   b~~e~~. Full ~~S~~social security and ~~employer~~ taxpayer identification numbers;

   c~~d~~. Financial account numbers. Numbers that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

   d~~e~~. Financial account statements. Statements that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

   e~~f~~. Driver's license numbers;

   f~~g~~. Other personal identification numbers, such as passport numbers, state identification numbers, etc.

6~~5~~. Juror names and other identifying information relating to jurors, including home addresses.

d. **Protection of ~~Confidential~~ Non-public Information in Cases Filed Prior to Electronic Filing.** Cases filed with any court before the implementation of electronic filing may contain ~~confidential~~ Non-public ~~d~~Documents or information in the ~~p~~Public file which would be deemed non-public under these Public Access Rules. Any party or attorney may submit a petition to the hearing court seeking to designate portions of the ~~p~~Public file as ~~confidential~~ non-public in accordance

with these Public Access Rules.  ~~The court shall consider said petition after service and notice by the petitioner to all interested parties.~~  Such motion shall be freely granted.  An order denying any motion to designate portions of a file as ~~confidential~~ non-public shall include the reasons serving as the basis for the denial.

5.    *Access to Case Information*

    a.    Access to medical records.

        1.  A person or entity who can demonstrate a sufficient need for access to non-public medical records contained in a court file may seek such access by submitting a petition to the court before which the matter is or was pending.

        2.  Notice of the petition shall be provided to the individual whose medical records are being sought, together with a notice that the individual may challenge the disclosure; or if the individual cannot be located, an affidavit of that fact is provided.

        3.  Any challenge to the provision of non-public medical health care information shall be heard and decided in accordance with the procedure set forth in G.L. § 5-37.3-6.1.

        4.  An order granting or denying a petition for access shall be in writing and shall set forth the reasons for the decision.

        5.  The order shall be limited to that information deemed by a judicial officer to be germane to the subject action.

        6.  The order shall further direct that all otherwise non-public information contained in the records to be accessed that is not deemed by a judicial officer to be germane to the subject action be redacted in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing and these Public Access Rules.

        7.  Redacted medical records that do not contain any Personal Identifying Information shall be deemed Public Documents in the court file.

    b~~a~~.    Courthouse Access to Case Information.

        1.  *Policy.*  Each court shall make computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone

who wishes to review ~~e~~Electronic ~~d~~Documents filed in the Judiciary's EFS during regular business hours.

2.   *Content*.

a.   *Public Access*.  Members of the Public shall have access to all ~~p~~Public ~~e~~Electronic ~~c~~Case ~~i~~Information.  This access does not include access to sealed cases or documents, or ~~confidential~~ non-public case types, documents, or information as defined in these Public Access Rules.

b.   *Attorneys*.   Attorneys who have entered an appearance in a case shall have ~~e~~Electronic ~~a~~Access at a courthouse to all documents and information about a case in which they are representing party.  This access does not include access to sealed cases or documents.  Attorneys shall have no greater access than the Public to information about cases in which they are not directly involved.

c.   *Parties and Self-represented Litigants*.  Parties to a case and self-represented litigants shall have ~~e~~Electronic ~~a~~Access at a courthouse to all documents and information about a case in which they are named as a party.  This access does not include access to sealed cases or documents.  Parties and self-represented litigants shall have no greater access than the Public to information about cases in which they are not directly involved.

d.   *State or Federal Agencies*.  State or federal agencies and employees thereof authorized by the Judiciary to access ~~e~~Electronic ~~e~~Case ~~i~~Information shall have access to ~~p~~Public ~~e~~Electronic ~~e~~Case ~~i~~Information at a courthouse.  This access ~~may~~ does not include access to sealed cases or documents, or ~~confidential~~ non-public case types, documents or information as defined in these Public Access Rules except in specific circumstances as authorized by the Judiciary.  State or federal agencies shall be approved for access by the Supreme Court.

3.   *Fees*.  No fees shall be charged for the viewing of ~~e~~Electronic ~~d~~Documents on a computer terminal provided by the Judiciary at one of its courthouses.  There may be fees associated with the printing and/or certifying of documents.

c~~b~~.   Remote ~~Public~~ Access to Case Information.

1.   *Policy*.  To allow limited Remote Access to the Database through the Public Access Portal.

7

2.    *Content.*

    a.    *The Public, Self-represented Litigants and Parties*.  Remote ~~public aA~~ccess to ~~e~~Electronic ~~c~~Case ~~i~~Information will not be immediately available to the Public, parties, and self-represented litigants but may be made available in the future at which point these Public Access Rules will be amended accordingly.

    b.    *Attorneys*.  Attorneys who have entered an appearance ~~on behalf of a client~~ in a case shall have ~~r~~Remote ~~electronic aA~~ccess to all documents and information about a case in which they are representing a party. <u>This access does not include access to sealed cases or documents.</u> ~~Upon termination of representation, or if an attorney's client is no longer a party to a pending case, an attorneys' remote electronic access to the subject case shall be terminated.~~  For all other cases in which they are not directly involved, attorneys shall have ~~r~~Remote ~~aA~~ccess to the register of actions or Docket but shall not have ~~r~~Remote ~~aA~~ccess to other ~~e~~Electronic ~~c~~Case ~~i~~Information.

    c.    *State <u>or Federal</u> Agencies*.  State <u>or federal</u> agencies and employees thereof authorized by the Judiciary to access ~~e~~Electronic ~~c~~Case ~~i~~Information shall have ~~r~~Remote ~~electronic aA~~ccess to ~~p~~Public ~~e~~Electronic ~~c~~Case ~~i~~Information.  This access ~~may~~ <u>does</u> not include access to sealed cases or documents, or ~~confidential~~ <u>non-public</u> case types, documents or information as defined in these Public Access Rules <u>except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court.</u>

  <u>3</u>~~4~~.    *Username and Passwords*.  Attorneys and ~~S~~state <u>or federal</u> ~~A~~agencies must register with the Rhode Island Supreme Court, Judicial Technology Center, for a username and password in order to utilize ~~r~~Remote ~~aA~~ccess.

  <u>4</u>~~5~~.    *Fees*.  There shall be no fees charged for ~~r~~Remote ~~aA~~ccess to the foregoing information.

<u>d.</u>    <u>Access to Exhibits.</u>

  1.    <u>*Courthouse Access*.  Exhibits are designated as Public at the courthouse.</u>

  2.    <u>*Remote Access*.  Exhibits are designated as non-public for purpose of Remote Access due to the construct of the Public Access Portal. Attorneys who have entered an appearance in a case shall have Remote Access to exhibits in a case.  State or federal agencies shall have Remote Access to exhibits in a case in accordance with Rule 5(c)(2)(c).</u>

8

## Rhode Island Judiciary
## Rules of Practice Governing Public Access to Electronic Case Information

1.  *Purpose*.  These Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules) are intended to address access to electronic case information that is filed in the Rhode Island Judiciary's (Judiciary) Electronic Filing System.  The Public Access Rules seek to harmonize the Judiciary's obligation to make case information available and accessible while also protecting the privacy of personal and/or otherwise confidential information filed with the courts throughout the Judiciary.

2.  *Application*.  These Public Access Rules shall apply to all electronic documents filed in the Judiciary's Electronic Filing System.  Access to electronic documents shall be in accordance with Section 5 herein.

3.  *Definitions*.

    a.  Case Management System (CMS).  An electronic document repository database maintained and managed by the Judiciary and administered by the respective courts to track information used to manage the courts' caseload, such as case numbers, party names and identifiers, attorneys for parties, titles of all documents filed in a case, and all scheduled events in a case.

    b.  Database.  The Database is an electronic collection of court records which is accessible through the Public Access Portal and is displayed as a register of actions or Docket.

    c.  Docket.  Listing of parties, case events, document filings, or other activities in a case set forth in chronological order.

    d.  Electronic Access.  Access to electronic case information through a computer and the Internet, either from terminals located within a courthouse or a computer at a remote location.

    e.  Electronic Case Information.  Any document, information, data, or other item created, collected, received, or maintained by a court in connection with a particular case that is readable through the use of an electronic device.  This definition does not encompass data maintained by or for a judge or court pertaining to a particular case or party, such as personal notes and communications, memoranda, drafts, or other working papers; or information gathered, maintained, or stored by a government agency or other entity to which the court has access but which is not entered into the docket of the case.

    f.  Electronic Document.  The electronic form of pleadings, notices, motions, orders, exhibits, briefs, judgments, writs of execution, and other papers filed with a court.

1

g. <u>Electronic Filing System (EFS)</u>.  An approved Judiciary-wide system for the filing and service of pleadings, motions, and other documents or information via electronic means such as the Internet, a court-authorized remote service provider, or through other remote means to and from the Judiciary's CMS.

h. <u>Public</u>.  An individual, group, agency, business, or non-profit entity, organization, or association.  The term also incorporates print or electronic media organizations.  A government agency for which there is no existing policy defining the agency's access to court records is also included in this definition.

i. <u>Public Document</u>.  An electronic document filed in the EFS that does not contain any confidential information.

j. <u>Public Access</u>.  The process whereby a member of the public may inspect and/or copy electronic case information maintained by a court.

k. <u>Public Access Portal</u>.  Point of entry for public users, made available on the Judiciary's website, to remotely access electronic case information from the Judiciary's Database.

l. <u>Registered User</u>.  An individual or entity with an assigned username and password authorized by the Judiciary to access and utilize the EFS.

m. <u>Remote Access</u>.  Process by which the inspection of case information maintained by a court is accomplished by electronic means from a physical location other than a courthouse.

4. *Confidentiality*.

a. <u>Case Types</u>.  Certain case types that are required by federal or state law, court rule, court order, or case law to be kept confidential shall not be publicly accessible.  These case types include, but are not limited to, the following:

1. Juvenile case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, G.L. 1956 § 14-5-7(c), G.L. 1956 § 23-4.7-6, and G.L. 1956 § 38-2-2(4)(C);

2. Child custody case files per G.L. 1956 § 15-14.1-21 and G.L. 1956 § 38-2-2(4)(C);

3. Adoption case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, and  G.L. 1956 § 38-2-2(4)(C);

4. Termination of parental rights case files per G.L. 1956  § 15-7-7(f);

5. Mental health certification cases per G.L. 1956  § 40.1-5-26;

6.  Paternity case files per G.L. 1956 § 15-8-17;

7.  Sealed cases of acquitted or otherwise exonerated individuals per G.L. 1956 §§ 12-1-12(a) and 12-1-12.1(c);

8.  Expunged or otherwise sealed case information per G.L. 1956 § 3-8-12; G.L. 1956 § 12-1.3-4 (c); G.L. 1956 § 12-10-12;

9.  Cases initiated under the Insurance Rehabilitation and Liquidation Act per G.L. 1956 § 27-14.3-15;

10. Civil violations for possession of one (1) ounce or less or marijuana per G.L. 1956 § 21-28-4.01(c)(ix);

11. Any other case or portions thereof which have been sealed through an order of the court.

b.  <u>Documents</u>.  Certain documents that are designated as confidential by federal or state law, court rule, court order, or case law shall not be submitted to any court through the EFS as public documents.  **These documents shall be submitted as "confidential" in their entirety and need not be submitted in a public form in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing.**

Confidential documents include, but are not limited to, the following:

1.  All medical records, including, but not limited to, mental health records per G.L. 1956 §§ 5-37.3-4(c) and 5-37.3- 6.1(f),  G.L. 1956 § 9-19-39(d), G.L. 1956 § 11-37-17(b),G.L. 1956 § 40.1-5-26, and  G.L. 1956 § 40.1-5.3-15;

    a.  <u>Access to medical records.</u>  A person or entity not a party to the case who can demonstrate a sufficient need for access to confidential medical records contained in a court file may request such access by submitting a motion to the court before which the matter is pending.  <u>See</u> G.L. 1956 § 5-37.3-4(c)(1).  The motion shall be heard in the usual manner and the reasons for granting or denying the request for access shall be set forth in an order.  A court which allows access to a confidential medical record contained in a case file shall ensure that only information germane to the subject action is released and shall further ensure that all otherwise confidential information is sufficiently redacted in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing and these Public Access Rules.  Redacted medical records released by the court in accordance with this section shall be Public Documents in the court file.

2. Records of the Department of Children, Youth, and Families per G.L. 1956 §§ 42-72-8(b)(13) and 42-72-8(f);

3. Statement of Assets, Liabilities, Income and Expenses submitted in Family Court and Workers' Compensation Court - G.L. 1956 § 38-2-2(4)(A)(I)(b);

4. Tax returns - G.L. 1956 § 38-2-2(4)(O);

5. Pay stubs, except for wage and salary information about public employee - G.L. 1956 §§ 38-2-2(4)(A)(I)(b);

6. Pretrial services records per G.L. 1956 § 12-13-24.

c. <u>Information</u>.  Certain categories of information that are designated as confidential by federal or state law, court rule, court order, or case law shall not be submitted to any court through the EFS as part of a public document.  **It is the filing party's responsibility to ensure that personal or otherwise confidential information is redacted and/or submitted confidentially to the court in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing**.

Categories of confidential information include, but are not limited to, the following:

1. Name and address of juvenile in criminal and civil cases per G.L. 1956 § 38-2-2(4)(C);

2. Identifying information pertaining to crime victims and/or confidential informants per G.L. 1956  § 38-2-2(4)(C);

3. Victim of child molestation sexual assault per G.L. 1956  § 11-37-8.5 and  Rule 3.3 of the Superior Court Rules of Practice;

4. Personal identifying information, see generally, G.L. 1956  §§ 8-15-9 and 8-15-9.1 and G.L. 1956 §§ 38-2-2(4)(A)(I)(b) and 38-2-2(4)(X), including:

    a. Dates of birth;

    b. Home addresses and telephone numbers;

    c. Social security and employer identification numbers;

    d. Financial account numbers.  Numbers that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

4

e.  Financial account statements.  Statements that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

f.  Driver's license numbers;

g.  Other personal identification numbers, such as passport numbers, state identification  numbers, etc.;

5.  Juror names and other identifying information relating to jurors.

d.  <u>Protection of Confidential Information in Cases Filed Prior to Electronic Filing.</u> Cases filed with any court before the implementation of electronic filing may contain confidential documents or information in the public file.  Any party or attorney may submit a motion to the hearing court seeking to designate portions of the public file as confidential in accordance with these Rules of Practice.  Such motion shall be freely granted.  An order denying any motion to designate portions of a file as confidential shall include the reasons serving as the basis for the denial.

