STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, S.C.                                              FAMILY COURT

| | |
|---|---|
| State of Rhode Island ex rel. | : |
| GERO MEYERSIEK | : |
| *Plaintiff* | : |
| | : |
| VS. | : DOCKET NO: K010521M |
| | : |
| | : |
| MARY SEGUIN | : |
| *Defendant* | : |

## DEFENDANT'S EMERGENCY MOTION TO STAY PROCEEDINGS

The Defendant, MARY SEGUIN ("Seguin") hereby moves this Honorable Court on an emergency basis to stay proceedings in this child support-related matter brought by State of Rhode Island Office of Child Support Services under the Rhode Island Department of Human Services pursuant to their state child support enforcement program, during the pendency of adjudication in the United States Court in the District of Rhode Island in the federal action ***Seguin v. Rhode Island Office of Child Support Services, et. al., 1:23-cv-00126-WES-PAS*** of a Motion for Temporary Restraining Order and Motion for Preliminary Injunction seeking to restrain and enjoin the State from bringing proceedings in this Court, for the federal court's review under **Turner v. Rogers, et al., 564 U.S. 431 (2011).** The issue of paramount concern, among others, is the due process protections that apply. The state child-support enforcement program at issue in this matter (which is an **interstate** child support case), like that in every other State, is part of one of the largest cooperative federal-state programs, established under the Social Services Amendments of 1974 (1975 Act), Pub. L. No. 93-647, § 101(a), 88 Stat. 2351 (42 U.S.C. 651 et seq.) (adding Title IV-D to the Social Security Act).

1. Congress and the Secretary of the U.S. Department of Health and Human Services have demonstrated their concern that child-support-related

proceedings be conducted fairly by repeatedly making compliance with procedural due process rules a requirement of State participation in the program. (E.g. See, e.g., 42 U.S.C. 666(a)(3)(A) (reduction of non-custodial parents' state income tax refunds to pay overdue support permitted only "after full compliance with all procedural due process requirements of the State"); 42 U.S.C. 666(a)(7)(B)(i) (States must report child-support delinquency to credit bureaus "only after [the] parent has been afforded all due process required under State law, including notice and a reason able opportunity to contest the accuracy of such information."); 42 U.S.C. 666(a)(8)(B)(iv) (income withholding "must be carried out in full compliance with all procedural due process requirements of the State"); 42 U.S.C. 666(c)(1)(H) (expedited State agency procedures "shall be subject to due process safeguards, including (as appropriate) requirements for notice, opportunity to contest the action, and **opportunity for an appeal on the record** to an independent administrative or judicial tribunal"); see also 45 C.F.R. 302.70(a)(5)(iii), 303.5(g)(2)(iii), 303.100(a)(6) & (f)(4), 303.101(c)(2), 303.102(c)(1), 303.104(b).

2. Among others at issue is the lack of due process procedures of the State of Rhode Island Family Court (that is a court of the State of Rhode Island Judiciary) and the State Judiciary's partial technology integration of the unnamed electronic filing and case management legacy Odyssey system that the State of Rhode Island Office of Child Support Services and the Department of Human Services routinely e-file their pleadings/proposed orders/court documents to the Odyssey system that pro se litigants, such as the Defendant, files, which results in lack of notice and inability to view the content of the State's filings by pro se litigants as well as the Rhode Island Judiciary Virtual Clerk.  Essentially, in this matter, only the Judge and the State Office of Child Support Services can see their electronic filings through the system in this hearing.  Adding the compounding effect of the Rhode Island Judiciary's articulated policy restriction underlying the Judiciary Rule and Practice that denies remote public access to court records and case

information to pro se litigants, this child support-related proceeding is violative of the U.S. Supreme Court mandated due process requirements in its seminal decision ***Turner v. Rogers, et al.*, 564 U.S. 431 (2011).**

*See also,* **"RHODE ISLAND JUDICIARY RULES OF PRACTICE GOVERNING PUBLIC ACCESS TO ELECTRONIC CASE INFORMATION, Rule 5. Access to Case Information, (c) Remote Access to Case Information. (1) Policy. To allow *limited* Remote Access to the Database through the Public Portal. Non-public case types shall not be remotely accessible except for certain case types to attorneys who have entered an appearance in a case. (2) Content. (a) The Public, Self-represented Litigants and Parties. The Public, self-represented litigants, and parties shall have Remote Access to the register of actions or Docket but shall *not* have Remote Access to other Electronic Case Information."**

