UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                                            Civil Action No. 1:23-cv-00126-WES-PAS

**RHODE ISLAND DEPARTMENT OF HUMAN SERVICES** in its official capacity; **MICHAEL D. COLEMAN, DEBORAH A. BARCLAY** in their individual and official capacities; **RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES** in its official capacity; **LISA PINSONNEAULT, CARL BEAUREGARD**, in their individual and official capacities; **GERO MEYERSIEK**

*Defendants*

### MARY SEGUIN'S FOURTH AFFIDAVIT IN SUPPORT OF PLAINTIFF'S RULE 65(a) MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

### And

### PLAINTIFF'S RULE 65(b) MOTION FOR TEMPORARY RESTRAINING ORDER

I, MARY SEGUIN, hereby declares under penalty of perjury, pursuant to 28 U.S.C. sec. 1746(2) that the following statements are true and correct:

1. That I am the Plaintiff, Pro Se, in the above captioned matter.
2. That I, proceeding pro se pursuant to federal statutory rights, certify that I offered/submitted into evidence through the Clerk of the Court's link in the related case *Seguin v. Rhode Island Office of Child Support Services, et. al., 1:23-cv-00034-WES-PAS* an audio recording of the Court's Inbox for filing exhibits https://ridusc.app.box.com/f/5f858782a7bf429898488bcb966a27be . This occurred on June 9, 2023. The content of the recording states as follows, "what happened in this case is when Mary's representative, her attorney, called us in late

Page **1** of **4**

November 2021 and said she wants her passport released, what does she have to do to release her passport, they put her in touch with Karla, who gave her the $104k number. Where that number came from was the department attorney contacted the custodial parent, Mr. MEYERSIEK. So, we contacted his attorney, it wasn't me, it was somebody else in my office, and said, if she was willing to make a $104k payment to pay off the principle, would you be willing to waive the $75k or $73k in arrears. At that time, he said yes. So Karla notified Mary that if she paid the $104k, it would be paid in full because he was willing to waive the interest, that was just the principle. What happened was the day after Karla told Mary to wire the $104k the attorney for Mr. Meyersiek contacted us again and said he changed his mind. Please put the interest back on the system. So we did."

3. Accordingly, I am uploading the very same audio file in this matter, to submit as evidence.

4. Along with and accompanying the aforesaid Audio File Upload into the "the Courts box for filing exhibits" I am uploading on August 18, 2023, following the instructions provided to me by the Clerk of the Court, the following relevant information for my exhibit of audio file I have offered in *Seguin v. Rhode Island Office of Child Support Services, et. al.*, 1:23-cv-00034-WES-PAS, and am offering into evidence here in the above captioned matter *Seguin v. Rhode Island Department of Human Services, et. al.*, 1:23-cv-00126-WES-PAS, which I am also filing a copy of through PACER into the record in the above captioned matter.

5. I, in Texas, recorded a phone conversation recording on October 5, 2022, at 12:30PM Central Time, or 1:30PM Eastern Time. The recording of the telephone call is 1 hour 35 minutes and 38 seconds long. The participants of the telephone call were John Langlois, Esq., of the Rhode Island Office of Child Support Services in Rhode Island, Debra DeStefano, Esq., the Hearing Officer of the Rhode Island Executive Office of Health and Human Services Office of Appeals in Rhode Island, and myself in Texas.

6. The telephone call took place because I received in the mail on and around mid-March 2022 a Notice of Lien for the amount of $75,638.00 dated March 3, 2022 issued by the Rhode Island Office of Child Support Services. In April 2022, I filed a written appeal of the lien. My written appeal was docketed on April 4, 2022 at the Office of Appeals of the Rhode Island Executive Office of Health and Human Services, Docket#22-2116. The Administrative Hearing was continued the maximum allowable three times by the Appeals Office due to the failure of the Office of Child Support Services to grant me, the Appellant, access to my case file throughout the appeal process. On October 5, 2022 a telephonic conference took place prior to the Administrative Hearing.

7. Because the entire recording is 1 hour 35 minutes and 38 seconds long, I offer into evidence the attached true and accurate part of the recording where John Langlois, Esq., of the Rhode Island Office of Child Support Services in Rhode Island stated to me and Debra DeStefano, "what happened in this case is when Mary's representative, her attorney, called us in late November 2021 and said she wants her passport released, what does she have to do to release her passport, they put her in touch with Karla, who gave her the $104k number. Where that number came from was the department attorney contacted the custodial parent, Mr. MEYERSIEK. So, we contacted his attorney, it wasn't me, it was somebody else in my office, and said, if she was willing to make a $104k payment to pay off the principle, would you be willing to waive the $75k or $73k in arrears. At that time, he said yes. So Karla notified Mary that if she paid the $104k, it would be paid in full because he was willing to waive the interest, that was just the principle. What happened was the day after Karla told Mary to wire the $104k the attorney for Mr. Meyersiek contacted us again and said he changed his mind. Please put the interest back on the system. So we did."

8. No alteration took place of the part of the 1 hour 35 minutes 38 seconds recording I an offering into evidence. No alteration took place of the 1 hour 35 minutes 38 second recording.

9. The above recording is linked to the Complaint **ECF 1**, Motion for Preliminary Injunctive Relief and Motion for Temporary Restraining Order **ECF 17**, Second Affidavit in Support of Motion for Preliminary Injunctive Relief and Motion for Temporary Restraining Order **ECF 18** and Third Affidavit in Support of Motion for Preliminary Injunctive Relief and Motion for Temporary Restraining Order **ECF 19**, of the civil case dated March 30, 2023 I filed in the United States Court of the District of Rhode Island, **Seguin v. Rhode Island Department of Human Services, et al**, Civil Action No. 1:23-cv-126-WES-PAS.

Respectfully submitted,

Date: August 18, 2023

MARY SEGUIN

*Mary Seguin*

Mary Seguin
P.O. Box 22022
Houston, TX 77019
maryseguin22022@gmail.com