UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,

*Plaintiff,*

VS.                                                               Civil Action No. 1:23-cv-126-WES-PAS

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

## PLAINTIFF'S OBJECTION TO STATE DEFENDANTS' MOTION FOR EXTENSION OF TIME

Now comes the Plaintiff, MARY SEGUIN, and hereby objects to State Defendants' Motion for Extension of Time to Answer Complaint [ECF 27]. An integral federal claim, *inter alia*, is the State Defendants' **on-going First Amendment deprivation targeting pro se litigants**, such as the Texas Plaintiff, of fundamental access rights to court case information records that afford the meaningful exercise of federal Constitutional due process rights in Rhode Island's remote electronic courts system, that encompasses the limited jurisdiction state family

courts. Compounding this egregious First Amendment discriminatory deprivation targeting pro se litigants is that Plaintiff's fundamental federal Constitutional right to a fair tribunal is further deprived in Rhode Island's electronic family courts that the State knowingly only partially integrated State Defendants RI OCSS's and RI DHS's legacy electronic filing and case management systems to the State's Odyssey electronic court case management system in such a way, so that in Rhode Island's electronic courts: (1) Defendants' filings are not noticed to the opposing party, (2) the judges' orders are not noticed to the opposing party, (3) the Defendants' filings are not visible to the opposing party nor to the Rhode Island Virtual Clerk, (4) the judges' orders Defendants prepared are not visible to the opposing party nor to the Rhode Island Virtual Clerk. Over Plaintiff's objections, Defendants' electronically filed "proposed orders" that are invisible to the opposing party are routinely entered by the clerks of the court without a prior hearing of the egregious issue. This is in direct violation of judicial due process duty held by the United States Supreme Court in ***Turner v. Rogers, 564 U.S. 431 (2011)***. Knowing First Amendment deprivations of Access to Court information records to pro se litigants of their own case records that deprive meaningful due process constitute irreparable injury. Plaintiff's First Amendment claims are likely to prevail, and denying Plaintiff's relief would lead to irreparable injury, and that granting relief would not harm the public interest, necessitating a prompt relief order by the Court. See ***Winter v. Natural Resources Defense Council, Inc., 555 U. S. 7, 20 (2008)***. Therefore, any delay or extension constitutes irreparable harm. Plaintiff further states the following facts:

    1. The nature of the action is a tort action, federal civil rights claims under 42 U.S.C. sec. 1983, federal Civil Rico claims and Rhode Island State Government Tort claims for the State Defendants' coordinated schemes, under color of state law, to cover up, *inter alia*, their

retaliatory defraud of the Texas Plaintiff, that weaponizes the Title IV-D Program at RI DHS's and RI OCSS's operating control and disposal under the State's Plan.  Under the Title IV-D Program that the State Defendants have opted to participate in, the State actors knowingly input into the RI OCSS's automated child support record system the legally insufficient 12% compound interest that is disallowed by States who opt to participate in the Title IV-D Program under 42 U.S.C. sec. 654 and 42 U.S.C. sec. 666.

    2. State Defendants long resisted producing to Plaintiff Plaintiff's child support records required under federal statutes and regulations that sound in the Constitution because, as shown in discovery documents, Defendants' Answers to Interrogatories and Request for Admission, State Defendants sought to cover up, *inter alia*, (1) their Title IV-D disallowed 12% compound interest that is further unenforceable in Texas which they input into the program mandated automatic child support record system, (2) their motive to cover up the 12% compound interest by RI OCSS's unilateral removal in 2018 of the accrued 12% compound interest from the automated record system when they schemed to send to Texas – sending to Texas risked exposing their unlawful 12% compound interest to Texas authorities and creating discrepant child support records under Plaintiff's identifier social security number at a federal level under the federal Uniform program; (3) the contract brokered by Defendant RI OCSS in which Defendant Gero Meyersiek waived interest, in consideration of Plaintiff's lump sum payment of $104,185.98 that paid off all due support, which would conveniently resolve the matter for RI OCSS; (4) Defendant RI OCSS's and Defendant Gero Meyersiek's discussions to leave the interest off the automated system at RI OCSS's first point of contact with the Plaintiff on December 6, 2021 so as to dupe the Plaintiff and hide the fact that RI OCSS had already taken interest off the system in 2018 because, *inter alia*, it was unenforceable in Texas; (5) the

