UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                                          Civil Action No. 1:23-cv-126-WES-PAS

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

## **PLAINTIFF'S MOTION TO RECUSE**

1. Pursuant to 28 U.S.C. **§** 455(a) and **§** 455(b), Plaintiff, MARY SEGUIN, respectfully moves to recuse and/or disqualify Judge William E. Smith and all justices, judges, or magistrate judges under 28 U.S.C. **§** 455 in the U.S. District Court of Rhode Island who similarly *sua sponte* recused themselves from Plaintiff's past lawsuits " **Seguin, 2013 WL 367722, at \*2-3; Seguin v. Chafee, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)"** Judge William E. Smith had *sua sponte* recused himself in 2012 and 2013, under 28 U.S.C. **§**

455, and under which all applicable adjudicative officers in the U.S. District of Rhode Island had similarly recused themselves *sua sponte*, resulting in Plaintiff's past lawsuits transferred to another district court in New Hampshire.  None of the *sua sponte* recusals stated on the record any specific reason for recusal, therefore the Court must apply disqualification under 28 U.S.C. **§** 455 in its entirety.   In light of Plaintiff filing on September 1, 2023 Plaintiff's First Amended Complaint that factual alleges that Plaintiff's past lawsuits "**<u>Seguin</u>, 2013 WL 367722, at \*2-3; <u>Seguin v. Chafee</u>, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)**" are the retaliatory basis for Defendants' tortious actions now, the judges' past *sua-sponte* recusals from "**<u>Seguin</u>, 2013 WL 367722, at \*2-3; <u>Seguin v. Chafee</u>, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)**" creates inherent disqualifying partiality to the defendants in those past lawsuits that prompted the judges to recuse from **"<u>Seguin</u>, 2013 WL 367722, at \*2-3; <u>Seguin v. Chafee</u>, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)."**

**2.** Plaintiff had sued defendants in those past lawsuits that caused a conflict with the recused judges, causing prejudice against the Plaintiff.

3. It goes without saying that the judge, who *sua sponte* recused himself from **"<u>Seguin</u>, 2013 WL 367722, at \*2-3; <u>Seguin v. Chafee</u>, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)"**  back then, is similarly disqualified to sit to review monetary damages claims now before the Court arising from defendants' retaliation against the Plaintiff for her past lawsuits.

4. Impartiality as is required.

5.  Since none of judges who *sua sponte* recused themselves at the time stated on the

record the reason for recusal, the Court must disqualify *sua sponte*-recused judges under 28

U.S.C. **§** 455 based on the statutes' entirety, as their *sua sponte* recusals could have been based

on any or all or a combination of all disqualifying provisions in 28 U.S.C. **§** 455.

6. 28 U.S.C. **§** 455 states:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in
any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:
    (1)Where he has a personal bias or prejudice concerning a party, or personal knowledge
of disputed evidentiary facts concerning the proceeding;
    (2)Where in private practice he served as lawyer in the matter in controversy, or a lawyer
with whom he previously practiced law served during such association as a lawyer concerning
the matter, or the judge or such lawyer has been a material witness concerning it;
    (3)Where he has served in governmental employment and in such capacity participated as
counsel, adviser or material witness concerning the proceeding or expressed an opinion
concerning the merits of the particular case in controversy;
    (4)He knows that he, individually or as a fiduciary, or his spouse or minor child residing
in his household, has a financial interest in the subject matter in controversy or in a party to
the proceeding, or any other interest that could be substantially affected by the outcome of
the proceeding;
    (5)He or his spouse, or a person within the third degree of relationship to either of them,
or the spouse of such a person:
        (i)Is a party to the proceeding, or an officer, director, or trustee of a party;
        (ii)Is acting as a lawyer in the proceeding;
        (iii)Is known by the judge to have an interest that could be substantially affected by the
outcome of the proceeding;
        (iv)Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make
a reasonable effort to inform himself about the personal financial interests of his spouse and
minor children residing in his household.
(d) For the purposes of this section the following words or phrases shall have the meaning
indicated:
    (1)"proceeding" includes pretrial, trial, appellate review, or other stages of litigation;
    (2)the degree of relationship is calculated according to the civil law system;
    (3)"fiduciary" includes such relationships as executor, administrator, trustee, and
guardian;
    (4)"financial interest" means ownership of a legal or equitable interest, however small, or
a relationship as director, adviser, or other active participant in the affairs of a party, except that:

(i)Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii)An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii)The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv)Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e)No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f)Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

7. If the Supreme Court were to entertain this issue today, all *sua sponte*-recused judges in Plaintiff's past lawsuits that are now at issue in Plaintiff's Amended Complaint that is before the Court necessitate disqualification under a plain reading of 28 U.S.C. § 455. The *sua sponte*-recused judges had a conflict under 28 U.S.C. § 455 then, as they do now. The fact that none of the *sua sponte*-recused judges was transparent to state on the record the basis/bases for recusal, only accentuates their partiality, bias and prejudice now, which warrants disqualification.

WHEREFORE, Plaintiff respectfully requests the Court to grant Plaintiff's Motion to Recuse Judge William E. Smith who had *sua sponte*-recused himself from "**Seguin, 2013 WL 367722, at \*2-3; Seguin v. Chafee**, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)"** rendering him disqualified to rule on monetary damages claims that in part stem from

retaliation against the Plaintiff for suing the Defendants in "**Seguin, 2013 WL 367722, at \*2-3; Seguin v. Chafee, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)**" that are pending before the Court.  Plaintiff further respectfully requests the disqualification of all *sua sponte*-recused judges who had recused themselves in 2012 and 2013 from "**Seguin, 2013 WL 367722, at \*2-3; Seguin v. Chafee, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)."**

Further, Plaintiff invokes her statutory right to proceed pro se, 28 U.S.C. sec. 1654, which is additionally invoked in the amended complaint, that additionally details the Defendants' actions, *inter alia*, their successful scheme to deprive the Texas Plaintiff of Texas counsel, calculated to take advantage of Plaintiff's pro se status.  Accordingly, as detailed in the Amended Complaint, Plaintiff's pro se status is materially relevant to and in this matter.   Plaintiff avers that the judge in granting a whopping 90 days to the defendants to answer the Complaint is because Plaintiff's Amended Complaint factual alleges that Plaintiff's past lawsuits "**Seguin, 2013 WL 367722, at \*2-3; Seguin v. Chafee, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)**" are the retaliatory basis for Defendants' tortious actions now.  Given the judge's past *sua-sponte* recusals from "**Seguin, 2013 WL 367722, at \*2-3; Seguin v. Chafee, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)**" his inherent disqualifying partiality to the defendants in those past lawsuits that prompted him to recuse from **"Seguin, 2013 WL 367722, at \*2-3; Seguin v. Chafee, No. 12cv708JD, 2012 WL 6553621, at \*4-7 (D.R.I. Dec. 14, 2012)"** caused him to partially grant defendants undue favorable considerations. Plaintiff had sued defendants in those past lawsuits that caused a conflict with the recused judges, causing judicial prejudice against the Plaintiff.

Plaintiff respectfully requests any and all further relief fit and just under the

circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2023, I filed the within Motion with the

Clerk of the Court via the ECF filing system.

Respectfully submitted,

Mary Seguin

Pro Se

/s/     *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: September 29, 2023