UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **MARY SEGUIN,** *pro se*<br>*Plaintiff*<br><br>v.<br><br>RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as Executive Head of Rhode Island State Court System; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; | C.A. No. 23-cv-126-WES-PAS |

1

| | |
|---|---|
| **RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK** *Defendants* | : : : : : : : : : : : : |

### STATE DEFENDANTS' OBJECTION TO PLAINTIFF'S RULE 59 MOTION FOR A NEW TRIAL

Defendants, The Rhode Island Department of Human Services (hereinafter "DHS") and The Rhode Island Office of Child Support Services (hereinafter "OCSS") (hereinafter collectively, "State Defendants"), in response to Plaintiff's Motion for a New Trial, which was filed on November 17, 2023. State Defendants object to Plaintiff's Motion, ECF 34.

Plaintiff did not specify which section of Federal Rule 59 she is bringing her motion for a new trial under. Assuming that Plaintiff is bringing her motion under "[Federal Rule of Civil Procedure] 59(e), a motion for reconsideration will only be granted if 'the original judgment entered evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" *In re Telexfree Secs. Litig.*, No. 4:16-02566-TSH, 2023 WL 374332, at *1 (D. Mass. Jan. 24, 2023) (quoting *Global Naps, Inc. v. Verizon New England, Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)). Plaintiff principally argues that the Court should have stayed, rather than dismissed, her action because she is seeking only monetary damages. Monetary claims should be stayed if a plaintiff will not have an opportunity to bring those claims in the state court proceeding.

2

See, e.g., *Sprint Commns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that the doctrine of Younger abstention "preclude[s] federal intrusion into ongoing state criminal prosecutions." (emphasis added)); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("We need not decide the extent to which the Younger doctrine applies to a federal action seeking only monetary relief, however, because even if the Younger doctrine requires abstention here, the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding. (emphasis added)); *Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 15 n.1 (1st Cir. 1992) (per curiam) ("As for § 1983 damages actions, it is appropriate to stay the federal action pending the conclusion of the state criminal proceedings." (emphasis added)). Plaintiff fails to demonstrate that she cannot bring her monetary claims before the state court below.

Moreover, Plaintiff acknowledges that she filed this Motion, ECF 34, after she appealed the Court's judgment in its entirety. State Defendants respectfully asks this Court to deny Plaintiff's Motion for a New Trial for the reasons stated herein, or in the alternative, stay Plaintiff's Motion until Plaintiff's appeal is resolved.

Respectfully Submitted,

**RHODE ISLAND DEPARTMENT OF HUMAN SERVICES; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES**,

By:

**PETER F. NERONHA
ATTORNEY GENERAL**

*/s/ Marissa D. Pizaña*
Marissa D. Pizaña (#10468)
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI  02903
Tel (401) 274-4400 ext. 2055
Fax (401) 222-2995
mpizana@riag.ri.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on November 28, 2023, I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.

        */s/ Marissa D. Pizaña*