## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

_____

| | | |
|---|---|---|
| **MARY SEGUIN,** *pro se* | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **RHODE ISLAND DEPARTMENT OF** | : | |
| **HUMAN SERVICES in its official** | : | |
| **capacity; MICHAEL D. COLEMAN,** | : | |
| **DEBORAH A. BARCLAY in their** | : | |
| **individual and official capacities;** | : | |
| **RHODE ISLAND OFFICE OF CHILD** | : | |
| **SUPPORT SERVICES in its official** | : | |
| **capacity; KEVIN TIGHE, MONIQUE** | : | |
| **BONIN, FRANK DIBIASE, WENDY** | : | |
| **FOBERT, KARLA CABALLEROS,** | : | |
| **TIMOTHY FLYNN, LISA** | : | |
| **PINSONNEAULT, CARL** | : | **C.A. No. 23-cv-126-WES-PAS** |
| **BEAUREGARD, PRISCILLA** | : | |
| **GLUCKSMAN, JOHN LANGLOIS,** | : | |
| **PAUL GOULD, in their individual and** | : | |
| **official capacities; RHODE ISLAND** | : | |
| **STATE COURT SYSTEM in its official** | : | |
| **capacity; PAUL A. SUTTELL in his** | : | |
| **individual and official capacity as** | : | |
| **Executive Head of Rhode Island State** | : | |
| **Court System; RHODE ISLAND** | : | |
| **ADMINISTRATIVE OFFICE OF STATE** | : | |
| **COURTS in its official capacity;** | : | |
| **RHODE ISLAND ADMINISTRATIVE** | : | |
| **OFFICE OF THE SUPERIOR COURT in** | : | |
| **its official capacity; RHODE ISLAND** | : | |
| **JUDICIAL COUNCIL in its official** | : | |
| **capacity; RHODE ISLAND SUPERIOR** | : | |
| **COURT in its official capacity; RHODE** | : | |
| **ISLAND SUPERIOR COURT JUDICIAL** | : | |
| **COUNCIL in its official capacity; THE** | : | |
| **JUDICIAL TECHNOLOGY CENTER in** | : | |
| **its official capacity; JULIE HAMIL,** | : | |
| **MARISA BROWN, JOHN JOSEPH** | : | |
| **BAXTER, JR., JUSTIN CORREA in** | : | |
| **their individual and official capacities;** | : | |

| | |
|---|---|
| **RHODE ISLAND OFFICE OF THE** | : |
| **ATTORNEY GENERAL in its official** | : |
| **capacity; RHODE ISLAND OFFICE OF** | : |
| **THE ATTORNEY GENERAL OPEN** | : |
| **GOVERNMENT UNIT in its official** | : |
| **capacity; ADAM D. ROACH,** | : |
| **PETER NERONHA in their official and** | : |
| **individual capacities;** | : |
| **TYLER TECHNOLOGIES, INC.;** | : |
| **GERO MEYERSIEK** | : |
| *Defendants* | : |

## STATE DEFENDANTS' OBJECTION TO PLAINTIFF'S RULE 60(b) Motion

Defendants, The Rhode Island Department of Human Services (hereinafter "DHS") and The Rhode Island Office of Child Support Services (hereinafter "OCSS") (hereinafter collectively, "State Defendants"), in response to Plaintiff's Motion for a New Trial, which was filed on November 17, 2023. State Defendants object to Plaintiff's Motion, ECF 35.

Rule 60(b)(1),(3),(4), and (6) of the Federal Rules of Civil Procedure states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment or order or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(6) any other reason that justifies relief.

Plaintiff merely rehashes the same arguments she made in her Motion for a New Trial, ECF 34, concerning this Court's application of Younger abstention which is not proper under Rule 60(b)(1), (3), (4), (6). As discussed in State Defendants' objection to ECF 34, Plaintiff principally argues that the Court should have stayed, rather than dismissed, her action because she is seeking only monetary damages. Monetary claims

should be stayed if a plaintiff will not have an opportunity to bring those claims in the state court proceeding. See, e.g., *Sprint Commns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that the doctrine of Younger abstention "preclude[s] federal intrusion into ongoing state criminal prosecutions." (emphasis added)); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("We need not decide the extent to which the Younger doctrine applies to a federal action seeking only monetary relief, however, because even if the Younger doctrine requires abstention here, the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding. (emphasis added)); *Kyricopoulos v. Town of Orleans*, 967 F.2d 14, 15 n.1 (1st Cir. 1992) (per curiam) ("As for § 1983 damages actions, it is appropriate to stay the federal action pending the conclusion of the state criminal proceedings." (emphasis added)). Plaintiff fails to demonstrate that she cannot bring her monetary claims before the state court below.

Moreover, Plaintiff acknowledges that she filed this Motion, ECF 35, after she appealed the Court's judgment in its entirety. State Defendants respectfully asks this Court to deny Plaintiff's Motion for a New Trial for the reasons stated herein, or in the alternative, stay Plaintiff's Motion until Plaintiff's appeal is resolved.

Respectfully Submitted,


**RHODE ISLAND DEPARTMENT OF HUMAN SERVICES; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES**,

By:

**PETER F. NERONHA ATTORNEY GENERAL**

*/s/ Marissa D. Pizaña*
Marissa D. Pizaña (#10468)
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI  02903
Tel (401) 274-4400 ext. 2055
Fax (401) 222-2995
mpizana@riag.ri.gov


## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2023, I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.


*/s/ Marissa D. Pizaña*