UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.                                                                 Civil Action No. 1:23-cv-126-WES-PAS

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

### PLAINTIFF'S REPLY TO STATE DEFENDANTS' RESPONSES

1. Plaintiff, proceeding from and as a citizen of Texas, and *pro se*, respectfully requests that the State Defendants' responses [ECF 41, 42, 43] be stricken as moot and/or out of order, since Plaintiff's Rule 59, Rule 60 and Rule 60(b)(1) motions were already denied by Judge Smith on November 17, 2023 and the Clerk of the Court has already transmitted the record to the First Circuit Court of Appeals.  The record of this matter makes clear that the District Court no longer has jurisdiction over this matter.  *See*,

the 77-page Notice of Appeal dated November 17, 2023 [ECF 32] and Notice of Appeal dated November 20, 2023, that appeals the Court's Text Order dated November 20, 2023 [ECF 38]. *See also*, ECF 39, 40.

2. The record in this matter emphatically makes clear that Plaintiff filed a supplemental Notice of Appeal [ECF 38] on November 20, 2023 that appeals Judge Smith's November 20, 2023 text order that he issued in an attempt to back-peddle on his two text orders dated November 17, 2023 that already denied Plaintiff's Rule 59 and Rule 60 and Rule 60(b)(1) motions – Plaintiff's two Notices of Appeal specifically, *inter alia*, appeal to the First Circuit Court of Appeals Judge Smith's extrajudicial/behind-the-scenes allegedly in Chambers but off the record instructions made without the Plaintiff present to District Court Deputy Clerk Meghan Kenny to not docket Plaintiff's three motions [ECF 34, ECF 35, ECF 36] that were "posthumously" docketed only upon Judge Smith's November 20, 2023 Text Order issued only after Plaintiff's Notice of Appeal dated November 17, 2023 [ECF 32] includes appeal for appellate review of Judge Smith's obstruction of the docketing of Plaintiff's timely-filed post-judgment motions pursuant to Rule 59, Rule 60(b) and Rule 60(b)(1) motions that Plaintiff filed with the Clerk of the Court on November 16 and November 17, 2023.

3. It should not be lost on the Public and on the Appellate Court the utter irony, seriousness, and collateral harm on the integrity of the Federal Court by Judge Smith through his extrajudicial acts instructing, from November 16 to November 17, 2023, Deputy Clerk Meghan Kenny, off the record but allegedly from "Chambers" to ***not*** docket Plaintiff's timely-filed not-just-one but THREE post-judgment motions in this

Court of record, so as to obstruct and interfere with Plaintiff's constitutional right to seek to preserve on the record issues raised for appellate review of the record, a fundamental pillar of Due Process under the Fourteenth Amendment.  Plaintiff respectfully raises that 42 U.S.C. sec. 1983 makes clear that *all persons* acting alongside State actors are subject to the statute's reach, as well as a Bivens claim.

4. Plaintiff raised in Plaintiff's Notices of Appeal to the Appellate Court the fundamental legal issue whether the Federal Court judicial system tolerates and considers it a judicial function for judges to instruct clerks off the record and behind the scenes in cases where the Court has exercised diversity jurisdiction *not* to docket properly filed written court petitions that are Court Rule- F.R.C.P. 59- and F.R.C.P. 60- compliant filed by the diversity Plaintiff litigant from Texas.  Plaintiff's Rule 59 and Rule 60 Motions moves the Court, *inter alia*, to disqualify Judge Smith pursuant to 42 U.S.C. sec. 455 due to Plaintiff's discovery post judgment that the State Court Defendants in this matter are currently among the major clients of Judge Smith's former firm, Edwards & Angell, where he is a partner; additionally the State Court Defendants were his direct clients formerly.

5. Plaintiff additionally appealed the legal errors and 28 U.S.C. sec. 455 violations Judge Smith created extrajudicially from behind the scenes allegedly in Chambers and off the record, and appealed his documented text order time-stamped 1:26PM EST dated November 17, 2023, that corroborates Judge Smith's receipt and review, yet barring the docketing of Plaintiff's motions, which states in no uncertain terms, "The Court is in receipt of Plaintiff's two recent emails to the Clerk's Office.  The Court construes these emails as motions for leave to file the motions attached to those

emails and denies leave to file for the reasons given in its earlier text orders." It is plain to any objective observer having knowledge of all the facts that even taking this text order at its face value, this **Court of Record**, having construed Plaintiff's email as a motion for leave to file the motions and then denied Plaintiff's motion, *is required* by law and under the Fourteenth Amendment Due Process Clause to docket on the record the two emails "the Court construes as motions for leave to file the motions attached to those emails" so that the record of the court includes Plaintiff's motions for appellate review.

