| | |
|---|---|
| **From:** | Mary Seguin <maryseguin22022@gmail.com> |
| **Sent:** | Monday, December 4, 2023 2:04 AM |
| **To:** | RID_ECF_INTAKE |
| **Subject:** | Fwd: URGENT - TIME SENSITIVE - FILE TODAY PLAINTIFF Fed. R. App. P. 8 in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS |
| **Attachments:** | CA 126 Fed R. App. P. 8 Motion to Stay 120123_.pdf |

**Categories:**

**CAUTION - EXTERNAL:**

Dear Clerks of the Court,

I am herewith filing my Fed. R. App. P. 8.Motion for Stay of Final Judgment Pending Appeal in the above referenced matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

I, the Plaintiff, respectfully **request that the Court resolve the instant motion** by **December 5, 2023**, to afford me, the Plaintiff, the opportunity to file an emergency motion in the First Circuit requesting a stay pursuant to Fed. R. App. P. 8.

.Due to the actions documented in the record by Judge Smith and outlined in this herein Reply dated November 28, 2023, I continue to be concerned that Judge Smith, behind the scenes, allegedly "in Chambers" or tells the Clerk on his own without the presence of Plaintiff and off the record, continues to obstruct the docketing of this herein Reply, as he did with THREE previously filed Rule 59 and Rule 60 post-judgment motions that raise issues, inter alia, of his disqualification pursuant to 28 U.S.C. § 455.

As such, I respectfully **request that this email correspondence is docketed today as ECF 45.**

Please ensure that my attached Reply is docketed immediately upon receipt today on December 4, 2023 and is NOT forwarded to Chambers prior to docketing.  I am NOT requesting the District Court leave to file, since it is my right to file the attached pursuant to Fed. R. App. P. 8, and since the District Court lacks jurisdiction to obstruct either filing or docketing in the above-referenced matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Kindly docket this email to ensure the completeness of the record.

Thank you for your assistance.

Respectfully submitted,
Mary Seguin
Houston, Texas
.


---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Tue, Nov 28, 2023 at 3:27 PM

Subject: URGENT - TIME SENSITIVE - FILE TODAY PLAINTIFF REPLY TO STATE DEFENDANTS' RESPONSES ECF 41, 42, 43 in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>

Dear Clerks of the Court,

I am herewith filing my Reply to State Defendants' Responses [ECF 41, 42, 43] in the above referenced matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Today, November 28, 2023, is 8 days after the Court's docketing of my Notice of Appeal filed on November 20, 2023 [ECF 38]. Please make sure that my Reply filed herewith dated November 28, 2023 that is attached to this email is docketed today.

Due to the actions documented in the record by Judge Smith and outlined in this herein Reply dated November 28, 2023, I *continue* to be concerned that Judge Smith, behind the scenes, allegedly "in Chambers" or tells the Clerk on his own without the presence of Plaintiff and off the record, *continues* to obstruct the docketing of this herein Reply, as he did with THREE previously filed Rule 59 and Rule 60 post-judgment motions that raise issues, *inter alia*, of his disqualification pursuant to 28 U.S.C. § 455.

As such, **I respectfully request that this email correspondence is docketed today as ECF 44.**

Please ensure that my attached Reply is docketed immediately upon receipt on November 28, 2023 and is **NOT** forwarded to Chambers prior to docketing. I am NOT requesting the District Court leave to file, since it is my right to file the attached, and since the District Court lacks jurisdiction to obstruct either filing or docketing - the Equal Protection Clause of the Fourteenth Amendment is clear that when the Defendants are allowed by the District Court to file into the record of this case, it is Plaintiff's Fourteenth Amendment due process right and equal protection right to reply to the Defendants' filing to raise issues of mootness and the District Court's lack of jurisdiction, among other arguments, in the above-referenced matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Kindly docket this email to ensure the completeness of the record.

Thank you for your assistance.

Respectfully submitted,
Mary Seguin
Houston, Texas
.


---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Mon, Nov 20, 2023 at 12:54 PM
Subject: URGENT - TIME SENSITIVE - FILE TODAY NOTICE OF APPEAL of NOVEMBER 20, 2023 Text Order in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>

Dear Clerks of the Court,

I am herewith filing my Notice of Appeal of the November 20, 2023 Text Order, and specify in my Notice of Appeal that I am filing this herein Notice of Appeal pursuant to **Federal Rules of Appellate Procedure 3(c) and 4**, within 30 days of the entry of Judgment on October 19, 2023 in the above-referenced matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.  As such, I specified in the Notice of Appeal that I am exercising my right to appeal under **Federal Rules of Appellate Procedure 3(c) and 4,** merging the November 20, 2023 Text Order to the Final Judgment dated October 19, 2023.

