```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
MARY SEGUIN,                        )
                                    )
       Plaintiff,                )
                                    )
  v.                                )   C.A. No. 23-00126 WES
                                    )
RHODE ISLAND DEPARTMENT OF HUMAN    )
SERVICES, et al.,                   )
                                    )
       Defendants.               )
_____)

## ORDER

WILLIAM E. SMITH, District Judge.

    Before the Court are Plaintiff's Rule 59 Motion for a New Trial, ECF No. 34, Rule 60(b) Motion, ECF No. 35, and Rule 60(b)(1) Motion, ECF No. 37. Prior to filing these motions, Plaintiff filed a Notice of Appeal appealing the Court's final judgment dismissing the case under Younger v. Harris, 401 U.S. 37 (1971). Final J., ECF No. 31; Text Order (Oct. 19, 2023); Notice of Appeal, ECF No. No. 32. Despite Plaintiff filing the Notice of Appeal, the Court still retains jurisdiction to entertain the instant motions. See Hosp. San Antonio, Inc. v. Oquendo-Lorenzo, 47 F.4th 1, 6 (1st Cir. 2022) ("[T]he district court had jurisdiction to entertain the Rule 60(b) motion despite [the plaintiff's] pending appeal because the district court has continuing jurisdiction during an appeal to act in aid of the appeal." (citation and quotation marks

omitted)); Gonzalez-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc., 54 F.4th 7, 19 (1st Cir. 2022) ("[E]ven after [the plaintiff] filed her notice of appeal, the district court legally maintained jurisdiction then to resolve her Rule 59(e) motion on the merits.").

Plaintiff's first motion is presumably a motion for reconsideration under Federal Rule of Civil Procedure 59(e) "to alter or amend a judgment." Fed. R. Civ. P. 59(e). Such a motion "will only be granted if 'the original judgment entered evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" In re Telexfree Secs. Litig., 652 F. Supp. 3d 233, 235 (D. Mass. Jan. 24, 2023) (quoting Global Naps, Inc. v. Verizon N.E., Inc., 489 F.3d 13, 25 (1st Cir. 2007)). Plaintiff primarily attempts to re-litigate her case even though the Court has dismissed her Complaint. Such arguments are inappropriate for a Rule 59 motion. See Rivera v. Pub. Broadcasting Corp. of P.R. (WIPR Radio and TV), No. 06-2151 (DRD), 2009 WL 10680941, at *1 (D.P.R. Sept. 23, 2009) ("A motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly disposed of by the Court.").

Plaintiff also argues that, because she is only seeking monetary damages, under Younger abstention, the case should have been stayed rather than dismissed. Pl.'s Rule 59 Mot. New Trial

7 ("Rule 59 Mot."), ECF No. 34.  Plaintiff would only be correct if she will not have an opportunity to litigate her federal law claims in state court.  See Casa Marie, Inc. v. Super. Ct. of P.R., 988 F.2d 252, 262 (1st Cir. 1993) ("Except in the most extraordinary cases, a federal court must presume that state courts . . . are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties.").  Plaintiff has not made a showing that either the Rhode Island Superior Court or the Rhode Island Family Court cannot litigate her federal law claims.  Thus, the Court was not required to stay the action.  See Deakins v. Monaghan, 484 U.S. 193, 202 (1988); see also Text Order (Oct. 19, 2023).

Plaintiff also argues that the undersigned should recuse from this case because he recused himself sua sponte in other cases in which Plaintiff was a named party.  Rule 59 Mot. 5, 15.  This argument has already been addressed and disposed of by the Court.  See Text Order (Oct. 2, 2023).

Plaintiff also argues that the undersigned should recuse because the Rhode Island Judiciary and other named state agencies are allegedly former clients of the undersigned and continue to be clients of the undersigned's former law firm.  Rule 59 Mot. 5-6, 10-11, 20-21, 31.  Putting aside the lack of factual support for Plaintiff's vague allegations, Plaintiff's assertions do not require the undersigned to recuse as a matter of law.  See 28

U.S.C. § 455(b) (requiring a judge to recuse in various situations including "[w]here in private practice he served as lawyer in the <u>matter in controversy</u>, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter" (emphasis added)); <u>Jovee v. Snohomish Cnty.</u>, No. 21-1590-RSM-JRC, 2022 WL 566602, at *1 (W.D. Wash. Jan. 7, 2022) ("The fact that a party to litigation is, in other matters, a client of the judge's former law firm does not necessitate recusal." (quoting Judicial Conference's Compendium of Selected Opinions, Canon 3, Section 3.3-1, Compendium § 2.7(c)); <u>Griffith v. Metro. Atl. Rapid. Transit Auth. (Marta)</u>, 1:08-cv-1850-WSD-LTW, 2008 WL 11343403, at *2 (N.D. Ga. Nov. 19, 2008) (denying motion to recuse in a case in which the court's former law firm has an attorney client relationship with the defendant because the plaintiff did "not identif[y] any specific relationship between the Court and" the defendant). Thus, Plaintiff has not provided any reason for the undersigned to recuse.

Taken together, there is no legitimate reason to grant Plaintiff's Rule 59 Motion. Therefore, the motion is DENIED.

Plaintiff's second motion is made under Rule 60(b). The Rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;

4

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff's motion, however, merely rehashes the same arguments that she made in her Rule 59 Motion. For the same reasons above, Plaintiff's Rule 60(b) Motion is DENIED.

Finally, Plaintiff's third motion is brought under Rule 60(b)(1). In it, she aggrieves the Clerk's office's delay in docketing her first and second motions. Despite the delay, the Court ordered the motions to be docketed. Text Order (Nov. 20, 2023). Thus, the purported mistake has been rectified. Plaintiff's Rule 60(b)(1) Motion is DENIED as MOOT.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
District Judge
Date: February 1, 2024

5