UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.     Civil Action No. 1:23-cv-126-WES-PAS
U.S. Court of Appeals for the First Circuit Appeal No. 23-1967
Related Appeal No. 23-1978
Related Appeal No. 23-1851

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

### PLAINTIFF'S Fed. R. App. P. 4(a)(5) MOTION FOR EXTENSION OF TIME

Plaintiff, proceeding from and as a citizen of Texas, respectfully requests pursuant to Fed. R. App. P. 4(a)(5) for an extension of time of 30 days to April 1, 2024 allowing the Plaintiff adequate opportunity to consider the March 1, 2024 Order of the United States Court of Appeals for the First Circuit, including but not limited to filing a Notice of Appeal or amend Plaintiff's Notice of Appeal from the district court's post-judgment order in this matter. Plaintiff

reserves and preserves all applicable issues and her applicable appellate rights to be raised at the appropriate time in accordance with the laws of civil procedure governing this official federal proceeding. On the afternoon of March 1, 2024, Plaintiff received a court notice of the Order issued by the United States Court of Appeals for the First Circuit Appeal No. 23-1967. Plaintiff, proceeding from Texas and *pro se*, has not had an adequate opportunity to adequately review, consider or respond. Plaintiff files this herein motion for extension of time of 30 days allowing the Plaintiff adequate opportunity to do so.

Due to a pattern of Judge Smith's off-the-record issuances of instructions from **November 16, 2023 to November 17, 2023** to the district court's clerks directing clerks to **not** docket Plaintiff's post-judgment Rule 59 and Rule 60(b) motion submissions via email **emailed and received by the district court on November 16, 2023** and November 17, 2023, as well as due to Judge Smith's pattern of "construing" Plaintiff's aforesaid motion submission "emails as motions for leave to file" as the pretexts to **obstruct the docketing of said motions**, then to deny Plaintiff's emailed court submissions of timely post-judgment **November 16, 2023** Rule 59 motion and Rule 60(b) motions submitted prior to Plaintiff's filing of the November 17, 2023 Notice of Appeal in this matter, Plaintiff herewith in good faith additionally certifies service of this motion for extension of time pursuant to Fed. R. App. P. 4(a)(5) to the Clerk of the Court of the United States Court of Appeals for the First Circuit, in a good faith and diligent showing of compliance with the Order of that First Circuit Appellate Court. The obvious undisputable fact remains that in this digital age of digital courts such as this instant court, written "emails construed as motions for leave to file" are nonetheless written motions, and written motions are per the law of civil procedure required to be docketed into the record in a federal court of record in an official federal proceeding.

Furthermore, Plaintiff emphasizes that since Plaintiff has not had an adequate opportunity to review the First Circuit Court's Order in the compressed time of a mere few hours and it appearing from the Order that there is only a few hours to act on an impending deadline in these extraordinary circumstances, therefore Plaintiff is moving the district court for an extension of time to allow Plaintiff the opportunity to adequately review and consider the Order, including but not limited to consider whether to file a notice of appeal or amend her notice of appeal.

**WHEREFORE**, Plaintiff requests this district Court for an extension of time of 30 days to April 1, 2024 to allow the Plaintiff an adequate time and opportunity to review and consider the First Circuit's Order, including but not limited to filing a Notice of Appeal or amend the Notice of Appeal in this matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2024, I filed the within Motion with the Clerk of the Court via email at RID_ECF_INTAKE@rid.uscourts.gov and with the Clerk of the Court of the United States Court of Appeals for the First Circuit at CA01ECFHelpDesk@ca1.uscourts.gov

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: March 1, 2024