UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

MARY SEGUIN,
*pro se*

*Plaintiff,*

VS.   Civil Action No. 1:23-cv-126-WES-PAS
U.S. Court of Appeals for the First Circuit Appeal No. 23-1967
Related Appeal No. 23-1978
Related Appeal No. 23-1851

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as EXECUTIVE HEAD OF RHODE ISLAND STATE COURT SYSTEM; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK

*Defendants*

**PLAINTIFF'S Fed. R. App. P. 4(a)(5) MOTION FOR RECONSIDERATION OF PLAINTIFF'S Fed. R. App. 4(a)(5)(A) MOTION FOR EXTENSION OF TIME (FILED ON 03/01/2024)**

**And**

**PLAINTIFF'S Fed. R. App. P. 4(a)(5)(A)(ii) MOTION FOR EXTENSION OF TIME**

Plaintiff, proceeding from and as a citizen of Texas, respectfully requests pursuant to Fed. R. App. P. 4(a)(5) for reconsideration of the Court's March 7, 2024 DENIAL of PLAINTIFF'S Fed. R. App. P. 4(a)(5)(A)(i) filed with the Clerk of the District Court on March 1, 2024 (ECF 49) (**29** days after the February 1, 2024 district court order) for an extension of time of 30 days to April 1, 2024, pursuant to Fed. R. App. P. 4(a)(5)(C) allowing the Plaintiff the adequate opportunity to consider the March 1, 2024 Order of the United States Court of Appeals for the First Circuit in Appeal No. 23-1967 (*see* attached March 1, 2024 First Circuit Court Order in **Exhibit A**), including but not limited to filing a Notice of Appeal or amend Plaintiff's Notice of Appeal from the district court's post-judgment order in this matter. Plaintiff reserves and preserves all applicable issues and her applicable appellate rights to be raised at the appropriate time in accordance with the laws of civil procedure governing this official federal proceeding.

**PLAINTIFF, in compliance with the March 1, 2024 Appellate Court Order (*see* Order in Exhibit A), notified the United States Court of Appeals that Plaintiff intends to amend the Notice of Appeal, and filed in the district court under FRAP 4(a)(5) for an extension of time to file her amended Notice of Appeal, so as to have the adequate opportunity to review and consider the entirety of the Appellate Court's March 1, 2024 in order to prepare her amended Notice of Appeal.** Again, *also see*, **Exhibit A, the entirety of the Court of Appeal's March 1, 2024 Court Order.**

Paragraph one (1) of Plaintiff's March 1, 2024 FRAP 4(a)(5) Motion clearly states as good cause that "Plaintiff only received the Appellate Court March 1, 2024 Court Order on the afternoon of March 1, 2024, and has not had an adequate opportunity to adequately review, consider or respond" as the good cause basis for moving for an extension of time to amend the

Notice of Appeal under Fed. R. App. P. 4(a)(5)(A)(i) filed on March 1, 2024, which is 29 days after the entry of this district court's February 1, 2024.

Put simply, Plaintiff <u>was preparing</u> Plaintiff's amended Notice of Appeal, and the filing of which expires 30 days, which falls on March 2, 2024, a Saturday. It is indisputable that the issuance of the March 1, 2024 Court Order by the United States Court of Appeals (*see* Appellate Court Order in Exhibit A) has an affect on/affects Plaintiff's preparation of the amended Notice of Appeal Plaintiff intends to file. Therefore, Plaintiff filed with the clerk of the district court on March 1, 2024 a Fed. R. App. P. 4(a)(5) motion for extension of time to allow Plaintiff the adequate time to review and consider the Appellate Court Order (see Appellate Court Order in Exhibit A).

Therefore, the district court's March 7, 2024 DENIAL appears **not** to rely on the good cause basis of the issuance of the Appellate Court Order dated March 1, 2024, which is basis of the Plaintiff's Fed. R. App. P 4(a)(5) March 1, 2024 motion for extension of time pursuant to Fed. R. App. P 4(a)(5)(A)(i)  filed within 29 days of the February 1, 2024 district order.

Accordingly, Plaintiff hereby moves for the district court's reconsideration of Plaintiff's timely March 1, 2024 Fed. R. App. P 4(a)(5)(A)(i) Motion for Extension of Time showing good cause the United States Court of Appeals March 1, 2024 issuance of the Order (See Order Exhibit A) that necessitates the Plaintiff to review and consider as it affects Plaintiff's intent and Plaintiff's preparation of Plaintiff's amending the Notice of Appeal.

### Plaintiff's Fed. R. App. P 4(a)(5)(A)(ii) Motion for Extension of Time

Pursuant to Fed. R. App. P 4(a)(5)(A)(ii) and Fed. R. App. P 4(a)(5)(C) Plaintiff, in the alternative, hereby moves for an Extension of Time of 30 Days to April 2, 2024 to amend Plaintiff's Notice of Appeal.

Fed. R. App. P 4(a)(5)(A)(i) states, "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and"

Fed R. App. P 4(a)(5)(A)(ii) states, "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires. That party shows excusable neglect or good cause."

Fed. R. App. P 4(a)(5)(C) states, "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the after the date when the order granting the motion is entered, whichever is later."

