UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **MARY SEGUIN**, *pro se*<br>*Plaintiff*<br><br>v.<br><br>RHODE ISLAND DEPARTMENT OF HUMAN SERVICES in its official capacity; MICHAEL D. COLEMAN, DEBORAH A. BARCLAY in their individual and official capacities; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES in its official capacity; KEVIN TIGHE, MONIQUE BONIN, FRANK DIBIASE, WENDY FOBERT, KARLA CABALLEROS, TIMOTHY FLYNN, LISA PINSONNEAULT, CARL BEAUREGARD, PRISCILLA GLUCKSMAN, JOHN LANGLOIS, PAUL GOULD, in their individual and official capacities; RHODE ISLAND STATE COURT SYSTEM in its official capacity; PAUL A. SUTTELL in his individual and official capacity as Executive Head of Rhode Island State Court System; RHODE ISLAND ADMINISTRATIVE OFFICE OF STATE COURTS in its official capacity; RHODE ISLAND ADMINISTRATIVE OFFICE OF THE SUPERIOR COURT in its official capacity; RHODE ISLAND JUDICIAL COUNCIL in its official capacity; RHODE ISLAND SUPERIOR COURT in its official capacity; RHODE ISLAND SUPERIOR COURT JUDICIAL COUNCIL in its official capacity; THE JUDICIAL TECHNOLOGY CENTER in its official capacity; JULIE HAMIL, MARISA BROWN, JOHN JOSEPH BAXTER, JR., JUSTIN CORREA in their individual and official capacities; | C.A. No. 23-cv-126-WES-PAS |

1

| | |
|---|---|
| **RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL in its official capacity; RHODE ISLAND OFFICE OF THE ATTORNEY GENERAL OPEN GOVERNMENT UNIT in its official capacity; ADAM D. ROACH, PETER NERONHA in their official and individual capacities; TYLER TECHNOLOGIES, INC.; GERO MEYERSIEK** *Defendants* | : : : : : : : : : : : : |

## STATE DEFENDANTS' OBJECTION TO PLAINTIFF'S AMEDNED RULE 62.1 MOTION

Defendants, The Rhode Island Department of Human Services (hereinafter "DHS") and The Rhode Island Office of Child Support Services (hereinafter "OCSS") (hereinafter collectively, "State Defendants"), in response to Plaintiff's Motion for a Rule 62.1, which was filed on September 6, 2024 — almost a year after Judgment was entered and three separate appeals were opened regarding this matter. State Defendants object to Plaintiff's Amended Motion, ECF 64.

Plaintiff improperly seeks relief from the Court's judgment under Rule 62.1. In her most recent motion to introduce allegedly newly discovered evidence, re-open the matter albeit the ongoing appeal to amend the Complaint, and disqualify the Honorable Judge William E. Smith. Plaintiff's Rule 62.1 Motion is seeking an apparent deference on various motions such as a Rule 60(b)(2) Motion Based on New Evidence; Rule 60(b)(4) Motion to Vacate Void Post Appeal Orders; Rule 60(b)(6) Motion to Vacate based on 28 U.S.C. § 655(a) Disqualification of William E. Smith for *Functus Officio* Pattern of *Mispricio Clericio* Obstruction Involving the Alteration and Falsification of the Record on Appeal Corruptly Influencing a Pending Official Appellate Proceeding,

Necessitating Disqualification and Re-Assign; and Rule 15(a)(2) Motion.

 Rule 62.1(a) of the Federal Rules of Civil Procedure states:

(a) If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

 (1) defer considering the motion;

 (2) deny the motion; or

 (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Rule 62.1 applies to motions, such as a Rule 60(b) motion, filed with the district court that the court cannot grant because of a pending appeal. *Universal Truck & Equip. Co. v. Caterpillar, Inc.*, No. CA 10-466 S, 2015 WL 6671909 at *1 (D.R.I. Oct. 30, 2015). However, the Court may deny the motion due to appeal. *See Trivedi v. Gen. Elec.* Co., No. 1:22-CV-11746-LEW, 2023 WL 3679033 (D. Mass. Mar. 29, 2023) (denying plaintiff's motion to vacate its prior order of dismissal and reinstitute her case on the docket due to plaintiff's failure to articulate any valid basis for reopening the case).

 In short, Plaintiff fails to articulate any valid basis for reopening the case under Rule 60(b) and amending the Complaint at such a late stage in the proceeding per Rule 15. Furthermore, Plaintiff requests the disqualification of the Honorable Judge Smith. Plaintiff does not provide a legitimate basis for Judge Smith to recuse or be disqualified from the current case. *See Silva v. Rhode Island*, No. 19-568-JJM-PAS, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021) ("Dissatisfaction with a judicial decision is not a basis for recusal.").

Accordingly, State Defendants respectfully ask this Court to deny Plaintiff's 62.1 Motion for the reasons stated herein, or in the alternative, defer Plaintiff's Motion until Plaintiff's appeal is resolved.

Respectfully Submitted,

**RHODE ISLAND DEPARTMENT OF HUMAN SERVICES; RHODE ISLAND OFFICE OF CHILD SUPPORT SERVICES**,

By:

**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Marissa D. Pizaña*
Marissa D. Pizaña (#10468)
Special Assistant Attorney General
Office of the Attorney General
150 South Main Street
Providence, RI  02903
Tel (401) 274-4400 ext. 2055
Fax (401) 222-2995
mpizana@riag.ri.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2024, I filed the within document via the ECF filing system and that a copy is available for viewing and downloading.

*/s/ Marissa D. Pizaña*

4