5.  *Access to Case Information*

a.  <u>Courthouse Access.</u>

1.  *Policy*.  Each court shall make computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone who wishes to review electronic documents filed in the Judiciary's EFS during regular business hours.

2.  *Content*.

a.  *Public Access.*  Members of the Public shall have access to all public electronic case information.  This access does not include access to sealed cases or documents, or confidential case types, documents, or information as defined in these Public Access Rules.

b.  *Attorneys.*   Attorneys who have entered an appearance in a case shall have electronic access at a courthouse to all documents and information about a case in which they are representing a party.  This access does not include access to sealed cases or documents. Attorneys shall have no greater access than the Public to information about cases in which they are not directly involved.

c.  *Parties and Self-represented Litigants.*  Parties to a case and self-represented litigants shall have electronic access at a courthouse to all

5

documents and information about a case in which they are named as a party. This access does not include access to sealed cases or documents. Parties and self-represented litigants shall have no greater access than the Public to information about cases in which they are not directly involved.

    d. *State Agencies*. State agencies and employees thereof authorized by the Judiciary to access electronic case information shall have access to public electronic case information at a courthouse. This access does not include access to sealed cases or documents, or confidential case types, documents or information as defined in these Public Access Rules.

    3. *Fees*. No fees shall be charged for the viewing of electronic documents on a computer terminal provided by the Judiciary at one of its courthouses. There may be fees associated with the printing and/or certifying of documents.

b. <u>Remote Public Access.</u>

    1. *Policy.* To allow limited Remote Access to the Database through the Public Access Portal.

    2. *Content.*

        a. *The Public, Self-represented Litigants and Parties*. Remote public access to electronic case information will not be immediately available to the Public, parties, and self-represented litigants but may be made available in the future at which point these Public Access Rules will be amended accordingly.

        b. *Attorneys*. Attorneys who have entered an appearance on behalf of a client in a case shall have remote electronic access to all documents and information about a case in which they are representing a party. Upon termination of representation, or if an attorney's client is no longer a party to a pending case, an attorneys' remote electronic access to the subject case shall be terminated. For all other cases in which they are not directly involved, attorneys shall have remote access to the register of actions or Docket but shall not have remote access to other electronic case information.

        c. *State Agencies*. State agencies and employees thereof authorized by the Judiciary to access electronic case information shall have remote electronic access to public electronic case information. This access may not include access to sealed cases or documents, or confidential documents or information as defined in these Public Access Rules.

4.    *Username and Passwords.*  Attorneys and State Agencies must register with the Rhode Island Supreme Court, Judicial Technology Center, for a username and password in order to utilize remote access.

5.    *Fees.*  There shall be no fees charged for remote access to the foregoing information.

# EXHIBIT B

## RHODE ISLAND JUDICIARY RULES OF PRACTICE
## GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION

**Rule 1. Purpose.**

These Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules) are intended to address access to electronic case information that is filed in the Rhode Island Judiciary's (Judiciary) Electronic Filing System or scanned and filed into the Judiciary's case management system at the clerk's office. The Public Access Rules seek to harmonize the Judiciary's obligation to make case information available and accessible while also protecting the privacy of personal and/or otherwise non-public information filed with the courts throughout the Judiciary. (As adopted May 7, 2014; amended October 31, 2014; January 29, 2016.)

**Rule 2. Application.**

These Public Access Rules shall apply to all electronic documents filed in the Judiciary's Electronic Filing System or scanned and filed into the Judiciary's case management system at the clerk's office. Access to electronic documents shall be in accordance with Rule 5 herein. (As adopted May 7, 2014; amended January 29, 2016; December 13, 2016.)

**Rule 3. Definitions.**

**(a) Case Management System (CMS).** An electronic document repository database maintained and managed by the Judiciary and administered by the respective courts to track information used to manage the courts' caseload, such as case numbers, party names and identifiers, attorneys for parties, titles of all documents filed in a case, and all scheduled events in a case.

**(b) Database.** The Database is an electronic collection of court records which is accessible through the Rhode Island Judiciary Public Portal and is displayed as a register of actions or Docket.

**(c) Docket.** Listing of parties, case events, document filings, or other activities in a case set forth in chronological order.

**(d) Electronic Access.** Access to electronic case information through a computer and the Internet, either from terminals located within a courthouse or a computer at a remote location.

**(e) Electronic Case Information.** Any document, information, data, or other item created, collected, received, or maintained by a court in connection with a particular case that is readable through the use of an electronic device. This definition does not encompass data maintained by or for a judicial officer or court pertaining to a particular case or party, such as personal notes and communications, memoranda, drafts, or other working papers; or information gathered, maintained, or stored by a government agency or other entity to which the court has access but which is not entered into the Docket of the case.

**(f) Electronic Document.** The electronic form of pleadings, notices, motions, orders, exhibits, briefs, judgments, writs of execution, and other papers filed with a court.

**(g) Electronic Filing System (EFS).** An approved Judiciary-wide system for the filing and service of pleadings, motions, and other documents or information via electronic means such as the Internet, a court-authorized remote service provider, or through other remote means to and from the Judiciary's CMS.

**(h) Non-public Document.** A document which is required to be filed with a court and made available to opposing parties in the case but contains a significant amount of personal identifying information or contains information that is designated as non-public by state or federal law, court rule, court order or case law resulting in the document being designated as non-public in its entirety.

**(i) Personal Identifying Information.** Information of a non-public nature which can be used to identify an individual within a document but can be redacted within the document.

**(j) Public.** An individual, group, agency, business, or non-profit entity, organization, or association. The term also incorporates print or electronic media organizations. A government agency for which there is no existing policy defining the agency's access to court records is also included in this definition.

**(k) Public Document.** An Electronic Document filed in the EFS that is not designated as non-public in its entirety but may contain non-public information that has been redacted.

**(l) Public Access.** The process whereby a member of the Public may inspect and/or copy Electronic Case Information maintained by a court.

**(m) Registered User.** An individual or entity with an assigned username and password authorized by the Judiciary to access and utilize the EFS.

**(n) Remote Access.** Process by which the inspection of case information maintained by a court is accomplished by electronic means from a physical location other than a courthouse.

**(o) Rhode Island Judiciary Public Portal (Public Portal).** An online service provided and maintained by the Judiciary which, for purposes of these rules, is the point of entry for access to Electronic Case Information from the Judiciary's Database whether at the courthouse or remotely. (As adopted May 7, 2014; amended October 31, 2014; December 13, 2016.)

**Rule 4. Non-public Filings.** Categories of non-public filings as set forth in state or federal law include, but are not limited to, the following:

**(a) Case Types.**

*(1)* Juvenile case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, G.L. 1956 § 14-5-7(c), G.L. 1956 § 23-4.7-6, and G.L. 1956 § 38-2-2(4)(C);

*(2)* Child custody case files per G.L. 1956 § 15-14.1-21 and G.L. 1956 § 38-2-2(4)(C);

*(3)* Adoption case files per G.L. 1956 § 8-10-21, G.L. 1956 § 14-1-5, and G.L. 1956 § 38-2-2(4)(C);

*(4)* Termination of parental rights case files per G.L. 1956 § 15-7-7(f);

*(5)* Mental health certification cases per G.L. 1956 § 40.1-5-26;

*(6)* Paternity case files per G.L. 1956 § 15-8-17;

*(7)* Sealed cases of acquitted or otherwise exonerated individuals per G.L. 1956 §§ 12-1-12(a) and 12-1-12.1(c);

*(8)* Expunged or otherwise sealed case information per G.L. 1956 § 3-8-12; G.L. 1956 § 12-1.3-4(c); G.L. 1956 § 12-10-12;

*(9)* Cases initiated under the Insurance Rehabilitation and Liquidation Act per G.L. 1956 § 27-14.3-15;

*(10)* Civil violations for possession of one (1) ounce or less of marijuana per G.L. 1956 § 21-28-4.01(c)(ix);

*(11)* Complaints for an Order of Protection from Domestic Violence under Title 15, Chapter 15, Domestic Abuse Prevention, when a juvenile is a party in the case per G.L. 1956 § 15-15-3(k)(2) and § 38-2-2(4)(C);

*(12)* Complaints for an Order of Protection from Sexual Abuse under Title 11, Chapter 37.2, Sexual Assault Protective Orders, when a juvenile is a party in the case per G.L. 1956 § 11-37.2-1(a) and § 38-2-2(4)(C);

*(13)* Complaints for a Civil Protective Order when a juvenile is a party in the case per G.L. 1956 § 8-10-3(g) and § 38-2-2(4)(C);

*(14)* Civil marijuana cases per G.L. 1956 § 8-8.2-21 and § 21-28- 4.01(c)(2)(ix); and

*(15)* Any other case or portions thereof which have been sealed through an order of the court.

**(b) Documents.** These documents shall be checked off by the Registered User as "confidential" in the EFS in their entirety and need not be submitted in a public form in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing.

*(1)* All medical records, including, but not limited to, mental health records per G.L. 1956 §§ 5-37.3-4(c) and 5-37.3- 6.1(f), G.L. 1956 § 9-19-39(d), G.L. 1956 § 11-37-17(b),G.L. 1956 § 40.1-5-26, and G.L. 1956 § 40.1-5.3-15;

*(2)* Records of the Department of Children, Youth, and Families per G.L. 1956 §§ 42-72-8(b)(13) and 42-72-8(f);

*(3)* Statement of Assets, Liabilities, Income and Expenses submitted in Family Court and Workers' Compensation Court - G.L. 1956 § 38-2- 2(4)(A)(I)(b);

*(4)* Tax returns - G.L. 1956 § 38-2-2(4)(O);

*(5)* Pay stubs, except for wage and salary information about public employees - G.L. 1956 §§ 38-2-2(4)(A)(I)(b);

*(6)* Pretrial services records per G.L. 1956 § 12-13-24; and

*(7)* Driver's abstracts per G.L. 1956 § 27-49-3.1.

**(c) Information.** It is the filing party's responsibility to ensure that personal or otherwise non-public information is redacted and submitted to the court in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Electronic Filing.

*(1)* Name and address of juvenile in criminal and civil cases per G.L. 1956 § 38-2-2(4)(C);

(2) Identifying information pertaining to crime victims and/or confidential informants per G.L. 1956 § 38-2-2(4)(D)(c) and G.L. 1956 § 12-28-1, et seq.;

*(3)* The address of any person requesting a protective order in accordance with G.L. 1956 § 8-8.1-3(a)(3) and § 11-37.2-2(a)(2);

*(4)* Victim of child molestation sexual assault per G.L. 1956 § 11-37-8.5 and Rule 3.3 of the Superior Court Rules of Practice;

*(5)* Personal Identifying Information, see generally, G.L. 1956 §§ 8-15-9 and 8-15-9.1 and G.L. 1956 §§ 38-2-2(4)(A)(I)(b) and 38-2-2(4)(X), including:

*(a)* Full social security and taxpayer identification numbers;

*(b)* Financial account numbers. Numbers that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

*(c)* Financial account statements. Statements that identify specific assets such as loans, bank accounts, mortgages, investment accounts, credit card numbers, personal identification numbers, etc.;

*(d)* Driver's license numbers; and

*(e)* Other personal identification numbers, such as passport numbers, state identification numbers, etc.

*(6)* Juror names and other identifying information relating to jurors, including home addresses.

 *(7)* In cases of human trafficking, the identity, pictures, and images of the alleged victim and the family of the alleged victim per G.L. 1956 § 11-67.1-13.

**d. Protection of Non-public Information in Cases Filed Prior to Electronic Filing.** Cases filed with any court before the implementation of electronic filing may contain Non-public Documents or information which would be deemed non-public under these Public Access Rules. Cases filed prior to the conversion to electronic filing will be scanned and converted to electronic form upon the filing of a new pleading or if the matter is scheduled for hearing before a court. If a case file is closed or dormant, the file will not be converted to electronic format and will remain in

paper form unless and until some action is taken in the case.

*(1)* For active pending cases, any party or attorney may file a Motion to Protect Non-Public Information in a Case Filed Prior to Electronic Filing in the specific case with the respective court seeking to designate portions of the Public file as non-public in accordance with these Public Access Rules. The court shall hear the motion after notice by the filing party to all parties in the case and any individual to whom the subject records pertain if not a named party. Such motion shall be freely granted and, in cases in which the motion is denied, there shall be a hearing. An order denying any motion to designate portions of a file as non-public shall include the reasons serving as the basis for the denial.

*(2)* When a closed or pending case that has been dormant for one (1) year or more is to be scanned and converted to electronic format in accordance with subsection (a) above, the clerk shall send a notice to the attorneys of record at their current address as verified by the Clerk of the Supreme Court and parties, to the extent a current address may be available, before the file is scanned. The notice shall advise the attorneys and parties that the subject case file is to be converted to electronic format and that the attorneys and parties may wish to review the file's contents and may submit a Motion to Protect Non-Public Information in a Case Filed Prior to Electronic Filing in accordance with subparagraph (1) of this rule. The clerks shall allow fifteen (15) days from the mailing of the notice.

*(3)* The most current version of the Motion to Protect Non-Public Information in a Case Filed Prior to Electronic Filing is located on the Rhode Island Judiciary's website at *www.courts.ri.gov* under Public Resources, Forms. (As adopted May 7, 2014; amended October 31, 2014; January 29, 2016; December 13, 2016.)