3. The State on numerous occasions stated on the record in this matter that their filing of the motion to re-establish child support interest in this interstate child support case is ROUTINE, affirmatively showing this type of enforcement activity comprised of knowingly e-filing into a legacy Odyssey electronic filing system that the State knows is invisible to pro se litigants, is <u>routine</u>. Therefore, the State's routine conduct is violative of ***Turner v. Rogers, et al.*, 564 U.S. 431 (2011).**

4. The American Bar Association, ("ABA") in its seminal report produced for remote hearings and technology integration into the courts that further address court procedures during the COVID-19 Pandemic states that 60% to 100% of the approximately 30 million cases annually in the United States have a pro se litigant as a party, and that holds especially true in state <u>family courts</u> across the country. This implies that the State of Rhode Island Office of Child Support's self-admitted "<u>routine</u>" due process violations irreparably injure the vast majority of the pro se public in this Court, such as the Defendant proceeding pro se, and from Texas, by knowingly prosecuting enforcement using a legacy electronic filing system to develop the record that

the State knows pro se litigants, such as the Defendant, cannot see, but the judge can see, therefore Defendant has no access to case record information using court technology, by State policy.  *See* ABA Report here: https://www.srln.org/system/files/attachments/AppendixA.ABA%20remote.117-annual-2020.pdf

5. Since the last hearing in this matter on June 8, 2023, the Defendant in Texas was not noticed as to the access URL of the WebEx hearing scheduled for August 18, 2023 by the State, who stated on the record the State would propose and enter the order of the June 8, 2023 hearing.  The State's lack of notice impedes the Defendant's access to the court by failing to notice the requisite URL of the WebEx hearing, which is the court access point of the scheduled remote hearing.  The State's lack of notice violates the due process requirements under ***Turner v. Rogers, et al.***, 564 U.S. 431 (2011).

## Implication of Violating Due Process Mandates Under *Turner v. Rogers, et al.*, 564 U.S. 431 (2011) on State Eligibility of Participation in Title IV-D Program

6. It is in the Public's interest AND the State's interest to stay due process violative proceedings that fail to comply with ***Turner v. Rogers, et al.***, 564 **U.S. 431 (2011).**

7. In this matter, on motion to re-establish child support interest brought by under Title IV-D Program, the State is mandated by ***Turner v. Rogers, et al.***, 564 U.S. 431 (2011) **to comply with due process safeguards Congress intended.**  Specific to the due process requirement Congress intended is the requirement to develop a record that allows for appeal.  Here, the record development requirement is violative of due process.

**See Congressional Intent at eg. 42 U.S.C. 666(c)(1)(H) (expedited State agency procedures "shall be subject to due process safeguards,**

including (as appropriate) requirements for notice, opportunity to contest the action, and <u>opportunity for an appeal on the record</u> to an independent administrative or judicial tribunal") (Emphasis added)

8. This particular issue is under review by the Federal Court in the District of Rhode Island and pending at this moment in ***Seguin v. Rhode Island Office of Child Support Services, et. al.*, 1:23-cv-00126-WES-PAS.**

9. As Congress, the United States Department of Justice, and the Secretary of the U.S. Department of Health and Human Services have demonstrated their concern that child-support-related proceedings be conducted fairly by **repeatedly making compliance with procedural due process rules a requirement of State participation in the program**, it is further in the State's interest to stay proceedings.

10. The Defendant seeks to preserve this important issue on the record, for appeal, if necessary.

11. The Defendant, pro se, attaches herein copies of the aforesaid pending federal court Motions for Temporary Restraining Order and Motion for Preliminary Injunction and accompanying Affidavits, Memorandum of Law, to place on the record in this matter.

**WHEREFORE**, the Defendant respectfully requests this Honorable Court to:

1. Stay proceedings in this matter.
2. Stay proceedings in matters relating to Title IV-D Programs that mandate due process proceedings, in order to enforce Title IV-D requirements and to enforce the State to comply with Title IV-D Program participation eligibility requirements.
3. For further relief as the Court deems reasonable and fair under the circumstances.

Respectfully submitted,

August 18, 2023

FOR DEFENDANT
MARY SEGUIN, Pro Se.

By: *Mary Seguin*
Mary Seguin
P.O. Box 22022
Houston, TX 77019
maryseguin22022@gmail.com

## CERTIFICATION

I hereby certify that a copy of the within Motion was emailed on August 18, 2023 to paul.gould@dhs.ri.gov and dhs.courtfile@dhs.ri.gov

*Mary Seguin*