schemed breach of contract at the moment of RI OCSS's misrepresentation to the Texas Plaintiff on December 6, 2021 that there is federal and Texas enforceable interest due by the Texas Plaintiff; (6) cover up RI OCSS's lie that consideration was given to Plaintiff; (7) cover up that RI OCSS put the disallowed compound interest back on the system as soon as Plaintiff performed on the contract, wiring the agreed $104.185.98 to the RI OCSS's child support collection bank account in Connecticut; (8) Defendant Gould's perjury in open court in family court in the February 10, 2023 family court hearing that the interest remained taken off in 2023.

    3. The State Defendants' abuse and weaponizing of the Title IV-D Program against noncustodial parents like the Plaintiff constitutes irreparable harm.  The landmark ***Turner v. Rogers, 564 U.S. 431 (2011)*** makes clear that the Court, the U.S. Department of Justice and the Secretary of the U.S. Health and Human Services recognize the routine victimization of noncustodial parents by state actors under Title IV-D Program is capable of repetition but escaping review, and therefore held special judicial due process duty is requisite in support proceedings in which a team of lawyers are stacked up against a pro se party, like the Texas Plaintiff.

    4. Instead of following the mandate of the *Turner* Court holding judicial due process duty up for scrutiny, Defendants took advantage of the $6 million state-wide electronic court implementation widely publicized as a remote electronic court that improves access to all court users, to close off pro se litigants and the public's First Amendment access to the courts by: (1) partial integration of RI DHS and RI OCSS's legacy electronic filing and case management system into the State-wide Odyssey court case management system, so that their electronic filings are not notice nor visible to opposing parties, the public and the RI Court Virtual Clerk,

except to the judges; (2) pro se parties are denied access to their own case records, unable to even view the court orders.

5. RI family court CLOSED Plaintiff's family court case in December 2013, just four months after issuance of the disallowed interstate interest order under the federal program that the State opts to participate in, when the benefitting minor was only 13 years old, which is unusual when the minor is that young. The closure of the court case placed an added barrier to access to the case record information that contains problematic orders such as the disallowed interstate interest ordered on Plaintiff's interstate case, that by Rhode Island's official policy is not pursued, as well as the domestic violence order issued against the Plaintiff over 2,500 miles away in Texas that specifically says "Protect GAL Report" (GAL means "Guardian Ad Litem") but not any person – the very GAL Report that demands the extortionary ransom payment to the GAL of $55,000.00 in order for the pro se Texas Plaintiff to see her children.

6. Defendants' First Amendment right denials to case records and cover up of their scheme targeting Plaintiff are motivated by retaliatory motive, as evidenced by the explicitly expressed reasons for file denial and dismissal of RI APRA action by RI DHS and RI OCSS lawyers made before adjudicating officers in similar circumstances of denying Plaintiff access to her child support records that contains the aforesaid incriminating documentation: She sued one of our lawyers (Priscilla Glucksman)!!  She sued Judge Suttell!!  "The loss of **First Amendment** freedoms, for even minimal periods of time, unquestionably constitutes **irreparable** injury." See ***Elrod v. Burns, 427 U.S. 327 (1976).***

WHEREFORE, State Defendants RI DHS's and RI OCSS's Motion for Extension of Time to answer First Amended Complaint [ECF 27] should be denied. Even minimal periods of time allowing First Amendment deprivation constitutes irreparable injury. "The loss of **First**

**Amendment** freedoms, for even minimal periods of time, unquestionably constitutes **irreparable** injury." *See **Elrod v. Burns, 427 U.S. 327 (1976).***

PRAYER: Pro Se Plaintiff respectfully requests the Court for any and all relief that is just under the circumstances.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2023, I filed the within Objection with the Clerk of the Court via the ECF filing system.

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: September 8, 2023