6. After receiving e-mail notice of Judge Smith's 1:26PM EST Text Order dated November 17, 2023, Plaintiff telephoned from Texas to this Court in Rhode Island at 1:47PM EST and spoke with Deputy Clerk Meghan Kenny to request that Plaintiff's Court-denied motions be docketed – however, Meghan Kenny informed Plaintiff in no uncertain terms over the phone Judge Smith instructed her not to docket Plaintiff's filings.

7. At 3:10PM EST on November 17, 2023, Plaintiff filed via email to the Clerk's Office Plaintiff's Rule 60(b)(1) Motion that is posthumously docketed on November 20, 2023 as [ECF 37].

8. After a pattern of extrajudicial obstruction by Judge Smith of the docketing of Plaintiff's Rule 59 and Rule 60 Motions, Plaintiff reasonably expected Judge Smith to continue his pattern of unlawfully obstructing the docketing of Plaintiff's motions.

9. Therefore, at 3:21PM EST on November 17, 2023, Plaintiff filed via email to the Clerk's Office Plaintiff's Notice of Appeal [ECF 38] in order to accurately complete the record for appeal in this matter, thus preserving the record of Judge Smith's

extrajudicial actions from November 16 to November 17, 2023 for appellate review. Judge Smith's knowing extrajudicial violations of the Fourteenth Amendment's Due Process Clause and Equal Protection Clause rights of this diversity Plaintiff from Texas is sanctionable.

10. At 3:39PM EST on November 17, 2023, Judge Smith entered his text order that states in no uncertain terms, "The Court is in receipt of Plaintiff's email to the Clerk's Office this afternoon.  As with its order issued earlier today, the Court construes this email a a motion for leave to file the motion attached to the email and denies leave to file for the reasons given in its earlier order."  Again Plaintiff's Rule 60(b)(1) was not docketed.

11. At 3:42PM EST on November 17, 2023, Plaintiff, having received notice of Judge Smith's 3:39PM EST Text Order, telephoned from Texas to Rhode Island to this Court's Clerk's Office and again spoke with Deputy Clerk Meghan Kenny again requesting that Plaintiff's Court-denied Rule 60(b)(1) Motion [posthumously docketed ECF 37] be docketed; again Meghan Kenny told Plaintiff that Judge Smith told her not to docket it.

12. Over the phone, Plaintiff requested and received confirmation from the Clerk that Plaintiff's emailed Notice of Appeal [ECF 32] was received by the Clerk's Office, thus effectively taking jurisdiction powers out of the hands of this Court in which Judge Smith sits.

13. The issue of Judge Smith's disqualification is no longer an issue within the jurisdiction of this Court, but with the First Circuit Court of Appeals.

14. The issues raised in Plaintiff's Rule 59 and 60 Motions (posthumously docketed as ECF 35, 36 and 37) and the Court's denial thereof, are no longer issues within the jurisdiction of this Court, but with the First Circuit of Appeals.

15. Judge Smith's Text Order dated November 20, 2023 is under appeal as of November 20, 2023; *See* Notice of Appeal dated November 20, 2023 [ECF 38].

16. The unlawful shenanigans by Judge Smith has already prejudiced the Plaintiff irreparably, and effectively is placing the integrity of the Court on trial under review by the Court of Appeals of the First Circuit. Judge Smith's actions have irreparably harmed and call into question the integrity and legitimacy of the Court as it stands as a court of record under the Constitution.

17. Judge Smith's extrajudicial conduct is diametrically in violation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, violates the First Amendment, and violates the Fourth and Fifth Amendments, that specifically targeted this pro se Plaintiff proceeding from Texas, that is in tandem, in agreement and alongside the named State Court Defendants and the State Defendants: The Rhode Island Judiciary similarly singles out pro se litigants barring them from electronic remote access to all judgments/laws judges render in electronic court proceedings via the internet of which they monopolize the judgments' publication, in further violation of the United States Supreme Court's Government Edicts Doctrine; the Rhode Island Judiciary singles out pro se litigants barring them from access to their own electronic case files published and hosted by Tyler Technologies online; the Rhode Island Judiciary together with Tyler Technologies knowingly failed to properly integrate the State Defendants legacy electronic case management system to