Today, November 20, 2023, is within 30 days of the entry of Final Judgement dated October 19, 2023.  Therefore, **please make sure that my Notice of Appeal filed herewith dated November 20, 2023 that is attached to this email is docketed today as ECF 34.**

Due to the actions of by Judge Smith outlined in this herein Notice of Appeal dated November 20, 2023, filed pursuant Federal Rules of Appellate Procedure 3(c) and 4, and described on the record docketed under ECF 32, 32-1, 33, 33-1 in this district **court of record**, I *continue* to be concerned that Judge Smith, behind the scenes, "in Chambers" or tells the Clerk on his own without the presence of either party and off the record, *continues* to obstruct the docketing of this herein Notice of Appeal, as he did with THREE previously filed Rule 59 and Rule 60 post-judgment motions that raise issues, *inter alia*, of his disqualification pursuant to 28 U.S.C. § 455.

As such, **I respectfully request that this email correspondence is docketed, as ECF 34-1.**

Please make sure that the Federal Rules of Appellate Procedure law is followed so that my attached Notice of Appeal is docketed immediately upon receipt on November 20, 2023 and is **NOT** forwarded to Chambers prior to docketing.  I am NOT requesting the District Court leave to file, since it is my right to file the attached Notice of Appeal pursuant to .  No Chamber interference should be taking place to prevent the docketing of my attached Notice of Appeal, under **Federal Rules of Appellate Procedure 3(c) and 4**, within 30 days of the entry of Judgment on October 19, 2023 in the above-referenced matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Thank you for your assistance.

Respectfully Submitted,
Mary Seguin
Houston, Texas


---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Fri, Nov 17, 2023 at 2:21 PM
Subject: URGENT - TIME SENSITIVE - FILE TODAY NOTICE OF APPEAL in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>


Dear Clerks of the Court,

I spoke with Clerk Meghan today regarding an update on the docketing of my motions and filing a Notice of Appeal in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Following our discussion, I emailed and filed today at 3:10 PM Eastern Time to the Clerk of the Court and respectfully requested the Clerk of the Court to docket today my Rule 60(b)(1) Motion, dated November 17, 2023, that is time-sensitive, per my email below.

**Please make sure that my previously filed Rule 60(b)(1) Motion referred in my below email is docketed as ECF 32.**

Please make sure that the law is followed so that my attached Rule 60(b)(1) Motion is NOT forwarded to Chambers prior to docketing.  I am NOT requesting the Court leave to file, since it is my right to file the attached Rule 60(b)(1) Motion.  No Chamber interference should be taking place to prevent the docketing of my attached Rule 60(b)(1) Motion.

Additionally, subsequent to my filing of the aforementioned Rule 60(b)(1) Motion referenced in my email below that I had requested be docketed as ECF 32, I am herewith filing my attached **Notice of Appeal** in the above captioned matter,  Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

**Please make sure that my Notice of Appeal filed herewith that is attached to this email is docketed today as ECF 33.**

Please make sure that the law is followed so that my attached Notice of Appeal docketed immediately upon receipt and is NOT forwarded to Chambers prior to docketing.  I am NOT requesting the Court leave to file, since it is my right to file the attached Notice of Appeal.  No Chamber interference should be taking place to prevent the docketing of my attached Notice of Appeal.

Thank you for your assistance.

Respectfully Submitted,
Mary Seguin
Houston, Texas


---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Fri, Nov 17, 2023 at 2:10 PM
Subject: URGENT - TIME SENSITIVE - FILE TODAY RULE 60(b)(1) MOTION in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>


Dear Clerks of the Court,

I spoke with Clerk Meghan today regarding an update on the docketing of my motions.

Following our discussion, I respectfully request the Clerk of the Court to docket today my attached Rule 60(b)(1) Motion, dated November 17, 2023, that is time-sensitive.

**Please make sure that my attached Rule 60(b)(1) Motion is docketed as ECF 32.**

Please make sure that the law is followed that my attached Rule 60(b)(1) Motion is NOT forwarded to Chambers prior to docketing.  I am NOT requesting the Court leave to file, since it is my right to file the attached Rule 60(b)(1) Motion.  No Chamber interference should be taking place to prevent the docketing of my attached Rule 60(b)(1) Motion.

Thank you for your assistance.

Respectfully Submitted,
Mary Seguin
Houston, Texas

---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Fri, Nov 17, 2023 at 12:33 PM
Subject: Fwd: URGENT - TIME SENSITIVE - FILE TODAY RULE 59 MOTION in Seguin v. Ri Dept of Human Services et al, Civil

Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>

Dear Clerks of the Court,

I am respectfully following up on my Rule 59 Motion filing.

Yesterday, November 16, 2023, at 1:31 PM Central Time, I filed via email below, my Rule 59 Motion in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS. As indicated in my email below, I emphasized that docketing the Rule 59 Motion on November 16, 2023 is urgent, to comply with the 28 day filing post-judgment deadline, which my filing meets - November 16, 2023 is within the 28 day deadline of Fed. R. of Civ. P. 59 that tolls the time for filing an appeal.

I followed up with telephone calls to the Clerk's Office at 1:32 PM Central Time, and at 3:42 PM Central Time to request timely docket of my Rule 59 Motion, and the Clerk's Office assured me each time that a deputy clerk is working on it and that it will be docketed on the day it was received and that the docket will reflect the email date stamp of the day the Rule 59 Motion is received by email. Further, I was told that **all filings** I email to the Clerk's Office will be docketed and considered by the Court as having been filed on the day that the motion was emailed to the Clerk's Office.