Plaintiff's plain reading of the Fed. R. App. P 4(a)(5) Motion for Extension of Time in its relevant parts herein invoked requires the district court to review of motions brought before the Court pursuant to Fed. R. App. P 4(a)(5) under "good cause" when the Plaintiff shows good cause for extension to allow Plaintiff the requested 30 days to April 2, 2024 which is 30 days from the February 1, 2024 district court order.  Plaintiff shows good cause of the issuance by the United States Court of Appeals for the First Circuit of its Court Order on March 1, 2024, in Appeal No. 23-1967 (see Order in Exhibit A).  In compliance, Plaintiff notified the Court of Appeals Plaintiff's intent to amend the Notice of Appeal.  In compliance, Plaintiff moved the district court on March 1, 2024 for under Fed. R. App. P 4(a)(5) for an extension of time to file the amended notice – March 1, 2024 is within 29 days of the February 1, 2024 district court order pursuant to Fed. R. App. P 4(a)(5)(A)(i).  Pursuant to Fed. R. 4(a)(5)(A)(ii), motions for extension of time is accepted "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

Plaintiff's plain reading of Fed. R. App. P 4(a)(5)(A)(i) and Fed. R. App. P 4(a)(5)(A)(ii) makes clear that the appellate rule makes clear that the **good cause** standard is mandated, because the undisputable fact shows that Plaintiff filed her Fed. R. App. P 4(a)(5) Motion for Extension of Time on March 1, 2024, which is 29 days after the February 1, 2024 district court order.

Also as a matter of undisputed fact, Plaintiff, in compliance with the Appellate Court Order, notified the Court of Appeals for the First Circuit that Plaintiff intends to amend the Notice of Appeal.

## CONCLUSION

**WHEREFORE**, Plaintiff requests this district Court to GRANT an extension of time of 30 days to April 2, 2024 to amend the Notice of Appeal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2024, I filed the within Motion with the Clerk of the Court via email at RID_ECF_INTAKE@rid.uscourts.gov and with the Clerk of the Court of the United States Court of Appeals for the First Circuit through the Court's ECF, notice of which is electronically transmitted by the ECF.

Respectfully submitted,

Mary Seguin

Pro Se

/s/ *Mary Seguin*

Email: maryseguin22022@gmail.com
Phone: (281)744-2016
P.O. Box 22022
Houston, TX  77019

Dated: March 7, 2024

# Exhibit A

# United States Court of Appeals
## For the First Circuit

No. 23-1967

MARY SEGUIN,

Plaintiff - Appellant,

v.

RHODE ISLAND DEPARTMENT OF HUMAN SERVICES, in its official capacity; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES, in its official capacity; GERO MEYERSIEK, in his individual and official capacity; PRISCILLA GLUCKSMAN; JOHN A. LANGLOIS; PAUL GOULD; MICHAEL D. COLEMAN, in his individual and official capacity; DEBORAH A. BARCLAY, in her individual and official capacity; LISA PINSONNEAULT, in her individual and official capacity; CARL BEAUREGARD, in his individual and official capacity; KEVIN TIGHE; MONIQUE BONIN; FRANK DIBIASE; WENDY FOBERT; KARLA CABALLEROS; TIMOTHY FLYNN; RHODE ISLAND COURT SYSTEM; MARISA BROWN; PAUL A. SUTTELL, in his individual and official capacity as Executive Head of Rhode Island State Court System; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT; RHODE ISLAND JUDICIAL COUNCIL; RHODE ISLAND SUPERIOR COURT; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL; THE JUDICIAL TECHNOLOGY CENTER; JULIE HAMIL; JOHN JOSEPH BAXTER, JR.; JUSTIN CORREA; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT; ADAM D. ROACH; PETER F. NERONHA; TYLER TECHNOLOGIES, INC.,

Defendants - Appellees.

### ORDER OF COURT

Entered: March 1, 2024
Pursuant to 1st Cir. R. 27.0(d)

The briefing schedule entered on January 22, 2024 is hereby vacated as entered in error.

In 1:23-cv-00126-WES-PAS (D.R.I), Plaintiff-appellant Mary Seguin filed three post-judgment motions pursuant to Rule 59, Rule 60(b) and Rule 60(b)(1) (Docket Entries #34, #35 and #37) which, per Fed. R. App. P. 4(a)(4)(B)(i), tolled the effectiveness of her November 17, 2023 notice of appeal until the district court disposed of the post-judgment motions. On February 1, 2024, the district court entered an order denying the post judgment motions. (D.E. # 48)

  The appellant shall inform this court whether or not she intends to file a notice of appeal or amended notice of appeal from the district court's post-judgment order. <u>See</u> Fed. R. App. P. 4(a)(4)(B)(ii) (noting that if appellant seeks appeal an order disposing of a post-judgment motion or incorporate it into a prior appeal, they must file a notice of appeal or amended notice of appeal within the 30 day period after the order enters). <u>See also</u> Fed. R. App. P. 4(a)(5) (allowing the district court to grant an extension of time to file a notice of appeal if the party so moved no later than 30 days after the time prescribed by Rule 4(a) expires).

  A briefing schedule will enter in due course.

            By the Court:

            Maria R. Hamilton, Clerk

cc:
Mary Seguin
Marissa D. Pizana
Joanna M. Achille
Peter F. Neronha