## Rule 5. Access to Case Information.

### (a) Access to medical records.

*(1)* A person or entity who can demonstrate a sufficient need for access to non-public medical records contained in a court file may seek such access by submitting a petition to the court before which the matter is or was pending.

*(2)* Notice of the petition shall be provided to the individual whose medical records are being sought, together with a notice that the individual may challenge the disclosure; or if the individual cannot be located, an affidavit of that fact is provided.

*(3)* Any challenge to the provision of non-public medical health care information shall be heard and decided in accordance with the procedure set forth in G.L. § 5-37.3-6.1.

*(4)* An order granting or denying a petition for access shall be in writing and shall set forth the reasons for the decision.

*(5)* The order shall be limited to that information deemed by a judicial officer to be germane to the subject action.

*(6)* The order shall further direct that all otherwise non-public information contained in the records to be accessed that is not deemed by a judicial officer to be germane to the subject action be redacted in accordance with Article X, Rule 8 of the Supreme Court Rules Governing Elec-

tronic Filing and these Public Access Rules.

**(b) Courthouse Access to Case Information.**

*(1) Policy.* Each court shall make computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone who wishes to review Electronic Documents filed in the Judiciary's EFS during regular business hours.

*(2) Content.*

*(a) Public Access.* Members of the Public shall have access to all Public Electronic Case Information. This access does not include access to sealed cases or documents, or non-public case types, documents, or information as defined in these Public Access Rules.

*(b) Attorneys.* Attorneys who have entered an appearance in a case shall have Electronic Access at a courthouse to all documents and information about a case in which they are representing a party. This access does not include access to sealed cases or documents. Attorneys shall have no greater access than the Public to information about cases in which they are not directly involved.

*(c) Parties and Self-represented Litigants.* Parties to a case and self-represented litigants shall have Electronic Access at a courthouse to all documents and information about a case in which they are named as a party. This access does not include access to sealed cases or documents. Parties and self-represented litigants shall have no greater access than the Public to information about cases in which they are not directly involved.

*(d) State or Federal Agencies.* State or federal agencies and employees thereof authorized by the Judiciary to access Electronic Case Information shall have access to Public Electronic Case Information at a courthouse. This access does not include access to sealed cases or documents, or non-public case types, documents or information as defined in these Public Access Rules except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court.

*(3) Fees.* No fees shall be charged for the viewing of Electronic Documents on a computer terminal provided by the Judiciary at one of its courthouses. There may be fees associated with the printing and/or certifying of documents.

**(c) Remote Access to Case Information.**

*(1) Policy.* To allow limited Remote Access to the Database through the Public Portal. Non-public case types shall not be remotely accessible except for certain case types to attorneys who have entered an appearance in a case.

*(2) Content.*

*(a) The Public, Self-represented Litigants and Parties.* The Public, self-represented litigants, and parties shall have Remote Access to the register of actions or Docket but shall not have Remote Access to other Electronic Case Information.

Revised August 2018

(b) *Attorneys.* Attorneys who have entered an appearance in a case shall have Remote Access to all documents and information about a case in which they are representing a party. This access does not include access to sealed cases or documents. For all other cases in which they are not directly involved, attorneys shall have Remote Access to Public Electronic Case Information.

(c) *State or Federal Agencies.* State or federal agencies and employees thereof authorized by the Judiciary to access Electronic Case Information shall have Remote Access to Public Electronic Case Information. This access does not include access to sealed cases or documents, or non-public case types, documents or information as defined in these Public Access Rules except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court.

(3) *Username and Passwords.* Attorneys and state or federal agencies must register with the Rhode Island Supreme Court, Judicial Technology Center, for a username and password in order to utilize Remote Access.

(4) *Fees.* There shall be no fees charged for Remote Access to the foregoing information.

**(d) Access to Exhibits.**

(1) *Courthouse Access.* Exhibits are designated as Public at the courthouse.

(2) *Remote Access.* Exhibits are designated as non-public for the purpose of Remote Access due to the construct of the Public Portal. Attorneys and state or federal agencies shall have Remote Access to exhibits in a case in accordance with Rule 5(c)(2)(b) and (c). (As adopted May 7, 2014; amended October 31, 2014; January 29, 2016; December 13, 2016.)

# EXHIBIT C

**Rhode Island Family Court**
**Administrative Order No. 2021-01**

## CONTINUITY OF OPERATIONS IN RESPONSE TO COVID-19 PANDEMIC

In accordance with the administrative and supervisory responsibilities conferred on the Chief Judge of the Family Court under R.I. Gen Laws § 8-10-14 and pursuant to Executive Order No. 2021-04 of the Supreme Court regarding the gradual resumption of pre-pandemic business operations of the courts given the pandemic's diminishing threat to the health, safety, and welfare of the public, it is hereby ordered as follows.

### A. Hearings, Trials, and Appearances

1. **In-person Hearings, Trials, and Appearances.**

   The following matters shall be conducted in person unless the presiding judicial officer or the administration directs either *sua sponte* or upon motion that the matter or portions of the matter be conducted remotely in accordance with the directives for remote hearings set forth in Paragraph 3(a) below:

   - emergency motions;
   - hearings for restraining orders;
   - *ex parte* motions;
   - probable cause hearings;
   - trials, except for uncontested nominal divorce trials;
   - adoption hearings;
   - arraignments;
   - contempt motions;
   - affirmations;
   - hearings for miscellaneous matters under R.Juv.P. 53;
   - supervised visitations;
   - clinical intake assessments by the Women's Services Department;

- drug screen appointments; and,
- mental health evaluations.

**2. Remote Hearings, Trials, and Appearances.**

The following matters shall be conducted remotely unless the presiding judicial officer or the administration either *sua sponte* or upon motion or request directs that the matter or portions of the matter be conducted in person:

- uncontested nominal divorce trials;
- motions, except for emergency motions and *ex parte* motions;
- pre-trial conferences;
- appeals from a decision of a magistrate;
- permanency hearings;
- bench conferences and chamber conferences;
- reviews;
- child support matters, except for contempt motions;
- intake interviews by the Juvenile Justice Department;
- mediation appointments;
- truancy diversion hearings;
- hearings on the Immigration Calendar, the Voluntary Extension of Care Calendar, the Safe & Secure Baby Court, and the Drug Court—Diversion/Post Adjudication Calendar.

**3. Method of, Recording of, Public Access to, and Self-represented Litigants' Access to Remote Hearings, Trials, and Appearances.**

a)   All remote hearings, trials, and appearances shall be conducted by telephone or by videoconference using the WebEx platform.

b)   All remote trials and hearings will be recorded by stenographic means or by a court recorder.

c)   All civil matters and adult criminal matters conducted remotely shall be made accessible to the public through the Judicial Live Stream

which can be found at the judiciary's website, www.courts.ri.gov under "Public Access to Court Hearings".

    **d)**    The web address and or telephone number and access code, as appropriate, required to participate in a remote trial, hearing, or other matter can be found on the summons or notice, as appropriate. Upon notice of at least three (3) business days to the appropriate clerk's office as listed on the summons, accommodations at the courthouses will be made for self-represented litigants who do not have access to a suitable electronic device.

    **4. Exhibits.**

Any exhibit to be introduced into evidence at a remote hearing or trial must be forwarded by e-mail to either JuvenileExhibits@courts.ri.gov or DomesticExhibits@courts.ri.gov, as appropriate, and to all other parties no more than seven (7) and at least two (2) business days before the date of the scheduled hearing or trial. If a party does not have the ability to receive e-mail, the exhibit must be provided to that party by mail or facsimile transmission at least two (2) days before the hearing. If a party does not have the ability to send e-mail, the exhibit must be provided to the court and all other parties by mail no more than seven (7) and at least two (2) business days before the scheduled hearing or trial.

The clerks' office will attach the exhibit to the appropriate exhibit tab or enter the document into the case management system as appropriate.

No document other than proposed exhibits are to be e-mailed to the appropriate exhibits e-mail address. Exhibits should not be filed at the clerk's office.

    **5. Scheduling of Hearing, Trials, and Appearances.**

All hearings, trials, and appearances shall be scheduled for a time certain with the exception of emergency matters and *ex parte* motions.

6. **Masks.**

The presiding judicial officer or the administration may require jurors, staff, attorneys, witnesses, spectators, litigants, social workers, and all others in attendance to wear masks during the hearing, trial, or appearance regardless of vaccination status.

B. **Filings.**

1) **Non-Emergency Filings.**

   a) Registered-users shall file non-emergency matters by using the electronic filing system in accordance with the Family Court Rules of Domestic Relations Procedure, the Rules for Juvenile Proceedings, and the Family Court Rules of Criminal Procedure, as appropriate, unless as provided for elsewhere in this administrative order.

   b) Non-registered users may file non-emergency matters by mail or e-mail to virtualfamilyclerk@court.ri.gov.

2) **Emergency Filings.**

   a) Registered-users should file emergency motions through the electronic filing system. After filing an emergency motion through the electronic filing system, the registered-user should contact the appropriate clerks' office. The supervisor will further process the papers.

   b) Non-registered users may file emergency motions, by e-mail to virtualfamilyclerk@courts.ri.gov or in person at the appropriate clerk's office.

3) **Non-emergency In-person Filings.**

Non-emergency filings that are not capable of being filed through the electronic filing system, may be filed in person at the appropriate clerk's office. Appointments are recommended. To obtain an appointment, contact the appropriate clerks' office.

**4) Telephone Number and E-mail Address Required.**

No filing shall be processed from a non-registered user unless the filing contains a current telephone number and current e-mail address for the filer, if any. When filing initiating documents, all filers will provide a telephone number and e-mail address for the opposing party, if known.

**C. Summonses.**

Summonses and notices may command that a litigant appear remotely or in person at a date, time, and in the manner described in the summons or notice.

This Order supersedes Administrative Order 2020-05 and will remain in effect until further notice or unless superseded by a subsequent Administrative Order.

Date: 8-6-2021                          /s/

_____

Michael B. Forte
Chief Judge

**EXHIBIT D**



# RHODE ISLAND JUDICIARY



**COURTS** | **AMERICANS WITH DISABILITIES ACT** | **ATTORNEY RESOURCES** | **INTERPRETERS** | **PUBLIC RESOURCES** | Search...

**How Do I?**

Apply for a position in the Rhode Island Judiciary?

Bid on projects solicited by the Judiciary?

Check the status of my refund?

Find a lawyer to represent me in my Workers' Compensation Court case?

Get a case heard at the Workers' Compensation Court?

1 - 5

**Disclaimer**

## Self-help Center

**Forms**

### Representing Yourself

You may represent yourself in a lawsuit. If you represent yourself in a lawsuit without an attorney's assistance you are called a pro se litigant. Pro se is a Latin phrase which means "for oneself" or "on one's own behalf." Pro se litigants are also called self-represented litigants. In criminal matters, you have a constitutional right to represent yourself. In civil matters, there is no such right but it is a choice made by you. However, in some cases where a corporation is a party, attorneys are required to appear on the corporation's behalf.

Although you can represent yourself, when you enter the courtroom you are tasked with having the same knowledge of the court process as an attorney. This can be a daunting endeavor especially if you did not attend law school. In an effort to better navigate the Rhode Island court system, we have created a Self-Help Center which may answer many of your questions and direct you to find the information you need to represent yourself.

### Here is What Judiciary Employees Can do to Help You

- Give you general information and guidance. Staff can direct you to legal resources where you may obtain the answers to your questions.

- Give you general information about court rules, procedures, and practices and answer questions about how the court system works.

- Allow you to view your court file or other public files and provide copies of documents for a charge.

- Give you court forms and general information about how to fill them out. Employees cannot complete any forms for you.

- Answer questions about the computation of deadlines or due dates.

- Give you information about court schedules and calendars.

- Give you general information about how to get legal assistance. Employees cannot recommend a specific lawyer.

- Give you information about mediation, parenting courses, courses for children of divorcing parents, and community services.

- Direct you to our law libraries in our courthouses.

- At the State Law Library, help you find aids and tutorials to assist you in your legal research.

### Here is What Judiciary Employees Cannot do to Help You

- Give you legal advice. Staff cannot answer questions that involve making decisions about options, assessing risks and benefits, and analyzing potential outcomes.

- Tell you whether to file a case, what specific action you should take, or if there is another procedural alternative in your case.

- Allow you to talk to a judge or magistrate privately or give them any messages on your behalf.

- Give out information that allows one party an advantage over another.

- Give information to one party and not the other(s).

- Change or alter any court records in a file.

**Frequently Asked Questions**
District Court

Administrative Appeals

Civil

Criminal (Coming Soon)

Landlord/Tenant

Pretrial Services

Small Claims (Coming Soon)

Interpreters

Judicial Records Center Policies and Procedures

Law Library

General Questions

Resources for Self-Represented Litigants and members of the public

Rhode Island Traffic Tribunal (Coming Soon)

Workers' Compensation Court

Superior Court

Supreme Court

**Legal Assistance**
To follow are some helpful resources:

Rhode Island Bar Association

Armed Forces Legal Services Project

Lawyers for the Arts

Lawyer Referral Service

Lawyer Referral Service for the Elderly

Rhode Island Bar Association Volunteer Lawyer Program (VLP)

Rhode Island Commission for Human Rights

Rhode Island Legal Services, Inc.

Rhode Island Office of the Attorney

General – Civil Division

Rhode Island Office of the Public Defender

- Conduct legal research on your behalf.

- Tell you what to say in court.

- Be responsible for service of process.

- Prepare a court order for you or any other document after a hearing.

- Predict a probable outcome of your case.