Odyssey, in a manner so that that only the State Defendant filers and the Rhode Island Judiciary can see both their filings and the judge's orders, and in a manner so that pro se litigants are barred from seeing all government officials' filings and judgments, effectively barred from accessing the law in order to be meaningfully heard, thus manipulating the proceedings to a foregone conclusion in abject violation of Due Process and Equal Protection guaranteed by the Fourteenth Amendment.  These types of structurally violative electronic courts abjectly violate the Fourteenth Amendment, that goes to the heart of Younger Abstention Exceptions.  Therefore, similarly questions are objectively called as to the fitness of this District Court of record in which Judge Smith sits that he extrajudicially steers to operate alongside the named State Court Defendants and State Defendants to manipulate the accuracy of this Court's preserved record that obstructed the docketing of and denied Plaintiff's right to be heard on the issues Plaintiff filed to raise before the Court.  There is no question that a fundamental issue litigated in this matter goes towards the heart of the judiciary's extrajudicial manipulation of the record in electronic courts in Rhode Island, in the State Courts and now apparently in this federal court, that discriminates against pro se litigants' Fourteenth Amendment Rights to Due Process and Equal Protection to be meaningfully heard, the core of 42 U.S.C. sec. 1983 remedy Congress intended in its enactment over one hundred and fifty years ago.

18. The all important question before the First Circuit Court of Appeals is whether any judge's behind the scenes, allegedly in "Chambers" obstruction of the docketing of properly filed motions is a judicial act and within the scope of judicial function – obvious to the Public Interest, if that is, this electronic federal Court is violative of the

Fourteenth Amendment, alongside the laundry list of Fourteenth Amendment violative actions barring pro se litigants equal digital court access and equal digital access to the law created by judges by the Rhode Island Judiciary.  Plaintiff avers that Judge Smith rescinded Plaintiff's electronic filing status for the very purpose of facilitating his subsequent obstruction of the docketing of Plaintiff's properly and timely filed three motions.  No litigant should ever have to face the obstruction by any judge of rule-compliant and court-compliant petition**s** that document judicial due process and equal protection violations of the Fourteenth Amendment – acts of unlawful *censorship* in violation of the First Amendment.

19. Emphatically, Judge Smith's extrajudicial conduct shows he acts alongside the State Court Defendants.  Among others, this matter is in regards to Rhode Island Judiciary's monopoly of the operation of the state-wide electronic courts that are categorical violations of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, as well as the United States Supreme Court's long established Government Edicts Doctrine.

20. Herein, at this junction in litigation, Plaintiff raises and places on the record the procedural violations of due process and equal protection that occurred in this Court which the Plaintiff sought to preserve for the record to appeal to the United States Supreme Court, if the occasion so dictates.  The issues raised herein are therefore related to those that are procedural and jurisdictional.

21. The Plaintiff reserves her right to raise all other arguments as they relate to the many issues plead in the Amended Complaint [ECF 25] and in her Rule 59 and Rule 60 motions, at the appropriate time in an orderly manner, consistent with the law, the

rules of procedure of the federal courts, in accordance with the Constitution, including on appeal in this matter.

### III. CONCLUSION

22. For the foregoing reasons, Plaintiff respectfully requests that the State Defendants' responses [ECF 41, 42, 43] be stricken as moot, since Plaintiff's Rule 59, Rule 60 and Rule 60(b)(1) motions were already denied by Judge Smith on November 17, 2023. The record in this matter shows that this matter is no longer in the jurisdiction of the District Court and the District Court is without power to enter an order at this junction of litigation. The Notice of Appeal regarding the November 20, 2023 Text Ordered was docketed in this matter on November 20, 2023, and the record on appeal has already been transmitted to the First Circuit Court of Appeals by the Clerk of this Court. State Defendants' filed responses [ECF 41, 42, 43] are out of order, and the appropriate court with Jurisdiction to hear any argument raised at the appropriate time by State Defendants is the Court of Appeals. Other than striking the Defendants' out of order responses, the Court lacks any jurisdiction to consider Defendants' out of order filed responses. Given the circumstances of Plaintiff's appeal of Judge Smith's unlawful steerage of the travel of this case, a decision entered by Judge Smith is void on its face, as the Court no longer has jurisdiction. Plaintiff respectfully requests any and all relief seen fit given the circumstances of this case.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2023, I filed the within with the Clerk of the Court via email.

Respectfully submitted,
Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: November 28, 2023