Therefore, my Rule 59 Motion emailed on November 16, 2023 should be accordingly docketed as **ECF 32** with the **entry of/stating filing on November 16, 2023**, in the above captioned matter, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

However, as of this time, on November 17, 2023 almost 24 hours later, my Rule 59 Motion is still not docketed.

I would like to respectfully clarify that the Text Order dated October 19, 2023 in this matter states that only my electronic filing privilege was revoked, but there is **no** order requiring that I need to file for leave of Court to file any post-judgment motions, such as my Rule 59 Motion.

Today, November 17, 2023, I telephoned the Clerk's Office first thing at 8:00 AM Central Time, and spoke with Clerk Meghan, who informed me that yesterday she had forwarded my Rule 59 Motion to Chambers upon receipt, but has yet to hear back from Chambers, but did not know what was causing the hold up when I asked why Chambers' response is taking almost 24 hours which impacts the docketing date of the Rule 59 Motion. I expressed my concern of the Rule 59 deadline, emphasizing that it tolls the time for filing an appeal, therefore I respectfully requested that the docket accurately reflects my timely filing of my Rule 59 Motion on November 16, 2023 (at 1:31 PM Central Time).

Additionally, I informed Clerk Meghan that I relied on the Clerk's Office's information provided above, and I had also filed a timely **Rule 60** Motion yesterday, **November 16, 2023**, at **4:39 PM Central Time**, similarly requesting docketing to reflect it was timely filed via email to on November 16, 2023. I emphasized to Clerk Meghan that timeliness is critical, as Rule 60 Motion filed within 28 days post-judgment tolls the time for filing an appeal. Clerk Meghan told me that my Rule 60 Motion was forwarded to Chambers as well. According to the Clerk's Office's information, my **Rule 60 Motion** needs to be docketed/filed as **ECF 33, dated stamped filed on November 16, 2023**.

Due to the above information regarding the processing of my post-judgment motions, I expressed to Clerk Megghan my concern regarding the Court's procedure of forwarding my time-sensitive post-judgment motions to Chambers without docketing/filing, and then those time-sensitive motions seemingly to languish in Chambers past the date of the 28-day deadline stipulated by Rule 59, and Rule 60 as they relate to tolling the time for filing an appeal. I expressed my explicit concern that I seek to preserve my right of appeal, and that I respectfully seek to preserve on the record the issues contained in my Rule 59 and Rule 60 Motions that are currently before Chambers, without docketing, by law within the jurisdiction of the U.S. District Court of Rhode Island. My Rule 59 and Rule 60 Motions are not ex-parte or emergency motions.

Moreover, I expressed to Clerk Meghan my concern that the processing of my post-judgment motions forwarded to Chambers and seemingly pending before Chambers without the motions being docketed, impacts my right of appeal 30-days post judgment, and today, Friday, is Day 29. I told the Clerk that under the circumstances in this matter, I seek to preserve for appeal the issues raised in my timely filed Rule 59 Motion and Rule 60 Motion, and that I seek to preserve my right to appeal within the 30-day postjudgment period.

I also discussed with the Clerk that my timely filed but undocketed Rule 59 Motion and Rule 60 Motion that were forwarded to and currently before Chambers cause an uncertain effect, impacting the date of my filing of Notice of Appeal, the deadline of which is November 18, 2023, a Saturday. Based on the current facts and issues regarding simply docketing my filings on the record, I am concerned my rights of access to the Courts are impacted, and that my Notice of Appeal may also languish I do not believe any pro se litigant should be made to be uncertain of the timeliness of filing a Notice of Appeal as a matter of right that is caused by inaction by Chambers on timely-filed Rule 59 and Rule 60 Motions that toll the time to file an appeal. I explicitly expressed my concern on the effect on my access to the Courts.

I respectfully request that this email communication regarding the filing/docketing of my Rule 59 Motion be docketed to accurately reflect the record on appeal along with the Rule 59 Motion at the time the Rule 59 Motion is docketed by the Clerk.

Thank you in advance for your assistance.

Respectfully submitted,
Mary Seguin

---------- Forwarded message ---------
From: **Mary Seguin** <maryseguin22022@gmail.com>
Date: Thu, Nov 16, 2023 at 1:31 PM
Subject: URGENT - TIME SENSITIVE - FILE TODAY RULE 59 MOTION in Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS
To: RID_ECF_INTAKE <RID_ECF_INTAKE@rid.uscourts.gov>


Dear Clerk of the Court,

Kindly urgently file today, November 16, 2023, my attached Rule 59 Motion in the above captioned case, Seguin v. Ri Dept of Human Services et al, Civil Action No. 1:23-cv-126-WES-PAS.

Because this Rule 59 Motion is time sensitive, kindly make sure that it is filed and docketed today, November 16, 2023. I do not have access to electronic filing, it appears.

Thank you in advance for your assistance.

Respectfully Submitted,
Mary Seguin
PO Box 22022
Houston, TX  77019
(281) 244-2016

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.