**Rhode Island Judiciary 2014**

Website Use Policy

# EXHIBIT E

 Gmail

Mary Seguin <maryseguin22022@gmail.com>

## Plaintiff's Rule 11 Motion for Sanctions
30 messages

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Mon, Feb 6, 2023 at 3:06 PM
To: "Goneconte, Alexa" <agoneconte@courts.ri.gov>, FSCCalendar <FSCCalendar@courts.ri.gov>
Cc: "Coleman, Michael (DHS)" <Michael.D.Coleman@dhs.ri.gov>

    Good afternoon,

    I filed the attached Rule 11 Motion for Sanctions today and will bring
    it up tomorrow at the hearing.  I filed the Omnibus Form for this
    motion as well.

    Thank you,
    Mary

---

    **2 attachments**

   **Superior Court Rule 11 Motion 1.pdf**
      246K

   **Plaintiff's Rule 11 Motion for Sanctions Omnibus Calendar Assignment Form per FSC Calendar Clerk.pdf**
      367K

---

**Goneconte, Alexa** <agoneconte@courts.ri.gov>                    Tue, Feb 7, 2023 at 7:56 AM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Coleman, Michael (DHS)" <Michael.D.Coleman@dhs.ri.gov>

    You can bring up any motions that you have filed at tomorrows hearing and if any need to be re-scheduled to a new date
    then we will choose that date tomorrow.

    _____

    Alexa Goneconte
    Deputy Clerk 1
    Phone: fsccalendar@courts.ri.gov


    -----Original Message-----
    From: Mary Seguin <maryseguin22022@gmail.com>
    Sent: Monday, February 6, 2023 4:06 PM
    To: Goneconte, Alexa <agoneconte@courts.ri.gov>; FSCCalendar <FSCCalendar@courts.ri.gov>
    Cc: Coleman, Michael (DHS) <Michael.D.Coleman@dhs.ri.gov>
    Subject: Plaintiff's Rule 11 Motion for Sanctions

    ***CYBERSECURITY WARNING: This email is sent from outside of the Rhode Island Judicial Network.
    DO NOT click links or open attachments unless you recognize the sender and have verified the content is safe.***
    [Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Tue, Feb 7, 2023 at 12:05 PM
To: "Goneconte, Alexa" <agoneconte@courts.ri.gov>, FSCCalendar <FSCCalendar@courts.ri.gov>
Cc: "Coleman, Michael (DHS)" <michael.d.coleman@dhs.ri.gov>

    Good afternoon,

Please schedule a hearing for my Rule 11 Sanctions Motion on February 14th at 12PM via WebEx, which I attached below.

Thank you for your assistance.

Respectfully Submitted,
Mary Seguin

[Quoted text hidden]

---

📄 **Superior Court Rule 11 Motion 1.pdf**
246K

---

**Goneconte, Alexa** <agoneconte@courts.ri.gov>                     Tue, Feb 7, 2023 at 1:19 PM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Coleman, Michael (DHS)" <michael.d.coleman@dhs.ri.gov>

Hi –

I just spoke with Judge Cruise. As he made clear on the record today, there will be no more hearings via WebEx in this case. The formal calendar is done strictly in person and WebEx matters are heard at the discretion of each Judge.

-Alexa

_____

**Alexa Goneconte**

Deputy Clerk 1

Phone: fsccalendar@courts.ri.gov

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                     Tue, Feb 7, 2023 at 1:56 PM
To: "Goneconte, Alexa" <agoneconte@courts.ri.gov>
Cc: "Coleman, Michael (DHS)" <Michael.D.Coleman@dhs.ri.gov>

Good afternoon,

Please schedule for February 14, 2023 on the calendar.

Thank you for your assistance.

Respectfully submitted,
Mary Seguin

On Feb 7, 2023, at 1:19 PM, Geoconte, Alexa <agoneconte@courts.ri.gov> wrote:

[Quoted text hidden]

---

**Geoconte, Alexa** <agoneconte@courts.ri.gov>                    Tue, Feb 7, 2023 at 2:03 PM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Coleman, Michael (DHS)" <Michael.D.Coleman@dhs.ri.gov>

Hi -

I cannot schedule anything until after 20th on the formal calendar. We are currently full until after the 20th.

Per Judge Cruise the case was dismissed today on the record, which makes this motion and other other motions filed into this case moot.

-Alexa

Get Outlook for iOS<https://aka.ms/o0ukef>
_____
From: Mary Seguin <maryseguin22022@gmail.com>
Sent: Tuesday, February 7, 2023 2:56:49 PM
To: Geoconte, Alexa <agoneconte@courts.ri.gov>
Cc: Coleman, Michael (DHS) <Michael.D.Coleman@dhs.ri.gov>
[Quoted text hidden]
On Tue, Feb 7, 2023 at 7:56 AM Geoconte, Alexa <agoneconte@courts.ri.gov<mailto:agoneconte@courts.ri.gov>>
wrote:

You can bring up any motions that you have filed at tomorrows hearing and if any need to be re-scheduled to a new date
then we will choose that date tomorrow.

_____
Alexa Geoconte
Deputy Clerk 1
Phone: fsccalendar@courts.ri.gov<mailto:fsccalendar@courts.ri.gov>
[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Tue, Feb 7, 2023 at 2:28 PM
To: "Geoconte, Alexa" <agoneconte@courts.ri.gov>
Cc: "Coleman, Michael (DHS)" <Michael.D.Coleman@dhs.ri.gov>

Good afternoon,

I respectfully request scheduling of a hearing on February 21, 2023, to resolve my Rule 11 Motion for Sanctions that was
filed yesterday on February 6, 2023, which is a collateral issue that is not mooted.

Thank you for your assistance.

Respectfully submitted,
Mary Seguin


Sent from my iPhone

> On Feb 7, 2023, at 2:03 PM, Geoconte, Alexa <agoneconte@courts.ri.gov> wrote:
>
> Hi -
[Quoted text hidden]

**Mary Seguin** <maryseguin22022@gmail.com>                                     Tue, Feb 7, 2023 at 2:34 PM
To: "Goneconte, Alexa" <agoneconte@courts.ri.gov>
Cc: "Coleman, Michael (DHS)" <Michael.D.Coleman@dhs.ri.gov>

Sorry, I forgot to add, if the calendar is full or other reasons, I request my Rule 11 Motion for Sanctions, which is a collateral issue that is not mooted, be decided on the Pleadings.

I filed a Motion requesting the Court to this effect.

Thank you for your assistance.

Respectfully submitted,
Mary Seguin

Sent from my iPhone

> On Feb 7, 2023, at 2:28 PM, Mary Seguin <maryseguin22022@gmail.com> wrote:
>
> Good afternoon,
[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                                     Thu, Feb 9, 2023 at 9:09 AM
To: "Goneconte, Alexa" <agoneconte@courts.ri.gov>, FSCCalendar <FSCCalendar@courts.ri.gov>
Cc: "Coleman, Michael (DHS)" <michael.d.coleman@dhs.ri.gov>

Good morning Clerk of the Special Calendar,

I am respectfully following up on the Court's response to five (5) my/Plaintiff's Rule 11 for Sanction motions and Rule 11 motions to strike that were filed with this Court on February 1st, 2nd, 3rd, 6th and 7th of 2023, prior to this Court's dismissal of this case under Rule 12(b)(1) for lack of subject matter jurisdiction, that remain unresolved by this Court.  I also filed a motion on February 7, 2023 to request the Court to resolve this important collateral issue that, by law, must be resolved by the trial court.

I respectfully request the Court to advise on this important matter.

Respectfully submitted,
Mary Seguin

[Quoted text hidden]

---

**Goneconte, Alexa** <agoneconte@courts.ri.gov>                                 Thu, Feb 9, 2023 at 9:55 AM
To: Mary Seguin <maryseguin22022@gmail.com>, FSCCalendar <FSCCalendar@courts.ri.gov>
Cc: "Coleman, Michael (DHS)" <michael.d.coleman@dhs.ri.gov>

I will speak to Judge Cruise and get back to you by the end of the day

[Quoted text hidden]

---

**Goneconte, Alexa** <agoneconte@courts.ri.gov>                                 Thu, Feb 9, 2023 at 2:17 PM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Coleman, Michael (DHS)" <michael.d.coleman@dhs.ri.gov>

Good Afternoon –

An objection to order was filed today.

We will schedule a hearing on this on 2/24 at 2PM if all parties are available by webex.


-Alexa


_____

**Alexa Goneconte**

Deputy Clerk 1

Phone: fsccalendar@courts.ri.gov

---

**From:** Mary Seguin <maryseguin22022@gmail.com>
**Sent:** Thursday, February 9, 2023 10:10 AM

[Quoted text hidden]

[Quoted text hidden]

---

Coleman, Michael (DHS) <Michael.D.Coleman@dhs.ri.gov>                Thu, Feb 9, 2023 at 2:48 PM
To: "Goneconte, Alexa" <agoneconte@courts.ri.gov>, Mary Seguin <maryseguin22022@gmail.com>


DHS is available on 2/24/at2 pm by webex

Michael D. Coleman

Deputy Chief Legal Counsel

Rhode Island Department of Human Services

25 Howard Avenue, Louis Pasteur Building 57

Cranston, RI 02920

401-462-2121 | Michael.D.Coleman@dhs.ri.gov

"This message and all attachments are confidential or proprietary to DHS, and disclosures, or distribution to anyone other than the intended recipient without prior written permission of DHS is prohibited. This message and any attachments may contain confidential health information and/or confidential and/or proprietary information that is protected by law. This information is intended only for the use of the individual or entity names above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, or distribution is strictly prohibited. If you think you have received this message in error, please notify the sender by replying to the e-mail and delete the message without disclosure. Thank you."



Mary Seguin <maryseguin22022@gmail.com>

---

## transcript of Seguin v RI DHS Office

---

**Olivo, Wendy** <wolivo@courts.ri.gov>                          Fri, Feb 10, 2023 at 8:48 AM
To: Mary Seguin <maryseguin22022@gmail.com>

Ms. Seguin.

I was just thinking…. since you are a party to the case, if you appeal it  you will have access to the transcript through the portal.  You may want to consider that.

Just so you know.

_____

**Wendy Olivo**

Court Reporter

Phone: 841-8371

---

**From:** Mary Seguin <maryseguin22022@gmail.com>
**Sent:** Thursday, February 9, 2023 4:07 PM
**To:** Olivo, Wendy <wolivo@courts.ri.gov>
**Subject:** Re: transcript of Seguin v RI DHS Office

┌─────────────────────────────────────────────────────────────────────┐
**CYBERSECURITY WARNING:**   This email is sent from outside of the Rhode Island Judicial Network.

**DO NOT** click links or open attachments unless you recognize the sender and have verified the content is safe.
└─────────────────────────────────────────────────────────────────────┘

Good afternoon,

[Quoted text hidden]

                                                    **Mary Seguin <maryseguin22022@gmail.com>**

---

## APRA Request for all public records under APRA relating to RI Court's Policy, Rules and Regulation for Remote Access to Case Information
17 messages

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Sat, Jun 10, 2023 at 11:12 AM
To: akriss@courts.ri.gov

Dear Ms. Kriss,

Pursuant to R.I.G.L. Title 38, Chapter 2 entitled "Access to Public Records" (APRA), I am respectfully requesting all public records under APRA relating to RI Courts' policy, rules and regulations for "'Remote Access to Case Information." The RI Courts publish a webpage referencing this subject on the world wide web URL Home (ri.gov)  https://www.courts.ri.gov/Pages/access-caseinfo.aspx

I am attaching the completed APRA request form I downloaded from the RI COURTS RI Supreme Court website to request the requested public records under APRA.

I am also attaching, for your convenience, the pdf. file of the above webpage for your reference of URL https://www.courts.ri.gov/Pages/access-caseinfo.aspx

As requested in the attached completed APRA request form, I am requesting the records to be sent to me via email, to maryseguin22022@gmail.com

For your convenience, I am also pasting below the published information, about which I am making this APRA request, on https://www.courts.ri.gov/Pages/access-caseinfo.aspx

"The Rhode Island Judiciary Public Portal (Public Portal), which is separate from the case management system or the electronic filing system, is the point of entry for electronic access to case information from the Rhode Island Judiciary's (Judiciary) database whether at the courthouse or remotely. The database is an electronic collection of court records displayed as a register of actions or docket sheet. The register of actions or docket sheet in the Public Portal lists parties, case events, document filings, or other activities in a case set forth in chronological order. Access to the entries listed in the register of actions or docket sheet is based upon security rights and roles as further defined in the Request for Access to Case Information and Rhode Island Judiciary Data Subscription Agreement (Subscription Agreement), a copy of which is located on the right-hand side of this page.

Access to Case Information

1.  Courthouse Access to Case Information

The Supreme, Superior, Family, District, and Workers' Compensation Courts and the Rhode Island Traffic Tribunal shall have computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone who wishes to review the electronic documents filed in the Judiciary's case management system during regular business hours. Access shall include all public electronic case information. This access does not include access to sealed cases or documents or confidential case types, documents, or information as defined in the Rhode Island Judiciary Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules).

Attorneys who have entered an appearance in a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are representing a party. This access does not include access to sealed cases or documents. Self-represented litigants and parties to a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are named a party. This access does not include access to sealed cases or documents. Attorneys, self-represented litigants, and parties shall have no greater access than the public to information about cases in which they are not directly involved.

2.  Remote Access to Case Information

A.  The Public, Self-represented Litigants, and Parties to a Case

The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information.

B.  Attorneys

For Rhode Island admitted attorneys only. Attorneys who have entered an appearance on behalf of a client in a case shall have remote access to all documents and information about a case in which they are representing a party. This access may not include access to sealed cases or documents. For all other cases in which they are not directly involved, attorneys shall have remote access to the register of actions or docket and public electronic case information, including documents.  To register for remote electronic access, attorneys shall email the Judicial Technology Center (JTC) at HelpDesk@courts.ri.gov requesting access to case information and attach a signed Subscription Agreement. A JTC representative will respond by sending you a username and password. You may change your password once you access your account through the Public Portal.

C. State or Federal Agencies

Authorized state or federal agencies and employees thereof that require access to the Database in order to assist the state or federal agency in performing its lawful function shall also register for remote electronic access. This access does not include access to sealed cases or documents or confidential case types, documents, or information as defined in the Public Access Rules except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court. Each state or federal agency shall have a contact person(s) who is authorized to submit signed Subscription Agreements to the Judiciary for state or federal agency employees who require access to the Database. An authorized contact person(s) from the state or federal agency shall email the JTC at HelpDesk@courts.ri.gov requesting access to case information and attach the signed Subscription Agreements for all of the employees. The JTC will respond by sending usernames and passwords for the employees. Employees may change passwords after accessing the account through the Public Portal.

Attorney and External Agencies ONLY - Forgot Your Password?

If you forgot your password, please click on the "Attorneys and External Agencies eService Access" button on the top, right-hand side of this page or go directly to https://publicportal.courts.ri.gov/PublicPortal/account/login, then click on "Forgot Password" and follow the prompts."

Please also include in your APRA records production all APRA records as they relate to the section that states, "2. Remote Access to Case Information A.  The Public, Self-represented Litigants, and Parties to a Case.  The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information" vis-a-vis the sections for "B. Attorneys" and "C. State or Federal Agencies."  Kindly note that I have included in my attached APRA request form this specific public record request for records for this underlying variation in policies, rules and regulations differentiating the three groups and the resulting different policies, rules and regulations for the three different groups: A. The Public, Self-represented Litigants, and Parties to a Case; B. Attorneys; C. State or Federal Agencies.

Thank you in advance and look forward to hearing from you.

Respectfully submitted,
Mary Seguin

maryseguin22022@gmail.com

---

**2 attachments**

   **RI REMOTE ACCESS TO PUBLIC AND PRO SE LITIGANTS POLICY.pdf**
   204K

   **RI COURTS APRA-informationrequestform 060923.pdf**
   212K

---

**Kriss, Alexandra E.** <akriss@courts.ri.gov>                                    Mon, Jun 12, 2023 at 3:02 PM
To: Mary Seguin <maryseguin22022@gmail.com>

Hello Mary,

Thank you for contacting the Rhode Island Judiciary. Your request has been received and you will receive an answer within 10 business days.

Thank you,

*Lexi Kriss

_____

**Alexandra E. Kriss**

Assistant State Court Administrator

Phone: 401-222-8631

she/her

---

**From:** Mary Seguin <maryseguin22022@gmail.com>
**Sent:** Saturday, June 10, 2023 12:13 PM
**To:** Kriss, Alexandra E. <akriss@courts.ri.gov>
**Subject:** APRA Request for all public records under APRA relating to RI Court's Policy, Rules and Regulation for Remote Access to Case Information

**CYBERSECURITY WARNING:**   This email is sent from outside of the Rhode Island Judicial Network.

**DO NOT** click links or open attachments unless you recognize the sender and have verified the content is safe.

[Quoted text hidden]

---

Correa, Justin <jcorrea@courts.ri.gov>                                  Fri, Jun 23, 2023 at 8:59 AM
To: "maryseguin22022@gmail.com" <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

June 23, 2023

***Via Electronic Mail (maryseguin22022@gmail.com)***

Ms. Mary Seguin
P.O. Box 22022
Houston, TX 77019

    RE: Request for Information dated June 9, 2023.

Dear Ms. Seguin:

Your June 9, 2023 email request for information directed to Assistant State Court Administrator Alexandra E. Kriss has been referred to this office for review and response. In your email, you request "all public records under APRA relating to RI Courts' policy, rules and regulations for "'Remote Access to Case Information.'""

In response, I direct your attention to the 7 page Rhode Island Judiciary Rules Of Practice Governing Public Access to Electronic Case Information, accessible here: https://www.courts.ri.gov/efiling/PDF/Supreme-Rules-PublicAccess.pdf

Should you have any questions or concerns, please do not hesitate to contact me. Thank you.

Sincerely,

_____

**Justin Correa, Esq.**

Staff Attorney

Phone: (401) 222-3267

---

**From:** Mary Seguin <maryseguin22022@gmail.com>
**Sent:** Saturday, June 10, 2023 12:13 PM
**To:** Kriss, Alexandra E. <akriss@courts.ri.gov>
**Subject:** APRA Request for all public records under APRA relating to RI Court's Policy, Rules and Regulation for Remote Access to Case Information

> **CYBERSECURITY WARNING:** This email is sent from outside of the Rhode Island Judicial Network.
> **DO NOT** click links or open attachments unless you recognize the sender and have verified the content is safe.

Dear Ms. Kriss,

[Quoted text hidden]

---

Mary Seguin <maryseguin22022@gmail.com>                    Fri, Jun 23, 2023 at 11:43 AM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Dear Mr. Correa,

Thank you for your email below, and for directing me to review the 7-page rule itself.

In the 7 pages you referred me to, the requested records as to why the rule is set the way it is, are missing.  In my APRA request dated June 10, 2023, I've requested under APRA all public records relating to the remote access rules (the 7-page rules), which includes all public records as to **why** remote access is different among the various categories of people outlined in the 7 page rule you provided below; which includes the "**intent**" of and behind the rules, namely, the **policy**.

Kindly send me the requested records in electronic form via email to my email at maryseguin22022@gmail.com

I look forward to hearing from you.

Respectfully requested,
Mary Seguin

On Jun 23, 2023, at 7:59 AM, Correa, Justin <jcorrea@courts.ri.gov> wrote:

[Quoted text hidden]

**Mary Seguin** <maryseguin22022@gmail.com>                              Fri, Jun 23, 2023 at 11:44 AM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

 On Jun 23, 2023, at 10:43 AM, Mary Seguin <maryseguin22022@gmail.com> wrote:

Dear Mr. Correa,

Thank you for your email below, and for directing me to review the 7-page rule itself.

In the 7 pages you referred me to, the requested records as to why the rule is set the way it is, are missing. In my APRA request dated June 10, 2023, I've requested under APRA all public records relating to the remote access rules (the 7-page rules), which includes all public records as to **why** remote access is different among the various categories of people outlined in the 7 page rule you provided below; which includes the "**intent**" of and behind the rules, namely, the **policy**.

Kindly send me the requested records in electronic form via email to my email at maryseguin22022@gmail.com

I look forward to hearing from you.

Respectfully requested,
Mary Seguin


        On Jun 23, 2023, at 7:59 AM, Correa, Justin <jcorrea@courts.ri.gov> wrote:


        June 23, 2023

        ***Via Electronic Mail (maryseguin22022@gmail.com)***

        Ms. Mary Seguin
        P.O. Box 22022
        Houston, TX 77019

            RE: Request for Information dated June 9, 2023.

        Dear Ms. Seguin:

        Your June 9, 2023 email request for information directed to Assistant State Court
        Administrator Alexandra E. Kriss has been referred to this office for review and response.
        In your email, you request "all public records under APRA relating to RI Courts' policy, rules
        and regulations for "'Remote Access to Case Information.'""

        In response, I direct your attention to the 7 page Rhode Island Judiciary Rules Of Practice
        Governing Public Access to Electronic Case Information, accessible
        here: https://www.courts.ri.gov/efiling/PDF/Supreme-Rules-PublicAccess.pdf

        Should you have any questions or concerns, please do not hesitate to contact me. Thank
        you.

Sincerely,

_____

**Justin Correa, Esq.**

Staff Attorney

Phone: (401) 222-3267

---

**From:** Mary Seguin <maryseguin22022@gmail.com>
**Sent:** Saturday, June 10, 2023 12:13 PM
**To:** Kriss, Alexandra E. <akriss@courts.ri.gov>
**Subject:** APRA Request for all public records under APRA relating to RI Court's Policy, Rules and Regulation for Remote Access to Case Information

> **CYBERSECURITY WARNING:** This email is sent from outside of the Rhode Island Judicial Network.
> **DO NOT** click links or open attachments unless you recognize the sender and have verified the content is safe.

Dear Ms. Kriss,

Pursuant to R.I.G.L. Title 38, Chapter 2 entitled "Access to Public Records" (APRA), I am respectfully requesting all public records under APRA relating to RI Courts' policy, rules and regulations for ""Remote Access to Case Information."  The RI Courts publish a webpage referencing this subject on the world wide web URL Home (ri.gov)
https://www.courts.ri.gov/Pages/access-caseinfo.aspx

I am attaching the completed APRA request form I downloaded from the RI COURTS RI Supreme Court website to request the requested public records under APRA.

I am also attaching, for your convenience, the pdf. file of the above webpage for your reference of URL  https://www.courts.ri.gov/Pages/access-caseinfo.aspx

As requested in the attached completed APRA request form, I am requesting the records to be sent to me via email, to maryseguin22022@gmail.com

For your convenience, I am also pasting below the published information, about which I am making this APRA request, on https://www.courts.ri.gov/Pages/access-caseinfo.aspx

"The Rhode Island Judiciary Public Portal (Public Portal), which is separate from the case management system or the electronic filing system, is the point of entry for electronic access to case information from the Rhode Island Judiciary's (Judiciary) database whether at the courthouse or remotely. The database is an electronic collection of court records displayed as a register of actions or docket sheet. The register of actions or docket sheet in the Public Portal lists parties, case events, document filings, or other activities in a case set forth in chronological order. Access to the entries listed in the register of actions or docket sheet is based upon security rights and roles as further defined in the Request for Access to Case Information and Rhode Island Judiciary Data Subscription Agreement (Subscription Agreement), a copy of which is located on the right-hand side of this page.

Access to Case Information

1. Courthouse Access to Case Information

The Supreme, Superior, Family, District, and Workers' Compensation Courts and the Rhode Island Traffic Tribunal shall have computer terminals available in the respective clerks' offices in each of the courthouses for use by anyone who wishes to review the electronic documents filed in the Judiciary's case management system during regular business hours. Access shall include all public electronic case information. This access does not include access to sealed cases or documents or confidential case types, documents, or information as defined in the Rhode Island Judiciary Rules of Practice Governing Public Access to Electronic Case Information (Public Access Rules).

Attorneys who have entered an appearance in a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are representing a party. This access does not include access to sealed cases or documents. Self-represented litigants and parties to a case shall have electronic access at the respective clerks' offices in each of the courthouses to all documents and information about a case in which they are named a party. This access does not include access to sealed cases or documents. Attorneys, self-represented litigants, and parties shall have no greater access than the public to information about cases in which they are not directly involved.

2. Remote Access to Case Information

A. The Public, Self-represented Litigants, and Parties to a Case

The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information.

B. Attorneys

For Rhode Island admitted attorneys only. Attorneys who have entered an appearance on behalf of a client in a case shall have remote access to all documents and information about a case in which they are representing a party. This access may not include access to sealed cases or documents. For all other cases in which they are not directly involved, attorneys shall have remote access to the register of actions or docket and public electronic case information, including documents.  To register for remote electronic access, attorneys shall email the Judicial Technology Center (JTC) at HelpDesk@courts.ri.gov requesting access to case information and attach a signed Subscription Agreement. A JTC representative will respond by sending you a username and password. You may change your password once you access your account through the Public Portal.

C. State or Federal Agencies

Authorized state or federal agencies and employees thereof that require access to the Database in order to assist the state or federal agency in performing its lawful function shall also register for remote electronic access. This access does not include access to sealed cases or documents or confidential case types, documents, or information as defined in the Public Access Rules except in specific circumstances as authorized by the Judiciary. State or federal agencies shall be approved for access by the Supreme Court. Each state or federal agency shall have a contact person(s) who is authorized to submit signed Subscription Agreements to the Judiciary for state or federal agency employees who require access to the Database. An authorized contact person(s) from the state or federal agency shall email the JTC at HelpDesk@courts.ri.gov requesting access to case

information and attach the signed Subscription Agreements for all of the employees. The JTC will respond by sending usernames and passwords for the employees. Employees may change passwords after accessing the account through the Public Portal.

Attorney and External Agencies ONLY - Forgot Your Password?

If you forgot your password, please click on the "Attorneys and External Agencies eService Access" button on the top, right-hand side of this page or go directly to https://publicportal.courts.ri.gov/PublicPortal/account/login, then click on "Forgot Password" and follow the prompts."

Please also include in your APRA records production all APRA records as they relate to the section that states, "2. Remote Access to Case Information A. The Public, Self-represented Litigants, and Parties to a Case. The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information" vis-a-vis the sections for "B. Attorneys" and "C. State or Federal Agencies." Kindly note that I have included in my attached APRA request form this specific public record request for records for this underlying variation in policies, rules and regulations differentiating the three groups and the resulting different policies, rules and regulations for the three different groups: A. The Public, Self-represented Litigants, and Parties to a Case; B. Attorneys; C. State or Federal Agencies.

Thank you in advance and look forward to hearing from you.

Respectfully submitted,
Mary Seguin

maryseguin22022@gmail.com

---

 **cid:f_liq734fh0.pdf**
212K

---

**Correa, Justin** <jcorrea@courts.ri.gov>                    Wed, Jun 28, 2023 at 8:41 AM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Good morning Ms. Seguin,

        We're in receipt of your follow-up inquiry, depicted below, which we are treating as a separate request under the applicable Access to Public Records Act thereby entitling us to 10 business days from the date of your inquiry to respond. We will be in touch within that time period. Thank you.

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Wed, Jun 28, 2023 at 12:33 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>, "Kriss, Alexandra E." <akriss@courts.ri.gov>

Dear Mr. Correa and Ms. Kriss,

Thank you for your June 28th email below.

As you know, on June 10, 2023, I requested under APRA "all public records under APRA relating to RI Courts' policy, rules and regulations for "'Remote Access to Case Information." The RI Courts publish a webpage referencing this subject on the world wide web URL Home (ri.gov) https://www.courts.ri.gov/Pages/access-caseinfo.aspx." I further specified in the last paragraph of my June 10, 2023 APRA request email below, "Please also include in your APRA records production all APRA records as they relate to the section that states, "2. Remote Access to Case Information A. The Public, Self-represented Litigants, and Parties to a Case. The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information" vis-a-vis the sections for "B. Attorneys" and "C. State or Federal Agencies." Kindly note that I have included in my attached APRA request form this specific public record request for records for this underlying variation in policies, rules and regulations differentiating the three groups and the resulting different policies, rules and regulations for the three different groups: A. The Public, Self-represented Litigants, and Parties to a Case; B. Attorneys; C. State or Federal Agencies. Your agency's APRA Request form that I filled out states, "all APRA records as they relate to the section that states, "2. Remote Access to Case Information A. The Public, Self-represented Litigants, and Parties to a Case. The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information" vis-a-vis the sections for "B. Attorneys" and "C. State or Federal Agencies." My June 10, 2023 email below further informs you I am quoting the court rule from your agency's website, https://www.courts.ri.gov/Pages/access-caseinfo.aspx.

A plain reading of **§ 38-2-2. Definitions** instructs "*Public record" or "public records" shall mean **all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, magnetic or other tapes, electronic data processing records, computer stored data** (including electronic mail messages, except specifically for any electronic mail messages of or to elected officials with or relating to those they represent and correspondence of or to elected officials in their official capacities), or other material regardless of physical form or characteristics **made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency*.

A plain reading of **§ 38-2-2. Definitions** instructs "Agency" or "public body" means any executive, legislative, *judicial*, regulatory, or *administrative body* of the state, or any political subdivision thereof; including, but not limited to: any department, division, agency, commission, board, office, bureau, authority; any school, fire, or water district, or other agency of Rhode Island state or local government that exercises governmental functions; any authority as defined in § 42-35-1(b); or any other public or private agency, person, partnership, corporation, or business entity acting on behalf of and/or in place of any public agency.

Your email below dated June 23, 2023, in response to my June 10, 2023 APRA request, is merely a link to a 7-page document entitled "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION" that is posted on your agency's website: https://www.courts.ri.gov/efiling/PDF/Supreme-Rules-PublicAccess.pdf In sum, the 7-page document with which you responded my APRA request is a mere regurgitation of the court rule I already provided you in my June 10, 2023 APRA request email, namely, the court rule published at https://www.courts.ri.gov/Pages/access-caseinfo.aspx, except with the additional definitions section attached. In other words, your June 23rd response is akin to the General Assembly responding to APRA requests relating to APRA with only the "web-publication of the APRA Act itself." As such, your June 23rd response with just a 7 page document regurgitation of the court rule itself is a nonresponse, under APRA.

APRA states under **Section 38-2-7(b)** - Denial of access "*Failure to comply with a request to inspect or copy the public record within the ten (10) business day period shall be deemed to be a denial*."

I am willing to resolve this matter with your production of my requested public documents by email by the end of the day, which would be within twelve (12) business-day period, extra two (2) business days above and beyond the ten (10) business-days required under APRA.

As a courtesy, I am re-attaching my filled-out APRA form I attached and submitted in my June 10, 2023 APRA request email below, for your reference.

Thank you and I look forward to hearing from you.


Respectfully requested,
Mary Seguin


[Quoted text hidden]

RI COURTS APRA-informationrequestform 060923.pdf
212K

---

**Correa, Justin** <jcorrea@courts.ri.gov>                           Wed, Jun 28, 2023 at 2:57 PM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Ms. Seguin,

        We are in receipt of your below follow-up email.

        Please be advised that our June 23, 2023 response to your June 10, 2023 inquiry is not a denial.  You asked for "all public records under APRA relating to RI Courts' policy, rules and regulations for [the] 'Remote Access to Case Information'" section of the Judiciary's website.  In response, we provided you with a copy of the 7-page Rhode Island Judiciary Rules of Practice Governing Public Access to Electronic Case Information.  These Rules regulate public access to the case file information stored in the Judiciary's electronic case management system.  Particularly relevant to your inquiry is Rule 5, which sets forth the remote document access levels granted to the various parties to cases and matters (e.g. attorneys, pro-se litigants, etc.).  Thus, the Rules of Practice are not, as you assert, "a mere regurgitation of the court rule [you] already provided [us] in [your] June 10, 2023 APRA request email," but, rather, represent the authority that both (1) establishes the extent of parties' remote access to documents in Rhode Island and (2) underlies and justifies the "Remote Access to Case Information" website language you quote in your initial June 10, 2023 request.

        Accordingly, your email following up on our June 23, 2023 response and asking, in light of the document we provided, "why the rule is set the way it is," asks a new question and is, therefore, a wholly separate inquiry from your initial June 10, 2023 request.  As such, we are permitted by statute to respond to your new inquiry within 10 business days of receipt thereof.  We shall respond appropriately within this time period.

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                           Wed, Jun 28, 2023 at 4:21 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Dear Mr. Correa and Ms. Kris's,

Thank you for your reply below.

A regurgitation of the rule is non-responsive to an APRA request for all public records relating to the rule.  My June 10th APRA request email below states, to reiterate my earlier email today, " Kindly note that I have included in my attached APRA request form this specific public record request for records for this underlying variation in policies, rules and regulations differentiating the three groups and the resulting different policies, rules and regulations for the three different groups: A. The Public, Self-represented Litigants, and Parties to a Case; B. Attorneys; C. State or Federal Agencies. "

Your June 23rd response to my APRA request for all public records that consists of merely a regurgitation of the rule itself is a non-response pursuant to the quoted APRA sections in my email lbelow.  If you are not willing to provide all public records requested as defined by APRA, as discussed below, by the end of day, please confirm.

Thank you and I look forward to hearing from you.

Respectfully submitted,
Mary Seguin

On Jun 28, 2023, at 1:57 PM, Correa, Justin <jcorrea@courts.ri.gov> wrote:

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Wed, Jun 28, 2023 at 4:34 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Wed, Jun 28, 2023 at 4:34 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Wed, Jun 28, 2023 at 4:35 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Wed, Jun 28, 2023 at 4:19 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>                    Wed, Jun 28, 2023 at 7:16 PM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Hello, I just noticed in my email account that, for what appears to be technological glitch reasons, my reply email below was sent by the email server(s) multiple times.  As such, please disregard any multiple or extra copies, caused by what appears to be technology-email server(s) failure or glitch.

Sincerely yours,
Mary Seguin

On Jun 28, 2023, at 3:30 PM, Mary Seguin <maryseguin22022@gmail.com> wrote:

[Quoted text hidden]

---

**Correa, Justin** <jcorrea@courts.ri.gov>                      Fri, Jul 7, 2023 at 2:58 PM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

July 7, 2023

*Via Electronic Mail (maryseguin22022@gmail.com)*

Ms. Mary Seguin

P.O. Box 22022

Houston, TX 77019

   RE:  Request for Information dated June 23, 2023.

Ms. Seguin,

   Please treat this correspondence as the Judiciary's formal response to your June 23, 2023 request for information following up on our June 23, 2023 response to your June 10, 2023 initial request for "all public records under APRA relating to RI Courts' policy, rules and regulations for "'Remote Access to Case Information.'"  As you are aware, in response to your initial June 10 request we provided you with the 7-page Rhode Island Judiciary Rules of Practice Governing Public Access to Electronic Case Information.  In our June 23, 2023 email following up on your June 23, 2023 response, we pointed you to Rule 5 of the Rules of Practice as particularly relevant to your initial inquiry.  You now ask for documents demonstrating "why the rule is set the way it is . . . ."

   In response, please be advised that the Judiciary is not in possession of any documents responsive to this request.  Therefore, we are unable to fulfill your request pursuant to G.L. 1956 § 38-2-7(c).

   Furthermore, please be advised that even if we did possess any such documents they would be exempt from disclosure pursuant to G.L. 1956 § 38-2-2(A)(I)(a) (records relating to a client/attorney relationship) and G.L. 1956 § 38-2-2(4) (preliminary drafts, notes, impressions, memoranda, working papers, and work products).

   If you have any questions or concerns regarding the foregoing, please do not hesitate to contact me.  Should you wish to appeal this determination, you may petition the State Court Administrator, Ms. Julie P. Hamil, in writing for review in accordance with G.L. 1956 § 38-2-8.  Ms. Hamil may be reached by mail at the Licht Judicial Complex, 250 Benefit Street, 7th Floor, Providence, RI 02903.  Thank you.

Best regards,

[Quoted text hidden]

---

**Mary Seguin** <maryseguin22022@gmail.com>          Mon, Jul 10, 2023 at 10:37 AM
To: "Correa, Justin" <jcorrea@courts.ri.gov>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Good morning Mr. Correa and Ms. Kriss,

Thank you for your email response below.

Please confirm that you are saying that the RI judiciary does not possess any public records relating to the intent of the drafters of the rules and/or intent of the rules, including but not limited to any rule committee advisory notes, and/or public records relating to the intent of the drafters of the rules.

Please confirm that you are saying that my requested public records under APRA, such as advisory notes on the intent of rules, are protected by attorney-client privilege.

Since my June 10th APRA request, more than 20 business days have lapsed, therefore, please reply to my above request for confirmation by the end of day today.

Thank you and look forward to hearing from you.


Respectfully submitted,
Mary Seguin



On Jul 7, 2023, at 1:59 PM, Correa, Justin <jcorrea@courts.ri.gov> wrote:


[Quoted text hidden]

---

**Correa, Justin** <jcorrea@courts.ri.gov>                                   Mon, Jul 10, 2023 at 3:00 PM
To: Mary Seguin <maryseguin22022@gmail.com>
Cc: "Kriss, Alexandra E." <akriss@courts.ri.gov>

Ms. Seguin,


To reiterate our July 7 response, the Judiciary does not possess any documents responsive to your June 23 request for information as to "why the rule is set the way it is," because none exist. Therefore, we are unable to fulfill your request pursuant to G.L. 1956 § 38-2-7(c). Even if the documents did exist, they would be exempt from public disclosure pursuant to G.L. 1956 § 38-2-2(4)(A)(I)(a) and G.L. 1956 § 38-2-2(4) of the APRA.

[Quoted text hidden]

# EXHIBIT F

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**MARY SEGUIN,**
*Pro se*

*Plaintiff,*

VS.                                                    Civil Action No. 1:23-cv-00126

**RHODE ISLAND DEPARTMENT OF HUMAN SERVICES** in its official capacity; **MICHAEL D. COLEMAN, DEBORAH A. BARCLAY** in their individual and official capacities; **RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES** in its official capacity; **LISA PINSONNEAULT, CARL BEAUREGARD**, in their individual and official capacities; **GERO MEYERSIEK**

*Defendants*

<u>**MARY SEGUIN'S DECLARATION IN SUPPORT OF PLAINTIFF'S RULE 65 MOTION FOR PRELIMINARY INJUNCTION**</u>
<u>**And**</u>
<u>**PLAINTIFF'S RULE 65 MOTION FOR TEMPORARY RESTRAINING ORDER**</u>

I, MARY SEGUIN, hereby declare under penalty of perjury, pursuant to 28 U.S.C. sec. 1746(2) that the following statements are true and correct:

1. That I am the Plaintiff, Pro Se, in the above captioned matter, and invoke the protections enumerated in the U.S. Supreme Court case

2. That I exercised, am exercising and continue to exercise my statutory right to appear pro se party in the above captioned civil matter in federal court by statute 28 U.S.C. sec. 1654.

3. That in state proceedings in Rhode Island, I am required to comply with Rhode Island Article X. Rules Governing Electronic Filing, Rule 2. Official Court Record, (a) Official Court Record. "Upon the implementation of the Electronic Filing System ("EFS") in each court, all documents shall be filed electronically and shall be the official court record."

4. That the state proceedings in which I am a party are public and are not about child custody nor involve a minor.

5. That the **Rhode Island Family Court**, through its adoption and promulgation of **Administrative Order 2021-01 A2)** mandated that all child support interest matters shall be heard remotely via WebEx.  Further, **Administrative Order 2021-01 B1)** mandated that all non-emergency filings shall be filed using the electronic filing system in accordance with the Family Court Rules of Domestic Relations Procedure, which is the **Odyssey system**.

6. That the **"RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION, Rule 5. Access to Case Information, (c) Remote Access to Case Information. (1) Policy. To allow *limited* Remote Access to the Database through the Public Portal.  Non-public case types shall not be remotely accessible except for certain case types to attorneys who have entered an appearance in a case.  (2) Content. (a) The Public, Self-represented Litigants and Parties. The Public, self-represented litigants, and parties shall have Remote Access to the register of actions or Docket but shall *not* have Remote Access to other Electronic Case Information"** *bar, deny, violate, abridge, infringe and interfere with Pro Se Litigants' and the Public's fundamental rights to access public court records and Pro Se Litigants' fundamental right to meaningful access to the courts*. *See* <u>Exhibit A</u>, "<u>RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION</u>" <u>Rule 5(c)(2)(a)</u> "<u>The Public, Self-represented Litigants and Parties. The Public, self-represented litigants, and parties shall have Remote Access to the register of actions or Docket but shall not have Remote Access to other Electronic Case Information.</u>" *See* "<u>RHODE ISLAND JUDICIARY, Access to Case Information,  2. Remote Access to Case Information A. The Public, Self-represented Litigants, and Parties to a Case, The public, self-represented litigants, and parties in a case shall have remote access to the register of actions or docket but shall not have remote access to other electronic case information</u>."

7. That State Defendant's in-house lawyer, Lisa Pinsonneault, Esq., filed several pleadings in June 2023 in the Family Court proceeding, *Meyersiek v. Seguin*, **K20010521M**, confirming the State Defendants re-opened the ten-year dormant case through filing their *Motion to Set Arrears* in Family Court on *January 31, 2023, one day <u>after</u> the State Defendants were served this federal Summons and Complaint*. *See attached State Defendants' Family Court pleadings stating they filed the Motion to Set Arrears on January 31, 2023.*

8. That I, the Plaintiff, learned and verified on July 10, 2023 directly from the Rhode Island Judiciary itself through numerous (14) correspondences with the Rhode Island Judiciary from June 10, 2023 to July 10, 2023, pursuant to my RI Access to Public Records Act ("APRA") request for public records from the Rhode Island Judiciary, that as a matter of State policy, State Court Rule, and Judiciary Rule, the State Court and state court proceedings deny remote access of court and judicial records, including court decisions and court transcripts ordered by pro-se litigants, to the Public, pro-se litigants, and parties to the litigation (who are represented by counsel). The Rhode Island State Court only grants remote access to court and judicial records to Rhode Island attorneys and state and federal agencies. *See attachment to Motion* Rhode Island Court Rule, fourteen (14) APRA correspondence emails with Mr. Justin Correa, Esq. and Ms. Alexandra Kriss of the Rhode Island Judiciary from June 10, 2023 to July 10, 2023.

9. That the State Defendants in this matter electronically file all notices using another electronic filing system that is even separate and different from the EFS (Odyssey).

10. That the State Defendants' court electronic filings are not noticed to me.

11. That the State Defendants' court electronic filings are not visible to me on the Rhode Island courts' EFS.

12. That the State Defendants' court electronic filing court records cannot be accessed remotely by me, solely because I am a self-represented litigant.

13. That the State Defendants' court electronic filing court records cannot be accessed remotely by the public, by self-represented litigants, nor by parties to the case, but

can be accessed remotely and instantly through the internet by attorneys in Rhode Island and state and federal agencies.

14. That the Rhode Island Court Clerks state to me over the phone that they are prohibited from reading the contents of the court records over the phone to me.

15. That the Rhode Island Court virtual clerks state to me over the phone that even they are unable to see or access the court record information of filings by the State Defendants from the virtual clerks' access portals.

16. That the Rhode Island Electronic Filing System, case management system, rules and practices outright and unconstitutionally restrict and deny access to the court to three classes: (1) the public; (2) pro-se litigants; (3) parties to the case (who are represented by counsel), and is obviously outright reserved for only the government and Rhode Island attorneys.

17. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS.

18. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS system/architecture/rules/practices, and withdrew from my-initiated RI EOHHS agency appeal in 2022 in a coordinated attempt and scheme to procure a favorable judgment in a state proceeding that deny my federal constitutional and due process rights in Texas. Those deprived rights include First Amendment right to meaningful access to the courts, First Amendment right to access public court records, First Amendment right to access justice, First Amendment safeguard against government restrictions on content-based speech, First Amendment right to a fair tribunal, among others.

19. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS system/architecture/rules/practices, and initiated the family court state proceeding on January 31, 2023 before the Covid Emergency Declaration was lifted.

20. That the State Defendants have full knowledge of the egregious due process violations of the Rhode Island state court EFS system/architecture/rules/practices

designed by policy to restrict court access of pro se litigants, that appear to **only allow remote, instant and full court access to a restricted club of R.I. lawyers and the government**, pose unconstitutional and undue burden on me, a citizen of Texas over 2,500 miles away.

21. That the State Defendants have full knowledge of the egregiously unfair due process violations of the Rhode Island state court EFS system/architecture/rules/practices that deny me access to the *required* **electronic court transcripts** prepared by the court reporter and electronically filed in the state EFS that **I ordered and paid for** for appeal, but the State Defendants have instant remote access by state court design.

22. That the State Defendants have full knowledge of the above unconstitutional restriction on access to court records and information to the public and non-lawyers is deliberate, by design and calculated to be unfair, violating constitutional guarantees of full and fair opportunity to raise claims in state proceedings.

23. That the above-raised unconstitutional restrictions are not exhaustive.

24. That I suffer First Amendment irreparable injury as a result of the State Defendants' actions.

25. That I had respectfully requested the Honorable Court the time extension to fully present and fully plead my federal claims on the unconstitutionality of the Rhode Island state court rules, practices and proceedings that violate pro-se litigants', such as my-self, federal constitutional rights: (1) federal constitutional right of equal access to the courts, (2) federal constitutional right to equal access to court records to receive information on the contents of all electronically filed notices, pleadings, court decisions, and transcripts that I myself ordered <u>and</u> paid for for appeal that are required to be electronically filed by state court rules and practices, (3) federal constitutional due process right and equal right to be given equal and timely notice of electronic filings and entries by the courts (including court decisions, court orders, court judgments, full docket entries, etc.) that the Rhode Island Judiciary deliberately deny by category all pro-se litigants access to court information, namely the contents of judicial/court records of cases to which I am the self-represented

party, (4) federal constitutional due process right to be heard (Rhode Island Superior Court threatens me, the Texas pro-se plaintiff, with denial of my request to conduct WebEx hearings for the purpose of denying the Texas pro-se litigant access to the court and to be heard), (5) federal constitutional due process right to decision by a neutral decision-maker (the court that denies pro-se litigant access to the court and the corollary opportunity to be heard fails the neutral decision-maker test). This list is not exhaustive.

26. That I seek to sue in federal court the State Defendants and add additional defendants.

27. I am an out-of-state diversity and a pro-se litigant in two state proceedings in Rhode Island, and have been unconstitutionally singled out by the State Judiciary, by category "self-represented litigant," to be barred from accessing electronic case information in which state court cases I am the pro-se party, and therefore have standing to raise claims against this unconstitutional state practice and unconstitutional state court practice and rules.

28. Additionally, my fundamental First and Fourteenth Amendment constitutional right and common law right to equal, meaningful, and timely access to judicial records and public court records in litigation, given timely notice, adequate opportunity to be heard and to decision by a neutral decision-maker are fundamental First and Fourth Amendment and Fourteenth Amendment rights. Critically, the unconstitutional abridgement, infringement, and denial of judicial and court records to out-of-state pro-se litigants by the Rhode Island State Courts, Rhode Island State Judiciary and the Rhode Island Superior Court Bench Bar Committee directly relate to Younger Abstention Exception, a vital and complex issue that I, the Texas pro-se Plaintiff, respectfully request this Federal Court the extension of time to fully present and fully plead, and raise my federal claims.

29. Moreover, I, the Texas Plaintiff, obtained new evidence that the State Defendants deliberately abuse the State Court's abridgement, infringement, and denial of equal access to court and judicial records to pro-se litigants to maliciously deprive me, the

Texas Plaintiff, of my Constitutional right to meaningfully petition for redress in the state court proceedings.

30. Specifically, the State Defendants deliberately file all the State's pleadings outside of the State's electronic filing system, "Odyssey," and deliberately use a wholly different un-named electronic filing system, different and separate from that ("Odyssey") provided for pro-se litigants, so that pro-se litigants do not receive any requisite automated electronic notices of court motions or pleadings the State Defendants file electronically, nor are pro se litigants able to electronically access the content information of the State Defendants' electronically-filed pleadings. The only way the pro se litigant, such as me, the Texas Plaintiff, can access the court record is to personally go over 2,500 miles away to the courthouse in Rhode Island to access the court pleading information, or get a "courtesy notice" via email or get a "courtesy notice" through U.S. Mail sent by the State Defendants at whim. The State Defendants deliberately fail to send the notices electronically or by U.S. Mail, and the state courts deliberately promulgated court rules disallowing the public, pro-se litigants and even the parties who are represented by lawyers, remote access to court records, and critically, deny access to crucial court decisions, judgments and orders of public cases, as well as deny remote access to the transcripts ordered by pro-se litigants for appeal. Critically, the State court's abridgment and denial of access to court documents to the pro se litigant and the general public result in the unconstitutional abridgment and denial of equal, timely and meaningful access to court complaints, decisions, judgments and orders. What is truly shocking is that the Rhode Island Judiciary even denies and/or bars pro-se litigants remote access of court transcripts that were ordered by pro-se litigants for appeal. The pro-se Texas Plaintiff respectfully requests the extension of time to prepare and present the newly verified facts and evidence, and to amend the complaint.

31. Thirdly, the Texas Pro-Se Plaintiff newly discovered and verified the fact, on or about July 7, 2023, that the Rhode Island Judiciary, using the aforesaid state court rule barring, by category, pro-se litigants from accessing court case information

remotely, bars the Plaintiff by category ("self-represented litigant") from accessing state court proceeding transcripts that the Texas Plaintiff ordered and paid for, for appeal.  In other words, the RI Supreme Court Clerk stated to the Texas Plaintiff that the Plaintiff, in Texas, is unconstitutionally barred from remotely accessing the transcripts of court proceedings that she ordered and paid for in her appeal to the RI Supreme Court in the Plaintiff-initiated APRA action *Seguin v. RI Office of Child Support Services*, **PC-22-07215**, and yet the State Defendants are inequitably granted instant and free remote access to those very transcripts that the Texas Plaintiff ordered and paid for, for appeal.  The federal Texas Plaintiff respectfully requests this Court the extension of time to present the new evidence and plead the verified facts.

32. Fourthly, the Texas Plaintiff discovered and verified the fact, on or about July 11, 2023, that, despite the Texas Plaintiff's several phone inquiries to the RI Superior Court in the past several weeks regarding the status of the appeal, the RI Superior Court, for undisclosed reasons, failed and continue to fail to relinquish jurisdiction and transfer the court case file of *Seguin v. RI Office of Child Support Services*, **PC-22-07215** to the RI Supreme Court within the requisite 60 days after Plaintiff's filing of Notice of Appeal on April 3, 2023, as required by the RI Supreme Court rules and procedures.  At the same time, the Texas Plaintiff verified the fact that the Plaintiff-ordered transcripts of the state proceedings in the Federal Plaintiff-initiated state APRA action *Seguin v. RI Office of Child Support Services*, **PC-22-07215** show the RI Superior Court further unconstitutionally sought to deny the Texas Plaintiff access to the state court and opportunity to be heard by outright threatening the Plaintiff in open court that the Judge, David Cruise, during the hearing of March 24, 2023 in that matter, shall use the state court's discretionary power in the future to deny all of the Texas pro-se Plaintiff's petitions for remote WebEx hearings to effectively deny her access to the state superior court.   The state court that denies court access and the opportunity to be heard fails the neutral-decision-maker test required under the Fourteenth Amendment.  I now specifically request further the Court to judicially

notice that this court access denial and denial to be heard occurred on March 24, 2023, PRIOR to President Biden's lifting of the COVID-19 National Health Emergency Declaration.  I, the Texas Plaintiff, aver this is a direct contributory reason for the RI Superior Court's failure to transfer the case file to the Supreme Court within 60 days (by June 3, 2023) of the Plaintiff's filing Notice of Appeal on April 3, 2023 in ***Seguin v. RI Office of Child Support Services*, PC-22-07215**.  The federal Texas Plaintiff respectfully requests this Court the extension of time to present the new evidence and plead the newly verified facts.

33. Fifthly, the Plaintiff presents to this Court and respectfully requests the Court to take judicial notice of the undisputed fact of the court rule-making process in Rhode Island.  The 1966 Rules were promulgated by the justices of the superior court pursuant to section 8-6-2 of the General Laws of Rhode Island.  This enabling act departed from the Federal Rules Enabling Act and most state enabling legislation conferring rule-making power on the supreme courts of the respective governments. The Rhode Island Enabling Act was adopted in 1940, 1940 R.I. Pub. Laws ch. 943, sec. 1.  It conferred the power on the justices of the superior court and the 1966 reform was the product of that court.  In 1969 an amendment to section 8-6-2 made the Rules thereafter adopted by the trial courts subject to the approval of the Supreme Court. 1969 R.I. Pub. Laws ch. 239, sec 2.  Therefore, all public records relating to the adoption and promulgation of the "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION" are "made in the course of, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency, ""agency" or "public body" means any executive, legislative, judicial, regulatory, or administrative body of the state, or any political subdivision thereof" as per R.I. Gen. Laws § 38-2-2, a.k.a. RI Access to Public Records Act ("APRA").  Even though the Rhode Island Enabling Act conferred the power on the judiciary public body to promulgate and adopt court rules, a.k.a. rule-making process, the Rhode Island Judiciary, pursuant to the Plaintiff's APRA request for public records, denied the Plaintiff's APRA request within the 10 business day

period, as well as denies it possesses public records, as defined by APRA, relating to the rule-making process by the judiciary of the "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION," including denying possession of public records that show the intent of the rule-makers to promulgate and adopt court rules denying fundamental right of public access to electronic case information remotely to the public, to self-represented litigants, and to parties to a case. **See <u>Exhibit attached to Motion of</u>** fourteen (14) APRA correspondence emails between the Plaintiff and/with Mr. Justin Correa, Esq. and Ms. Alexandra Kriss of the Rhode Island Judiciary from June 10, 2023 to July 10, 2023. The Texas pro-se Plaintiff also respectfully requests the extension of time to present the new evidence and plead the newly verified facts and claims, and amend the complaint, which is further in the interest of judicial economy. The Plaintiff further seeks to appeal and file her claim against the implausible denial by the RI Judiciary, which is conferred by the Rhode Island Enabling Act to make rules of the court, that it possesses public records relating to the "RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION," that the judiciary, conferred power by the Rhode Island Enabling Act, "made in the course of, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency, ""agency" or "public body" means any executive, legislative, judicial, regulatory, or administrative body of the state, or any political subdivision thereof" as per R.I. Gen. Laws § 38-2-2, a.k.a. RI Access to Public Records Act ("APRA"). Because the RI Superior Court clearly ruled in ***Seguin v. RI Office of Child Support Services*, PC-22-07215** that it lacked subject matter jurisdiction to hear my/the Texas Plaintiff's APRA-related claims, I, the Texas Plaintiff, now exercise my statutory and constitutional rights to petition this Federal Court, invoking 28 U.S.C. § 1343(a)(3) (civil rights) and 28 U.S.C. § 1367 that provides supplemental jurisdiction over the state law tort claims that arose from the same common nuclei of facts, invoking 28 U.S.C. § 1331 (federal

question), and invoking 42 U.S.C. § 1983 for violations of civil rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

34. That I received in the mail a Notice of Lien for the amount of $75,638.00 dated March 3, 2022 issued by the Rhode Island Office of Child Support Services on and around mid-March 2022.  In April 2022, I filed a written appeal of the lien.  My written appeal was docketed on April 4, 2022 at the Office of Appeals of the Rhode Island Executive Office of Health and Human Services, Docket#22-2116.   The Administrative Hearing was continued to the maximum allowable three times by the Appeals Office due to the failure of the Office of Child Support Services to grant me, the Appellant, access to my case file.  On October 5, 2022 a telephonic conference took place prior to the Administrative Hearing.  The participants of the telephone call were John Langlois, Esq., of the Rhode Island Office of Child Support Services in Rhode Island, Debra DeStefano, Esq., the Hearing Officer of the Rhode Island Executive Office of Health and Human Services Office of Appeals in Rhode Island, and myself in Texas.  I, in Texas, recorded the phone call starting at 12:30PM Central Time, or 1:30PM Eastern Time.  The recording of the telephone call is 1 hour 35 minutes and 38 seconds long.  I am admitting into evidence the recording.

35. Because the entire recording is over one and half hour long, I admit into evidence the attached true and accurate part of the recording where John Langlois, Esq., of the Rhode Island Office of Child Support Services in Rhode Island stated to me and Debra DeStefano "what happened in this case is when Mary's representative, her attorney, called us in late November 2021 and said she wants her passport released, what does she have to do to release her passport, they put her in touch with Karla, who gave her the $104k number.  Where that number came from was the department attorney contacted the custodial parent, Mr. MEYERSIEK.  So, we contacted his attorney, it wasn't me, it was somebody else in my office, and said, if she was willing to make a $104k payment to pay off the principle, would you be willing to waive the $75k or $73k in arrears.  At that time, he said yes.  So Karla notified Mary that if she paid the $104k, it would be paid in full because he was

willing to waive the interest, that was just the principle.  What happened was the day after Karla told Mary to wire the $104k the attorney for Mr. Meyersiek contacted us again and said he changed his mind.  Please put the interest back on the system.  So we did."

36. That the above-referenced audio evidence was submitted to the Court by me.

**37.** That I submitted this audio evidence to the Court in the related case ***Seguin v. Rhode Island Office of Child Support Services, et al,*** **Civil Action No. 1:23-cv-0034-WES-PAS**

**38.** That the above-reference audio recording evidence proves that the Defendants knowingly initiated the unconstitutional state proceeding to further a scheme to fraudulently re-establish interest when Defendant Meyersiek waived interest in an agreement with me in consideration of my paying a pay-off lump sum of $104,185.98, brokered by the State Defendants themselves acting as his agent, in a scheme involving coordinated attempts to alter the outcome of the proceeding, to harass me, and has no merit.

39. That I, the Plaintiff, respectfully request this Court to issue Preliminary Injunction and Temporary Restraining Order that I seek in filing my Rule 65 motions.

40. That I, the Plaintiff, respectfully request this Court any and all relief under the circumstances.  The Plaintiff's requested relief includes the Court's referral of the matters reported and placed on the record as they relate to the State's unconstitutional noncompliance with **Title IV-D**, including the coordinated attempts to thwart the Plaintiff's enumerated constitutional rights, to the appropriate Federal law enforcement authorities, such as the U.S. Departments of Justice agencies that filed briefs in support of holding judicial tribunals to its due process duty in the ***Turner*** Court.

41. That I am NOT waiving my right to and my demanded jury trial in my complaint on the merits of my claims.

42. That my self-represented status is a material fact in the above captioned case.  This case in part concerns the coordinated attempts within associated enterprises of

named Defendants (and additional defendants that I intend to add, and accordingly filed a timely  motion for extension of time to amend complaint, [ECF 12]), with the aim to defraud and unlawfully change the determinative outcome, coordinated attempts to deny, obstruct (access to), impede, infringe, restrict, abrogate, the pro se Texas Plaintiff's fundamental First Amendment, Fifth Amendment, and Fourteenth Amendment equal and meaningful access (1) to her Title IV-D records, (2) to tribunals, both administrative and judicial, and (3) to justice, via wire and via Mail, on an interstate basis.

43. Through the adoption nine years ago in 2014 of Rhode Island State Judiciary policies, practice, rules and administrative orders mandating electronic filing of all court filings through the State's electronic filing and case management system, Odyssey, while at the same time denying pro se litigants electronic access via the internet to the contents of court records, self-represented litigants (like me) have been targeted because of their exercise of the First Amendment and the Rhode Island Article I's constitutional right to all natural persons to access the courts, self-represented or with counsel.  This explicitly articulated policy to limit access denying by category pro se litigants only, that effectively denies equal access to the state courts and denies equal access to justice discriminating self-represented litigants, is further exacerbated by the state Family Court mandating time-sensitive child support matters to be heard remotely, which by extension requires remote access to the court, including remote access to court records, but which are not granted access to pro se litigants.  Meanwhile attorneys, state agencies and federal agencies are accorded by policy and practice by the State Judiciary, <u>instant</u> remote access, <u>instant</u> notice, and enjoy remote court record access to court records, instant notices, and instant access.  Throughout the COVID-19 closures of State Judicial Buildings in which physical portals are installed with the advertised provision for pro se litigants and the public, this exclusive club of attorneys and government actors enjoyed remote access, instant notices and instant access from the safety of their homes. But pro se litigants were continuously denied this basic health and safety safeguard,

as well as denied access to their case records.   Pro se litigants are thus shut out of meaningful participation in fully developing the record, and shut out of access to justice, through articulated State Judiciary policy.

44. Within this illegal judicial procedural framework that was implemented in 2014 and made permanent in 2018 and shockingly maintained throughout the COVID-19 Pandemic and continuing to this day, even more shockingly, the State Defendants have engaged and continues to engage in a policy and routine practice of wholesale electronically filing in state court proceedings in state Family Courts in **Title IV-D** program proceedings that are related to time-sensitive child support matters using an unnamed, **separate and different legacy Odyssey** electronic filing system, that results in pro se litigants not being noticed, as well as neither pro se litigants nor even the Rhode Island Virtual Court Clerk being able to view the contents of their pleadings, but only the electronic docket of the court case remotely, concretely showing prohibited government court record content infringement discriminating against pro se litigants.  So, while activity on a docket sheet can be discerned, Virtual Clerks cannot see what kind of activity it is, what kind of pleading it is, nor the content of that pleading.  Further, not even the content of court orders proposed and routinely electronically filed by State Defendants using this legacy electronic filing system can be seen by the Virtual Clerk.  However, the judge of the proceeding can see it, meaning the State Judiciary assured to integrate the structures of the legacy filing system with the current Odyssey electronic case management system architecture in such a way so that the judges can see the court filings of the State Defendants routine filings, implying the State Judiciary is fully cognizant of the legacy e-filing system the State Defendants use.   As if the above is not bad enough, the Family Court Judiciary adopted the Family Court Administrative Order in 2021 during the COVID-19 Pandemic mandating Title IV-D child support related matters to be heard remotely, thereby institutionalizing the remote nature of judicial tribunals in Title IV-D Program proceedings.  Yet, while institutionalizing the remote nature of such Title IV-D federally funded judicial tribunal proceedings, the State Judiciary

continues to maintain the articulated policy of restrictive remote access to court records.   This coordinated targeting of self-represented litigants in the State's judicial tribunals discriminates against and infringes upon my Federal Constitutional rights as a citizen of Texas, and wholesale denies her federal constitutional rights of speech, and equal access and meaningful access to the courts, equal access to justice, and due process rights.  Compounding the complexity of this coordinated attempt targeting pro se litigants to alter the determinative outcomes, the State Judiciary employees' verbal and written misrepresentations, whether via email, over the phone, or published online on the Judiciary's official website explicitly labeled, "Self-Help Center" "Representing Yourself," nowhere is this material fact of access denial to pro litigants of court records disclosed to me – instead, for example, emails from employees of the State Judiciary misrepresent to the Plaintiff that a copy of the transcript is available to the parties online through the portal when the Plaintiff filed an Order for Transcripts, for example.  Only after taking the Plaintiff's payment and after Plaintiff's repeated subsequent inquiries as to how to access the transcript through the portal did the State Judiciary employees state they did not know how it works and to call the Help Desk.  Nobody answers the phone at the Help Desk when the Plaintiff calls, therefore the State Judiciary Self-Help Center Webpage is misleading the Judiciary provides pro se litigants court administrative "accommodation" when there are proceedings that relate to time-sensitive matters. The campaign of disinformation, misinformation and lack of information is consistent with a State Judiciary that has explicitly articulated a policy that illegally contravenes requisite judicial <u>duty</u> to <u>assure</u> reasonable accommodation to pro se litigants, as mandated by the U.S. Supreme Court ***Turner v. Rogers, et al.***, **564 U.S. 431 (2011).**  In other words, this is deliberate and by design, as Turner mandated ***additional pro se*** procedural accommodation, but the State Judiciary instead knowingly stripped away pro se litigants' fundamental procedural safeguards. Therefore, to continue the charade of providing a "Self-Help Center" the State Judiciary necessarily misrepresents to me the falsehood that I have remote access,

in order to conceal their constitutional deprivations and the sham nature of the proceedings.  For example,  when I submitted an Access to Public Records Act ("APRA") record request to the Rhode Island Judiciary requesting all documents relating to the Judiciary's Remote Access Policy relative to pro se litigants vis-à-vis the attorney and government agencies, as well as the reasons behind the adopted policy, I received a belated, untimely curt official written response that took 30 days to revert  via email that the State Judiciary does not possess any records and that even if it did, they are "attorney-client privileged." Just who is representing whom in what matter in that State Judiciary APRA response?  That's not stated either. Therefore, the APRA record request response by the State Judiciary shows a coordinated attempt to conceal this unconstitutionally access obstructive tribunal structure.  I to this day am continuing to discover and verify concealed facts about the above-described architecture, exercising the federal and state access to public records statutory rights.  This State Defendant and State Judiciary coordinated concealment necessarily results in delaying my access to and investigation into verified facts to comply by the letter with the Federal Rules of Civil Procedures here, with each verified record obtained shocks the Plaintiff further. I am further over 2,500 miles away in Texas far from Rhode Island.  Therefore, based on these exceptional and specific circumstances of hardship up against coordinated attempts to close the ranks by powerful and resourceful State actors, I respectfully request the Court to consider the above circumstances of this case, and specifically invoke the due process judicial duty in ***Turner v. Rogers*** **(2011)** that above all emphasizes the Court's duty to arrive at the merits of the controversy before it.  I further invokes and relies on applicable safeguards enumerated in the First Amendment, the Fifth Amendment and the Fourteenth Amendment, and seeks protective safeguards from this Court to protect the pro se diversity Texas Plaintiff against the State actors in this Court.

45. Into the afore-described wholesale (e.g., denial of access to court records, denial of full participation in developing the court record, denial of access to court orders,

denial of access to court transcripts that I ordered and paid for, denial by the RI Superior Court State Judiciary to transfer file to the Supreme Court for appeal, denial of equal and timely notice in time-sensitive matters, etc.)  First Amendment deprivation State tribunal, the State Defendants hauled me for remote proceedings, ***State of Rhode Island Ex Rel. Gero Meyersiek v. Seguin***, *K2001M0521M*,  with the remote nature mandated by administrative order, in which I am, by State policy and in practice, blinded, not noticed, for alleged "child support proceedings" for alleged interest arrearage, when the State Defendants themselves acting as agent for the Defendant Gero Meyersiek brokered an agreement with me in Texas of interest waiver in consideration of a very large lump sum pay-off payment by me, which I in good faith accepted and executed.

46. Similarly to State Defendants' deprivation of my First Amendment access to my own child support records in the Title IV-D RI EOHHS administrative tribunal in 2022, the State Defendants denied my First Amendment statutory access to my case file under APRA in 2022, then RI State Superior Court denied my First Amendment remote access to the state court in 2023 all the while disseminating false information about remote access to court records, then the RI State Judiciary denied my First Amendment remote access to the court records, then State Defendants hauled me into the RI Family Court on a meritless claim that can only be obtained through coordinated attempts to alter the determinative outcome through coordinated deprivation of First Amendment right to access court records which they file into a separate filing system that nobody can see but themselves, lawyers and the Family Court Judge.

47. Then the RI State Superior Court Clerks denied my First Amendment access to the RI Supreme Court by not transferring the case, then the State Judiciary denies my First Amendment APRA access to State Judiciary public records on their pro se remote access policy, and this list is not exhaustive.

48. It is well-settled that even minimal loss of First Amendment freedoms, "unquestionably constitutes irreparable injury."  I have and continue to suffer

significant loss of First Amendment rights caused by the State Defendants, and I am suffering considerable irreparable injury.


Respectfully submitted,
Date: August 17, 2023

MARY SEGUIN

*Mary Seguin*

Mary Seguin

P.O. Box 22022
Houston, TX 77019
maryseguin22022@gmail.com

# EXHIBIT G

STATE OF RHODE ISLAND
KENT, SC.

FAMILY COURT

GERO MEYERSIEK,
*Plaintiff*

v.

F.C. No. K2001-0521M

MARY SEGUIN,
*Defendant*

## ENTRY OF APPEARANCE

I hereby enter my appearance for PLAINTIFF, GERO MEYERSIEK.

GERO MEYERSIEK,
By his Attorney,

/s/ *Joanna M. Achille*
Joanna M. Achille, Esq. (#7760)
Burns & Levinson LLP
One Citizens Plaza, Suite 1100
Providence, RI 02903
(401) 831-8330 (office)
(401) 831-8336 (direct)
jachille@burnslev.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the electronic filing system on this 8th day of June, 2023, will be sent electronically to the registered participants below:

Mary Seguin
P.O. Box 22022
Houston, TX 77019
(maryseguin22022@gmail.com)

*The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.*

/s/ *A. Manning Clement*